DAVID A. STEINBERG (SBN 130593)
  das@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (*pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
  jmm@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants*
*Austin Richard Post p/k/a Post Malone*
*Adam King Feeney p/k/a Frank Dukes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES, | Case No. 2:20-cv-03212-ODW-PJW |
| Plaintiff, | Hon. Otis D. Wright II |
| v. | **ANSWER TO FIRST AMENDED COMPLAINT** |
| AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive, | |
| Defendants. | |

Defendants Austin Richard Post p/k/a Post Malone ("Post Malone") and Adam King Feeney p/k/a Frank Dukes ("Dukes") (together, "Defendants"), by their undersigned counsel, Mitchell Silberberg & Knupp, LLP, hereby answer Plaintiff Tyler Armes' ("Armes") First Amended Complaint, dated May 13, 2020 (Dkt. No. 24) ("Amended Complaint"), as follows:

1. State that Paragraph 1 contains legal contentions, characterizations, and/or conclusions to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 1, except that Defendants: (a) admit that this case arises from Armes' false claims that he co-wrote the musical composition entitled *Circles*;[1] (b) admit that the Circles Recording was commercially released on or about August 30, 2019; and (c) admit that the Circles Recording achieved certain success; and (d) respectfully refer the Court to the *Billboard* Hot 100 charts cited in Paragraph 1 for a full and accurate statement of their contents and deny all allegations in Paragraph 1 inconsistent therewith.

2. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 2 and therefore deny same.

3. Deny the allegations in Paragraph 3, except that Defendants: (a) admit that, on or about August 8, 2018, Post Malone and Dukes composed and recorded certain music that later became part of the Circles Composition at a recording studio in Toronto, Canada (the "August 8, 2018 Session"); and (b) admit that Armes attended the August 8, 2018 Session.

---

[1] Armes' Amended Complaint does not distinguish between the musical composition entitled *Circles* (the "Circles Composition") and the sound recording capturing Post Malone's performance of same (the "Circles Recording"). Although the Circles Composition and the Circles Recording are separate works with their own distinct copyrights, in the Amended Complaint, Armes confusingly uses a single term—"Song"—to refer to both of them and improperly commingles them in one set of claims. The Circles Recording is no longer at issue in this case; the Court granted Defendants' Motion to Dismiss the Amended Complaint as to the Circles Recording and Armes did not attempt to replead. Accordingly, in answering the Amended Complaint, Defendants interpret the word "Song" and all references to *Circles* as meaning the Circles Composition. Except as explicitly stated herein, this Answer does not contain (and should not be construed as containing) any statements regarding the Circles Recording.

4. Deny the allegations in Paragraph 4, except that Defendants admit that Armes has neither been credited as a co-writer of the Circles Composition nor paid a share of the monies derived therefrom because Armes is not entitled to same.

5. State that Paragraph 5 contains conclusions of law to which no response is required.

6. State that Paragraph 6 contains conclusions of law to which no response is required. To the extent any response is required, Defendants deny any factual allegations in Paragraph 6.

7. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 7 and therefore deny same.

8. State that Paragraph 8 contains conclusions of law to which no response is given, and that the phrase "all relevant times" is vague and ambiguous, therefore making any further response to Paragraph 8 impossible. On that basis, to the extent any further response is required to the allegations in Paragraph 8, they are denied.

9. State that Paragraph 9 contains conclusions of law to which no response is given, and that the phrase "all relevant times" is vague and ambiguous, therefore making any further response to Paragraph 9 impossible. On that basis, to the extent any further response is required to the allegations in Paragraph 9, they are denied..

10. State that Paragraph 10 is inapplicable and does not require a response because, pursuant to the Court's Order dated November 6, 2020 (Dkt. No. 34), the claims asserted by Armes in this action against Universal Music Group, Inc. have been dismissed.

11. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 11 and therefore deny same.

12. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 12 and therefore deny same.

13. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 13 and therefore deny same.

14. Deny the allegations in Paragraph 14.

15. Deny the allegations in Paragraph 15.

16. Deny the allegations in Paragraph 16.

17. Deny the allegations in Paragraph 17.

18. Deny the allegations in Paragraph 18.

19. Deny the allegations in Paragraph 19.

20. Deny the allegations in Paragraph 20, except that Defendants: (a) admit that Post Malone is an internationally acclaimed songwriter, recording artist, and performer; and (b) state that the third sentence in Paragraph 20 refers to a December 5, 2019 article, the content of which speaks for itself, and deny all allegations inconsistent therewith.

21. Admit the allegations in the first sentence of Paragraph 21. With respect to the second sentence of Paragraph 21, Defendants admit that the Circles Recording was commercially released on or about August 30, 2019, and deny the remaining allegations, including insofar as Universal Music Group, Inc. is no longer a "Defendant" in this action. With respect to the third and fourth sentences in Paragraph 21, Defendants: (a) admit that the Circles Recording achieved success,; and (b) respectfully refer the Court to the *Billboard* Hot 100 charts and *Billboard* articles cited in Paragraph 21 for a full and accurate statement of their respective contents and deny all allegations in Paragraph 21 inconsistent therewith.

22. Lack knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 22 and therefore deny same, except aver that Paragraph 22 purports to quote from a text message that Armes claims to have sent; the content of that alleged text message speaks for itself, and to the extent that the allegations in Paragraph 22 are inconsistent with that alleged text message, they are denied..

23. Deny the allegations in Paragraph 23, except aver that Paragraph 23 purports to quote from a message that Armes claims to have received; the content of that alleged message speaks for itself, and to the extent that the allegations in Paragraph 23 are inconsistent with that alleged message, they are denied.

24. Deny the allegations in Paragraph 24, except that Defendants: (a) admit that Post Malone, Dukes, and non-party songwriters Billy Walsh, Louis Bell, and Kaan Gunesberk (collectively, the "Non-Party Songwriters") are credited co-writers of the Circles Composition; and (b) admit that the Non-Party Songwriters did not attend the August 8, 2018 Session.

25. Deny the allegations in Paragraph 25..

26. State that the copyright registration cited in Paragraph 26 (and attached as Exhibit A to the Amended Complaint) speaks for itself and respectfully refer the Court to such copyright registration for a full and accurate statement of its contents and deny all allegations in Paragraph 26 inconsistent therewith.

27. Deny the allegations in Paragraph 27.

28. Deny the allegations in Paragraph 28.

29. Defendants repeat and incorporate their responses to the allegations contained in Paragraph 1-28 of the Amended Complaint as is fully set forth herein.

30. Deny the allegations in Paragraph 30, except that Defendants admit that, as a result of Armes' false claims that he is a joint author and copyright owner of the Circles Composition, an actual and justiciable controversy has arisen and now exists between Defendants and Armes regarding whether Armes is a joint author and concomitant copyright co-owner of the Circles Composition.

31. Deny the allegations in Paragraph 31, except that Defendants admit that Armes falsely claims that he co-wrote the Circles Composition.

32. Deny the allegations in Paragraph 32.

33. Deny the allegations in Paragraph 33.

34. Deny the allegations in Paragraph 34, except that Defendants admit that, as a result of Armes' false claims that he is a joint author and copyright owner of the Circles Composition, an actual and justiciable controversy has arisen and now exists between Defendants and Armes regarding whether Armes is a joint author and concomitant copyright co-owner of the Circles Composition.[2]

35. Defendants repeat and incorporate their responses to the allegations contained in Paragraph 1-24 of the Amended Complaint as is fully set forth herein.

36. Deny the allegations in Paragraph 36.

37. Deny the allegations in Paragraph 37.

38. Deny the allegations in Paragraph 38.

39. Deny the allegations in Paragraph 39.

40. Defendants repeat and incorporate their responses to the allegations contained in Paragraph 1-39 of the Amended Complaint as is fully set forth herein.

41. Deny the allegations in Paragraph 41.

42. Deny the allegations in Paragraph 42.

43. Deny the allegations in Paragraph 43.

44. Deny the allegations in Paragraph 44.

## ANSWER TO PRAYER FOR RELIEF

The prayer for relief set forth in the Amended Complaint requires no response as there are no facts alleged therein. To the extent any response is required, Defendants deny the allegations in the prayer for relief.

## AFFIRMATIVE DEFENSES

Defendants make the following allegations as affirmative defenses against the Amended Complaint asserted against it without admitting that they bear the burden of persuasion or presentation of evidence on each or any of these matters, and

---

[2] Defendant Post Malone has requested a judicial declaration that, *inter alia*, Armes is not an "author" of and has no valid copyright in the Circles Composition in a related action pending before the Central District of California, *Post v. Armes*, Case No. 2:20-cv-10205-CAS-SK.

without waiving the right to assert and rely upon additional affirmative defenses that become available or appear during the course of this action.

## FIRST AFFIRMATIVE DEFENSE
### (Failure to State a Claim)

Armes' Amended Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because it fails to state any claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE
### (Laches)

Armes' Amended Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE
### (Waiver, Estoppel, Acquiescence)

Armes' Amended Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrines of waiver, estoppel, and/or acquiescence.

## FOURTH AFFIRMATIVE DEFENSE
### (Unclean Hands)

Armes' Amended Complaint, and each claim for relief alleged therein, is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE
### (Invalid Copyright Registration)

Armes' Amended Complaint, and each claim for relief alleged therein, is barred, in whole or in part, because they are predicated on a fraudulently-obtained and invalid copyright registration.

## SIXTH AFFIRMATIVE DEFENSE
### (License)

Armes' Amended Complaint, and each claim for relief alleged therein, by license or the doctrine of implied license because Armes impliedly or explicitly,

directly or indirectly, licensed, authorized, consented to, or acquiesced to the acts complained of in the Amended Complaint.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants reserve the right to amend their answer to assert or preserve affirmative defenses that may become available or apparent during the course of this action.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury in this action.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor and against Armes, as follows:

1. Dismissing the Amended Complaint in its entirety with prejudice; and
2. Granting all such other and further relief as the Court may deem just and proper.

Dated: December 10, 2020                MITCHELL SILBERBERG & KNUPP LLP

By: _____
David A. Steinberg (SBN 130593)
Attorneys for Defendants