1  DAVID A. STEINBERG (SBN 130593)
       das@msk.com
2  GABRIELLA N. ISMAJ (SBN 301594)
       gan@msk.com
3  MITCHELL SILBERBERG & KNUPP LLP
   2049 Century Park East, 18th Floor
4  Los Angeles, CA  90067-3120
   Telephone: (310) 312-2000
5  Facsimile: (310) 312-3100

6  CHRISTINE LEPERA (*pro hac vice*)
       ctl@msk.com
7  JEFFREY M. MOVIT (*pro hac vice*)
       jmm@msk.com
8  437 Madison Avenue, 25th Floor
   New York, New York 10022
9  Telephone: (212) 509-3900
   Facsimile: (212) 509-7239

10

11 *Attorneys for Defendants*
   *Austin Richard Post p/k/a Post Malone*
   *Adam King Feeney p/k/a Frank Dukes*

12

13              UNITED STATES DISTRICT COURT

14              CENTRAL DISTRICT OF CALIFORNIA

15                     WESTERN DIVISION

16 TYLER ARMES,                      | Case No. 2:20-cv-03212 ODW (SKx)
                                     | *Consolidated with 2:20-cv-10205*
17              Plaintiff            |
                                     | Hon. Otis D. Wright II
18         v.                        |
                                     | **DEFENDANTS' RESPONSE AND**
19 AUSTIN RICHARD POST, publicly     | **EVIDENTIARY OBJECTIONS TO**
   known as POST MALONE, an          | **PLAINTIFF'S SEPARATE**
20 individual; ADAM KING FEENEY      | **STATEMENT OF GENUINE**
   publicly known as FRANK DUKES, an | **DISPUTES OF MATERIAL FACT**
21 individual; UNIVERSAL MUSIC       |
   GROUP, INC., a Delaware corporation; | Date:  April 4, 2022
22 DOES 1 through 10, inclusive,     | Time:  1:30 p.m.
                                     | Ctrm:  5D (First Street
23              Defendants           |        Courthouse)
                                     |
24 ─────────────────────────────     | Filed:  April 7, 2020
                                     | Trial:  May 17, 2022
25

26

27

28

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE
STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

Defendants Austin Richard Post, professionally known as Post Malone ("Post") and Adam King Feeney, professionally known as Frank Dukes ("Dukes") (together, "Defendants") respectfully submit the following Response and Evidentiary Objections to Plaintiff Tyler Armes's ("Plaintiff" or "Armes") Separate Statement of Genuine Disputes of Material Fact (ECF No. 84-1).[1]

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
|---|---|
| 54. Armes has worked as [*sic*] professional songwriter, musician and producer for over 20 years.<br><br>• Armes Decl., ¶ 2. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 55. In 1998, Armes formed a band called Down With Webster.<br><br>• *Id.*; Hart Decl., Ex. 1 – Armes Depo., 22:20-23:1. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 56. Armes was the bandleader, songwriter and producer for Down With Webster.<br><br>• Armes Decl., ¶ 2; Hart Decl., Ex. 1 – Armes Depo., 23:17-23; 35:7-14; 35:20-36:4. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 57. Under Armes's leadership, Down With Webster sold multiple platinum albums and over 1,000,000 singles.<br><br>• Armes Decl., ¶ 2. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 58. Down With Webster was also nominated for multiple awards.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |

Mitchell Silberberg & Knupp LLP

14076689.1

---

[1] Defined terms have the same meaning as in Defendants' opening papers.

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 59. Armes personally wrote and produced five (5) of Down With Webster's top five (5) Canadian singles.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 60. In 2016, Armes formed a new band called Honors.<br><br>• Armes Decl., ¶ 3; Hart Decl., Ex. 1 – Armes Depo., 26:7-13. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 61. Armes was also the bandleader, songwriter and producer for Honors.<br><br>• Armes Decl., ¶ 3. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 62. Honors' song "Over" was the Number 1 Global Viral Track on Spotify in January 2017.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 63. Honors' song "Over" charted on U.S. Alternative Radio charts.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 64. Armes also has a music publishing deal with Warner Chappel Music.<br><br>• Armes Decl., ¶ 4. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 65. Music composed by Armes has appeared in campaigns for Panasonic, Major League Baseball, TBS, Fox and *The Voice* on NBC.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 66. Armes has co-written music with some of the top writers and producers in the music industry, including Murda Beatz, Bonnie McKee, Jeff Gitty, Justin Tranter, Jesse Saint John and Timbaland.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 67. Armes co-wrote and produced a song for Lil Baby's Number 1 charting album, *My Turn*, which was released on February 28, 2020, and is a 4x Platinum selling Album.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 68. During his entire adult life, the only occupation Armes has held is as a musician, songwriter and/or producer in the music industry.<br><br>• Armes Decl., ¶ 2; Hart Decl., Ex. 1 – Armes Depo., 27:9-13. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 69. Dre London ("London") is a talent manager in the music industry bast [*sic*] known for managing Post.<br><br>• Armes Decl., ¶ 5. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 70. In approximately 2017, expressed an interest in managing both Armes personally and his band Honors.<br><br>• *Id.*; Hart Decl., Ex. 1 – Armes Depo., 151:4 – 152:8. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 71. On a number of occasions, London suggested that Armes should write a song with Post.<br><br>• Armes Decl., ¶ 5. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). London is not a co-author of the Circles Composition. His |

4

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | subjective intentions are irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231, 1234 (9th Cir. 2000).<br><br>• False and unsupported by the evidence in the record. At his deposition, Armes testified that prior to the night of the August 8 Session, London only had suggested that Armes's band "potentially be[] on tour with Post" and/or "be[] Post's opening band." Armes Depo., pp. 151:4-152:8; 154:4-7; 155:1-16. |
| 72. London invited Armes to attend a private party on August 6, 2018, at which Post was performing for a marijuana company in Canada.<br><br>• Armes Decl., ¶ 6. | Undisputed solely for the purposes of this motion, but irrelevant. |

Mitchell Silberberg & Knupp LLP

14076689.1

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
|---|---|
| 73. Following Post's performance on August 6, 2018, London invited Armes to accompany him and Post to a performance by a band called Black Label Society on August 7, 2018, at a nightclub in Toronto, Canada.<br><br>• Armes Decl., ¶ 6; Hart Decl., Ex. 1 – Armes Depo., 156:6-157:22. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 74. After the performance by Black Label Society on August 7, 2018, Armes was invited into the green room backstage with Post and London to meet the band.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 75. While the parties were in the green room backstage following the performance by Black Label Society, London invited Armes to return to a music studio with him and Post immediately afterwards to write music with Post and Dukes, and Armes agreed.<br><br>• Armes Decl., ¶ 7; Hart Decl., Ex. 1 – Armes Depo., 156:6-157:22. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). London is not a co-author of the Circles Composition. His subjective intentions are irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. |

Mitchell Silberberg & Knupp LLP

14076689.1

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | • Inadmissible Legal Conclusion (FRE 701). Armes's reference to "write music" is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• False and unsupported by the evidence in the record. Armes did not testify that London invited Armes to "write music" with Post and Dukes. Armes testified only that London stated that he "want[ed] to finally get [Armes] hooked up with [Dukes]." Armes Depo., pp. 157:18-22. In addition, Armes admitted at his sworn deposition in this action that no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition. *Id.*, pp. 167:13-167:23; 169:23-170:4. |
| 76.   London informed Post that Armes was an "awesome musician" and that he was returning to the studio with Armes and Dukes to write music.<br><br>• Armes Decl., ¶ 7; Hart Decl., Ex. 1 – Armes Depo., 164:2-165:4. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). London is not a co-author of the Circles Composition. His subjective intentions and/or his opinion regarding Armes's musical skills are irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. |
| | • Inadmissible Legal Conclusion (FRE 701). Armes's reference to "write music" is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act. |
| | • False and unsupported by the evidence in the record. Armes did not testify that London informed Post that Armes was returning to the studio to write with Armes and Dukes. Armes Depo., pp. 163:17-165:11. In addition, Armes admitted at his sworn deposition in this action that no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition. *Id.*, pp. 167:13-167:23; 169:23-170:4. |
| 77.   In response to London telling Post that Armes was an "awesome musician," and that he was going to write music with Post and Dukes, Post responded, "Awesome, man, let's write a tune, awesome, fuck yeah," and similar words to that effect.<br><br>   • *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). London is not a co-author of the Circles Composition. His subjective intentions and/or his opinion regarding Armes's musical skills are irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co- |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. Post's alleged statement "let's write a tune" is also irrelevant. It does not establish what actually occurred in the studio thereafter or that the parties actually co-wrote the Circles Composition on August 8, 2018.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's reference to "write music" is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• False and unsupported by the evidence in the record. Armes did not testify that London informed Post that Armes was going to write music with Armes and Dukes. Armes Depo., pp. 163:17-165:11. In addition, Armes admitted at his sworn deposition in this action that no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition. *Id.*, pp. 167:13-167:23; 169:23-170:4. |
| 78. Prior to August 8, 2018, Armes had never met Dukes.<br><br>• Armes Decl., ¶ 8. | Undisputed solely for the purposes of this motion, but irrelevant. |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 79.  Prior to August 8, 2018, although Armes was acquainted with Post, they were not friends and did not know one another well.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant. |
| 80.  When Armes arrived at the studio with Post, Dukes and members of Post's entourage on August 8, 2018, they went into a "live room" at the studio where Armes, Post and Dukes started jamming and playing music together.<br><br>• Armes Decl., ¶ 10. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 81.  When Armes, Post and Dukes got down to the business of songwriting, the other members of Post's entourage excused themselves from the "live room," leaving Armes, Post and Dukes alone for the next several hours.<br><br>• *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). The fact that Armes, Post and Dukes were alone for several hours is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234.<br><br>• Inadmissible Legal Conclusion (FRE 701).  Armes's reference to "songwriting" is an inadmissible legal conclusion as to the ultimate |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act. |
| | • False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 82.   Prior to August 8, 2018, none of the "Circles" composition had been written.<br><br>• Armes Decl., ¶ 13. | Undisputed solely for the purposes of this motion, but irrelevant. |

Mitchell Silberberg & Knupp LLP

14076689.1

11

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 83.   At the end of the songwriting session on August 8, 2018, Armes made a recording on his phone capturing the playback of a recording made of the "Circles" composition co-written by Armes, Post and Dukes on August 8, 2018, which reflects the combined creative contributions of Armes, Post and Dukes.<br><br>   • Armes Decl., ¶ 11, Ex. 1. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes's self-serving uncorroborated statements that he "co-wrote" and/or "contributed" to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (no "genuine issue" of fact if only evidence presented is the "uncorroborated and self-serving" testimony of the opposing party).<br><br>• Inadmissible Legal Conclusion (FRE 701).  Armes's references to "songwriting" and "co-written" are inadmissible legal conclusions as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative |

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |
| 84. The composition of "Circles" began with Post playing the drums, and Armes playing the bass guitar to create the underlying drumbeat/groove in the song.<br><br> • Armes Decl., ¶ 13; Hart Decl., Ex. 1 – Armes Depo., 73:23-25; 77:7-11. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br> • Irrelevant (FRE 401-402). Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br> • False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); and (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; |

Mitchell Silberberg & Knupp LLP

14076689.1

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1). |
| 85.  Post was originally playing a faster tempo which Armes believed was too rushed.<br><br>• Armes Decl., ¶ 13. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 86.  At Armes's direction, the tempo of the song was slowed down.<br><br>• *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Tempo is not protectable and thus, this purported contribution is irrelevant to Armes's joint authorship claim. *See, e.g., Tisi v. Patrick*, 97 F. Supp. 2d 539, 548 (S.D.N.Y. 2000) (describing tempo as "non-protectible musical element[]"). In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he "direct[ed]" Post and/or contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; |

14

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); (iii) Dukes solely controlled the laptop that recorded those musical performances (*id.*, pp. 71:14-72:5); and (iv) Armes never touched Dukes' laptop; in Armes's words, "Frank was controlling the laptop. It was his laptop, his session." (*id.*, pp. 71:14-72:5). |
| 87.   Armes and Dukes co-wrote the bassline and chord progression, with Armes and Dukes alternatively working on both a bass guitar and keyboard to compose the basline [*sic*] and chord progression in "Circles".<br><br>• Armes Decl., ¶ 13; Hart Decl., Ex. 1 – Armes Depo., 50:4-21; 53:1-22; 56:17-57:11; 59:2-12; 63:8-17; 63:25-64:4; 97:19-24; 98:2-18; 99:3-9; 104:1-8. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music." Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21. Armes admitted the bass guitar line to which he allegedly contributed is the exact same commonplace sequence as the Chord Progression. *Id.*, pp. 98:2-18; 99:3-17; 103:19-104:8. These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate |

15

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | issue in this case, *i.e.* whether Armes is a joint author under Copyright Act. |
| | • False and unsupported by the evidence in the record. Armes testified at his sworn deposition in this action that he "sang," rather than played, his alleged contribution to the chord progression for the Circles Composition. Armes Depo., pp. 105:9-11. In addition, Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 88.  Armes's contribution to the bassline included the composition and arrangement of a 1-4-5 chord progression using the notes C, F to G on the bass guitar. <br><br> • *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s): <br><br> • Irrelevant (FRE 401-402). Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | common chord progressions in the history of music."  Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21.  Armes admitted the bass guitar line to which he allegedly contributed is the exact same commonplace sequence as the Chord Progression.  *Id.*, pp. 98:2-18; 99:3-17; 103:19-104:8.  These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061. |
| | • False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); and (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1). |

Mitchell Silberberg & Knupp LLP

14076689.1

17

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 89. Armes's contribution to the bassline can first be heard beginning at the 5 second mark of the voice recording made to Armes's phone on August 8, 2018, and it repeats throughout the song.<br><br>• Armes Decl., ¶ 13, Ex. 1. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music." Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21. Armes admitted the bass guitar line to which he allegedly contributed is the exact same commonplace sequence as the Chord Progression. *Id.*, pp. 98:2-18; 99:3-17; 103:19-104:8. These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23- |

Mitchell Silberberg & Knupp LLP

14076689.1

18

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | 137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); and (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1). For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |
| 90. Armes's contribution to the bassline of the "Circles" composition can be at the 16 second mark of the commercially released version of "Circles", and it repeats throughout the song.<br><br>• Armes Decl., ¶ 13, Ex. 2. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music." Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21. Armes admitted the bass guitar line to which he allegedly contributed is the exact same commonplace sequence as the Chord Progression. *Id.*, pp. 98:2-18; 99:3-17; 103:19-104:8. These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles |

19

Mitchell
Silberberg &
Knupp LLP

14076689.1

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
|---|---|
| | Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6). |
| 91.   The bassline reflected in the voice recording made by Armes on August 8, 2018, is identical to the bassline in the commercially released version of "Circles." <br><br> • Armes Decl., ¶¶ 11-13, Exs. 1-2; Finell Decl., ¶¶ 6-8, Exs. 4-5 and 6 at pp. 10-11, ¶¶ 24-29. | Fails to raise a genuine, triable issue of material fact for the following reason(s): <br><br> • Irrelevant (FRE 401-402).  Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music."  Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21.  Armes admitted the bass guitar line to which he allegedly contributed is the exact same commonplace sequence as the Chord Progression.  *Id.*, pp. 98:2-18; 99:3-17; 103:19-104:8.  These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | • False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id*., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id*., pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id*., pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6). For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |
| 92.   There are two (2) guitar parts in the "Circles" composition, and Armes co-wrote both parts.<br><br>• Armes Decl., ¶ 14; Hart Decl., Ex. 1 – Armes Depo., 108:14-109:17; 114:2-5; 114:22-116:15; 118:19-24. | Undisputed that there are two (2) guitar parts in the Circles Composition. Armes's suggestion that he "co-wrote both parts" fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | an "extremely" common chord progression, and "one of the most common chord progressions in the history of music."  Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21.  Armes admitted the bass guitar line to which he allegedly contributed is the exact same commonplace sequence as the Chord Progression. *Id.*, pp. 98:2-18; 99:3-17; 103:19-104:8.  With respect to the guitar melody, Armes does not have any affirmative evidence that his alleged contribution is original.  These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061. |
| | • Inadmissible Legal Conclusion (FRE 701).  Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act. |
| | • False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., |

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 93. The first guitar part is the guitar melody that is played by the lead guitar in the introduction of "Circles", and which repeats throughout the song.<br><br>• Armes Decl., ¶ 14. | Undisputed solely for purposes of this motion, but irrelevant. To the extent that Paragraph 93 purports to rely upon Paragraph 92, it fails to raise a genuine, triable issue of material fact for the same reasons identified in response to Paragraph 92. |
| 94. Armes and Post co-wrote the guitar melody with Post on the guitar, and Armes sitting next to him verbally singing the melody and directing Post as to exactly which notes to play.<br><br>• Armes Decl., ¶ 14; Hart Decl., Ex. 1 – Armes Depo., 108:14-109:17; 114:2-5; 114:22-116:15; 118:19-24. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes does not have any affirmative evidence that his alleged contribution to the guitar melody is original. Such commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | Armes is a joint author of the Circles Composition under Copyright Act. |
| | • False and unsupported by the evidence in the record. Armes's suggestion that he "direct[ed] Post" during the August 8 Session and/or contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4); (iv) Dukes solely controlled the laptop that recorded those musical performances (*id.*, pp. 71:14-72:5); and (v) Armes never touched Dukes' laptop; in Armes's words, "Frank was controlling the laptop. It was his laptop, his session." (*id.*, pp. 71:14-72:5). |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 95. The turnaround phrasing that conclude the guitar melody which appears in both the voice memo recording made by Armes on August 8, 2018, and the commercially released version of "Circles" was a direct result of Armes's creative contributions to the authorship of the guitar melody.<br><br>• *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Armes does not have any affirmative evidence that his alleged contribution to the guitar melody is original.  Such commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701).  Armes's suggestion that he "authored" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); (iv) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6); and (v) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 96.  The guitar melody co-written by Armes first appears at the 1.5 second mark in the voice recording, appears in its entirety at the 37 second mark in the voice recording, and repeats throughout the song.<br><br>• Armes Decl., ¶ 14, Ex. 1. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes does not have any affirmative evidence that his alleged contribution to the guitar melody is original. Such commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to |

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4).  For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well  as well (FRE 401-402). |
| 97.   The guitar melody co-written by Armes first appears at the 2 second mark of the commercially released version of "Circles" and repeats with Post's voice mirroring the guitar melody starting at the 18 second mark, and repeats in every chorus thereafter.<br><br>• Armes Decl., ¶ 14, Ex. 2. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Armes does not have any affirmative evidence that his alleged contribution to the guitar melody is original.  Such commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); (iii) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6); and (iv) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 98.  The guitar melody reflected in the voice recording made by Armes on August 8, 2018, is identical to the guitar melody in the commercially released version of "Circles".<br><br>• Armes Decl., ¶¶ 11-12, 14, Exs. 1-2; Finell Decl., ¶¶ 6-8, Exs. 4-5 and 6 at pp. 12-14, ¶¶ 30-34. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes does not have any affirmative evidence that his alleged contribution to the guitar melody is original. Such commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) there is no performance of Armes |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
| --- | --- |
| | in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6). For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |
| 99.   Armes also co-wrote the guitar chords, including the parts in the song where the F major chord changes to an F minor chord.<br><br>• Armes Decl., ¶ 14; Hart Decl., Ex. 1 – Armes Depo., 108:14-109:17; 114:2-5; 114:22-116:15; 118:19-24. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music."  Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21.  These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701).  Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware |

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 100.   The guitar chords co-written by Armes first appear starting at the 20 second mark of the voice recording made by Armes on August 8, 2018.<br><br>• Armes Decl., ¶ 14, Ex. 1. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music." Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21. These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's suggestion that he "co-wrote" the Circles |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 101. The guitar chords co-written by Armes first appear starting at the 0 second mark of the commercially released version of "Circles".<br><br>• Armes Decl., ¶ 14, Ex. 2. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music."  Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21.  These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701).  Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); (iii) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6); and (iv) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 102.  The guitar chords reflected in the voice recording made by Armes on August 8, 2018, are identical to the guitar chords in the commercially released version of "Circles."<br><br>• Armes Decl., ¶¶ 11-12, 14, Exs. 1-2; Finell Decl., ¶¶ 6-8, Exs. 4-5 and 6 at pp. 12-14, ¶¶ 30-34. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Armes admitted at his sworn deposition that the Chord Progression to which he allegedly contributed is an "extremely" common chord progression, and "one of the most common chord progressions in the history of music."  Armes Depo., pp. 54:23-57:11; 60:5-14; 110:22-111:6; 121:18-21.  These commonplace elements are unprotectable and thus cannot form the basis for Armes's joint authorship claim.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at |

Mitchell
Silberberg &
Knupp LLP
14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6). For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |
| 103.   The "Circles" composition co-written by Armes, Post and Dukes on August 8, 2018 was recorded to a laptop at the studio.<br><br>   • Armes Decl., ¶ 16. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>   • Irrelevant (FRE 401-402). Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>   • Inadmissible Legal Conclusion (FRE 701). Armes's suggestion that he "co-wrote" the Circles Composition is an inadmissible legal conclusion as to the ultimate |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | issue in this case, *i.e.* whether Armes is a joint author under the Copyright Act.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) Dukes solely controlled the laptop that recorded those musical performances (Armes Depo., pp. 71:14-72:5); (ii) Armes never touched Dukes' laptop; in Armes's words, "Frank was controlling the laptop. It was his laptop, his session." (*id.*, pp. 71:14-72:5); (iii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iv) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (v) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |

Mitchell Silberberg & Knupp LLP

14076689.1

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 104.  During the recording process, Armes, Post and Dukes mutually agreed on which takes of the song should be included in the final recording.<br><br>• Armes Decl., ¶ 16; Hart Decl., Ex. 1 – Armes Depo., 80:3-9; 84:6-14; 93:14-25. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) Dukes solely controlled the laptop that recorded those musical performances (Armes Depo., pp. 71:14-72:5); (ii) Armes never touched Dukes' laptop; in Armes's words, "Frank was controlling the laptop.  It was his laptop, his session." (*id.*, pp. 71:14-72:5); (iii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iv) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1) and (iv) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4).  In addition, with respect to Armes's |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | reference to the "final recording," Armes admitted at his deposition that the writing of the Circles Composition was not completed at the August 8 Session. *Id.*, pp. 58:8-59:1; 68:2-24; 124:11-125:6; 205:22-206:17; 215:25-216:1; 267:22-268:5. |
| 105. Armes, Post and Dukes discussed and agreed that "Circles" sounded better stripped down to just bass, guitar and drums as the prominent sounds, without a lead keyboard in the foreground.<br><br>• *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Even if true, this fact is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. |
| 106. The "Circles" composition is a new sound and style for Post, who previously recorded his music using pre-recorded beats or "rap tracks" on a computer.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant and lacks foundation/personal knowledge. |

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 107.  Armes directed that the bass be played in the "Circles" composition using a pick as opposed to fingers when the song was recorded on August 8, 2018.<br><br>• Armes Decl., ¶ 16. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Even if true, this fact is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised.  *Aalmuhammed*, 202 F.3d at 1231, 1234.  Importantly, "using a pick as opposed to fingers when the song was recorded" refers to performance elements of a sound recording, and are not elements of a musical composition.  *See Newton v. Diamond*, 204 F. Supp. 2d 1244, 1258 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004) (distinguishing between "elements protected by [the plaintiff's] copyright over the musical composition" at issue and "those attributable to his performance of the piece or the sound recording"); *Gray v. Hudson*, 2022 WL 711246, at *7 (9th Cir. March 10, 2022) ("[T]he choice of a particular instrument (whether acoustic or electronic) to play a tune relates to the performance or recording of a work, which are protected by distinct copyrights.").  In |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061. |
| 108.   It was Armes's idea, and Post and Dukes agreed, that both the vocals and guitar in the "Circles" composition recorded on August 8, 2018 should have a large amount of reverb on them.<br><br>   • *Id.* | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>   • Irrelevant (FRE 401-402).  Even if true, this fact is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised.  *Aalmuhammed*, 202 F.3d at 1231, 1234.  Importantly, the use of "reverb" refers to performance elements of a sound recording, and are not elements of a musical composition.  *See Newton*, 204 F. Supp. 2d at 1258; *Gray*, 2022 WL 711246, at *7.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061. |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 109. Armes's contributions to the composition of "Circles" are reflected in both the voice recording made by Armes on August 8, 2018 and the commercially released version of "Circles".<br><br>• Armes Decl., ¶¶ 11-12, 16; Finell Decl., ¶¶ 6-8, Exs. 4-5 and 6 at pp. 10-14, ¶¶ 24-34. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he is not playing any instruments, singing or otherwise engaging in any performance on the portion of the Rough Mix taped by Armes on his iPhone (Armes Depo., pp. 78:5-79:5, 202:3-203:10); (ii) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (*id.*, pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (iii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iv) there is no performance of Armes in the commercially released sound recording of the Circles Composition (*id.*, pp. 64:22-65:3; 64:13-17; 68:2-24; 70:24-71:6). |

Mitchell
Silberberg &
Knupp LLP

14076689.1

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 110. After the composition of the final version of the music for "Circles" was completed on August 8, 2018, Armes and Defendants talked about how awesome the song was and how much fun they had co-writing the song.<br><br>• Hart Decl., Ex. 1 – Armes Depo., 171:11-16. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Even if true, this fact is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's reference to "co-writing" is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• False and misrepresents the testimony. The cited testimony states only that the parties "talked about how awesome the song was and how much fun it was and that |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | was it[.]"  There is no reference to "co-writing." |
| | • False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4).  It is also objectively untrue that the "composition of the final version of the music for 'Circles' was completed on August 8, 2018[.]"  Armes admitted at his deposition that the writing of the Circles Composition was not completed at the August 8 Session.  *Id.*, pp. 58:8-59:1; 68:2-24; 124:11-125:6; 205:22-206:17; 215:25-216:1; 267:22-268:5. |

Mitchell
Silberberg &
Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 111.   When the parties played back the "Circles" composition that had been recorded on August 8, 2018, Armes and Defendants celebrated the song they created.<br><br>• Armes Decl., ¶ 17, Ex. 1. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Even if true, this fact is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised.  *Aalmuhammed*, 202 F.3d at 1231, 1234.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact.  *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701).  Armes's reference to "creating" is an inadmissible legal conclusion as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• False and unsupported by the evidence in the record.  Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he |

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4).  In addition, Armes admitted at his deposition that the writing of the Circles Composition was not completed at the August 8 Session.  *Id.*, pp. 58:8-59:1; 68:2-24; 124:11-125:6; 205:22-206:17; 215:25-216:1; 267:22-268:5.  For these reasons, this purported fact and Exhibit 1 to the Armes Decl. are irrelevant as well. |
| 112.  With respect to the recording of the "Circles" composition made on August 8, 2018, Dukes exclaimed, "It's so fucking good! It's a whole new sound man!", and stated, "this kind of track would be insane to play live."<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant.  However, to the extent Paragraph 112 suggests that the Circles Composition was completed at the August 8 Session, that purported fact is false and unsupported by the evidence in the record.  Armes admitted at his deposition that the writing of the Circles Composition was not completed at the August 8 Session.  Armes Depo., pp. 58:8-59:1; 68:2-24; 124:11-125:6; 205:22-206:17; 215:25-216:1; 267:22-268:5. |

Mitchell Silberberg & Knupp LLP

14076689.1

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
|---|---|
| 113. With respect to the recording of the "Circles" composition made on August 8, 2018, Post stated, "It's super special," and "that's gonna be the next … we're just gonna, for the next album we're just gonna use a fuck load of reverb."<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant.  However, to the extent Paragraph 113 suggests that the Circles Composition was completed at the August 8 Session, that purported fact is false and unsupported by the evidence in the record.  Armes admitted at his deposition that the writing of the Circles Composition was not completed at the August 8 Session.  Armes Depo., pp. 58:8-59:1; 68:2-24; 124:11-125:6; 205:22-206:17; 215:25-216:1; 267:22-268:5. |
| 114. At 5:13 a.m. on August 8, 2018, Armes informed his bandmates in Honors that he was in the studio writing a new song with Post and Dukes since he was scheduled to meet them that morning to work on music and was letting them know that he could not make it as scheduled since he had been in the studio all night with Post and Dukes.<br><br>• Armes Decl., ¶ 18, Ex. 3. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402).  Even if true, Armes's self-serving statements are irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234.  In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061. |

Mitchell Silberberg & Knupp LLP

14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | • Inadmissible Legal Conclusion (FRE 701). Armes's references to "co-writing" and/or "writing a song" in Armes Decl., ¶ 18 and Exhibit 3 are inadmissible legal conclusions as to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• Hearsay (FRE 801(c)). Armes's statements in Exhibit 3 are hearsay, and do not fall within any applicable exception.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |

Mitchell Silberberg & Knupp LLP

14076689.1

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| 115. On August 5, 2019, London posted a snippet of a recording of the "Circles" composition on Instagram and announce [sic] that the song would be premiered live that night during Post's Bud Light Drive Bar Tour show in New York City.<br><br>• Armes Decl., ¶ 19. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 116. Immediately after London posted an excerpt of "Circles" on Instagram and announced that it would be premiered live on August 5, 2019, Armes sent a text message to London identifying a number of his creative contributions to the "Circles" composition.<br><br>• Armes Decl., ¶ 20, Ex. 4. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• Irrelevant (FRE 401-402). Even if true, Armes's self-serving statements are irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. In addition, Armes's self-serving uncorroborated statements suggesting that he contributed to the Circles Composition are insufficient to create an issue of fact. *See Villiarimo*, 281 F.3d at 1061.<br><br>• Inadmissible Legal Conclusion (FRE 701). Armes's references to "writing" in Exhibit 4 are inadmissible legal conclusions as |

Mitchell
Silberberg &
Knupp LLP
14076689.1

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | to the ultimate issue in this case, *i.e.* whether Armes is a joint author of the Circles Composition under Copyright Act.<br><br>• Hearsay (FRE 801(c)). Armes's statements in Exhibit 4 are hearsay, and do not fall within any applicable exception.<br><br>• False and unsupported by the evidence in the record. Armes's suggestion that he contributed to the creation of the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4). |
| 117.   On behalf of Post, London responded to Armes on August 9, 2019, and informed him that Post acknowledged and remembered Armes's creative contributions to the composition of "Circles."<br><br>• Armes Decl., ¶ 21, Ex. 4. | Fails to raise a genuine, triable issue of material fact for the following reason(s):<br><br>• False and misrepresents the document. In Exhibit 4, London purportedly states: "Just showed Posty message[.] He said he remembers[.] U played a tune on the bass and then he played more of it after[.] Told u I would find |

| Plaintiff's Disputed Material Fact and Supporting Evidence | Defendants' Response and Objections |
|---|---|
| | out."  This does not demonstrate that Post "remembered Armes's creative contributions to the composition of 'Circles.'"

• False and unsupported by the evidence in the record.  Armes's suggestion that he made "creative contributions" to the Circles Composition is contradicted by, *inter alia*, Armes's admissions at his sworn deposition that (i) he does not have, and is not aware of, any recording of Armes engaging in any musical performance (whether instrumental or vocal) at the August 8 Session (Armes Depo., pp. 136:23-137:11, 142:10-143:1, 199:21-200:2, 202:3-6, 202:24-203:1); (ii) he is not aware of any recording or notes reflecting that Armes provided any creative contributions during the August 8 Session (*id.*, pp. 103:9-16; 104:13-20; 104:23-105:4; 113:23-114:10; 119:10-120:18; 137:4-11; 142:10-143:1; 199:21-200:2; 202:3-6; 202:24-203:1); and (iii) no agreements were made between Post, Dukes and Armes about co-authoring the Circles Composition (*id.*, pp. 167:13-167:23; 169:23-170:4).

• Irrelevant (FRE 401-402).  The actual language of London's text message in Exhibit 4 is irrelevant to the criteria considered to determine whether Armes is a co-author of the Circles Composition: (i) whether Armes made an independently copyrightable contribution to the work fixed in a tangible medium of expression; (ii) whether Armes exercised control over the creation of the entire work; (iii) whether all co-authors made objective manifestations of a shared intent to be co-authors at |

Mitchell Silberberg & Knupp LLP

14076689.1

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
|---|---|
| | the time the writing was done or through subsequent conduct; and (iv) whether the audience appeal of the work turns on each co-author's contributions and the share of each in its success cannot be appraised. *Aalmuhammed*, 202 F.3d at 1231, 1234. |
| | • Hearsay (FRE 801(c)). Armes's statements in Exhibit 4 are hearsay, and do not fall within any applicable exception. |
| 118.  On November 15, 2019, a copyright registration for the composition of "Circles" was filed on behalf of Armes with the U.S. Copyright Office.<br><br>• Armes Decl., ¶ 22, Ex. 5. | Undisputed solely for the purposes of this motion, but irrelevant. |
| 119.  After "Circles" was commercially released in August 2019, it debuted at No. 7, reached No. 1 on the U.S. Billboard Hot 100 chart, where it remained for three (3) consecutive weeks, and remained in the top 5 songs on Billboard for months thereafter, broke records for the most consecutive weeks in Billboard's top 10, and remained on Billboard's Hot 100 charts for 60 consecutive weeks.<br><br>• Armes Decl., ¶ 23. | Undisputed solely for the purposes of this motion, but is irrelevant, hearsay that does not fall within any applicable exception and lacks foundation/personal knowledge. |

Mitchell
Silberberg &
Knupp LLP
14076689.1

| **Plaintiff's Disputed Material Fact and Supporting Evidence** | **Defendants' Response and Objections** |
|---|---|
| 120.  "Circles" received critical praise, with Billboard naming it the 7th best song of 2019, and describing it as a "bouncy, melancholy" melody alongside a "gentle acoustic groove," and "backed by sunny acoustic guitars, swirling percussion and infectious melodies" with a "funky feel."<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but is irrelevant, hearsay that does not fall within any applicable exception, improper lay opinion and lacks foundation/personal knowledge. |
| 121.  "Circles" is the most commercially successful song released by Post to date.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but is irrelevant, vague as to "most commercially successful," improper lay opinion and lacks foundation/personal knowledge. |
| 122.  "Circles" is a dramatic departure from Post's prior music, which was comprised mainly of Post rapping or singing over pre-recorded beats on a computer.<br><br>• Armes Decl., ¶ 24. | Undisputed solely for the purposes of this motion, but irrelevant, improper lay opinion and lacks foundation/personal knowledge. |
| 123.  "Circles" is the first major release by Post not to appear on any hip-hop charts.<br><br>• *Id.* | Undisputed solely for the purposes of this motion, but irrelevant, vague as to "major release" and lacks foundation/personal knowledge. |
| 124.  One critic observed with respect to "Circles" that unlike Post's prior music, "the melody is sparkling, with prominent guitar arpeggios and a wistful sigh of a chorus, that, dare I say it soars. Post Malone has never been about the soar."<br><br>• Armes Decl., ¶ 24, Ex. 6. | Undisputed solely for the purposes of this motion, but irrelevant, hearsay that does not fall within any applicable exception, improper lay opinion and lacks foundation/personal knowledge. |

1   Dated: March 21, 2022                    MITCHELL SILBERBERG & KNUPP LLP
                                            DAVID A. STEINBERG
2                                           CHRISTINE LEPERA
                                            JEFFREY M. MOVIT
3                                           GABRIELLA N. ISMAJ

4

5                                      By:   /s/ David A. Steinberg
                                             David A. Steinberg (SBN 130593)
6                                            Attorneys for Defendants

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

53

**DEFENDANTS' RESPONSE AND EVIDENTIARY OBJECTIONS TO PLAINTIFF'S SEPARATE STATEMENT OF GENUINE DISPUTES OF MATERIAL FACT**