1  ALLISON S. HART (BAR NO. 190409)
   ahart@lavelysinger.com
2  KELSEY J. LEEKER (BAR NO. 313437)
   kleeker@lavelysinger.com
3  LAVELY & SINGER
   PROFESSIONAL CORPORATION
4  2049 Century Park East, Suite 2400
   Los Angeles, California 90067-2906
5  Telephone:  (310) 556-3501
   Facsimile:  (310) 556-3615
6
7  Attorneys for Plaintiff and Consolidated
   Defendant TYLER ARMES

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>                    Plaintiff,<br><br>         v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY, publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 2:20-cv-03212-ODW(SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>[Hon. Otis D. Wright, II – Crtrm 5D]<br><br>**PLAINTIFF AND CONSOLIDATED DEFENDANT TYLER ARMES' OPPOSITION TO MOTION *IN LIMINE* #1 TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL**<br><br>Pre-Trial Conference:<br>April 25, 2022 at 1:30 p.m.<br><br>Hearing on Motions *In Limine*:<br>May 9, 2022 at 1:30 p.m.<br><br>Trial: May 17, 2022 at 9:00 a.m.<br><br>Filed:     April 7, 2020 |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff and Consolidated Defendant Tyler Armes ("Armes" or "Plaintiff") hereby opposes Motion *In Limine* #1 to Strike Plaintiff's Demand for Jury Trial ("Motion") brought by Defendant and Consolidated Plaintiff Austin Richard Post, professionally known as Post Malone ("Post"), and Defendant Adam King Feeney, professionally known as Frank Dukes ("Dukes") (collectively "Defendants").

The fundamental issue to be decided in this case is whether Armes is the joint author under Copyright Law of a musical composition written by Armes and Defendants on August 8, 2022 (hereinafter the "Circles Composition"). Armes is an award-winning professional songwriter, musician and music producer. Post is a well-known recording artist, songwriter and musician, and Dukes is a music producer and songwriter who frequently collaborates with Post.

In August 2018, Armes was invited by Post's manager, Dre London ("London"), to go to a studio to write music with Defendants. When Post was told that Armes was a talented songwriter and musician who had agreed to work with him, Post responded, "***Awesome, man, let's write a tune***". Prior to August 8, 2018, no portion of the Circles Composition existed. On August 8, 2018, Armes, Post and Dukes spent approximately six (6) to eight (8) hours alone in the studio writing music, and they emerged with the Circles Composition. Because Defendants have refused to recognize Plaintiff's joint authorship of the Circles Composition, denying him credit and his fair share of the profits derived from the exploitation of the Circles Composition, Plaintiff filed this action in which he is seeking a judicial declaration under Copyright Law that he is a joint author of the Circles

Composition and entitled to receive the attendant rights and benefits of a joint author and co-owner of the copyright.[1]

In their Motion, Defendants argue vociferously that Plaintiff is not entitled to a jury trial, because the claims at issue in this case are equitable in nature. In an effort to deprive Plaintiff of his Constitutional right to a jury trial in this case, Defendants compare Plaintiff's claims to an action to quiet title. However, this is a completely inapt comparison. This is not a case involving competing claims to exclusive or superior ownership of a piece of property. To the contrary, Armes acknowledges that the Circles Composition was co-written with Post and Dukes, and Armes is only seeking to enforce his rights as a joint author to that work.

Fortunately, the law is clear in the Ninth Circuit that the question of joint authorship to a copyrighted work is an issue to be decided by a jury – so much so that the Ninth Circuit has created a specific jury instruction addressing the requisite elements of a claim for joint authorship. *See* Ninth Circuit Manual of Model Jury Instructions: Civil § 17.9 (2017). All of the authorities relied on by Defendants in their Motion are inapposite, and not one of them involves a dispute concerning whether parties are joint author of a copyrighted work.

The Court implicitly recognized Plaintiff's entitlement to a jury trial in this case in its Order Granting In Part, and Denying In Part, Defendants' Motion for Summary Judgment (Dkt. 90). The Court denied Defendants' Motion for Summary Judgment as to the Circles Composition, finding that the evidence presented by Plaintiff created genuine issues of material fact with respect to each of the elements of proof required to establish joint authorship, including without limitation with respect to whether Armes contributed sufficiently original material

---

[1] Post also filed a competing action seeking a declaration that Armes is not a joint author or co-owner of the copyright to the musical composition on which the commercially released version of song "Circles" is based, which has been consolidated with this action, however, Post's claim may now be moot as a result of the Court's ruling on Defendants' Motion for Summary Judgment. *See* Dkt. 90.

to the Circles Composition (Dkt. 90 at 19:16-18), whether Armes's contributions to the Circles Composition were fixed in a medium of expression by or under Armes's control (*Id.*, 23:20-22), whether there was a shared intent between Armes and Defendants to create a joint work (*Id.*, 24:15-19, 25:14-17, 25:27-26:2, 26:8-11), and whether Armes exercised sufficient control over the Circles Composition (*Id.*, 26:21-22).

Because the law is clear that the question of Plaintiff's joint authorship of the Circles Composition must be decided by a jury, the Court should deny Defendants' Motion.

## II.
## **WHETHER ARMES IS A JOINT AUTHOR OF THE "CIRCLES" COMPOSITION IS AN ISSUE TO BE RESOLVED BY A JURY.**

In order to establish that he is a joint author of the Circles Composition, Plaintiff must prove (1) that he made a substantial and valuable contribution to the Circles Composition; (2) the parties intended that Plaintiff's contributions to the Circles Composition be merged with Defendants' contributions into inseparable or interdependent parts of a unitary whole; and (3) Plaintiff contributed material to the Circles Composition which could have been independently copyrighted. *See* Ninth Circuit Manual of Model Jury Instructions: Civil § 17.9 (2017). It is up to a jury to determine whether Plaintiff has proven each of the foregoing element of his claim.

A determination of co-authorship necessarily requires a determination of the subjective "intent" of the parties, *i.e.* a determination of credibility, which must be performed by a jury. *See S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1086 (9th Cir. 1989) (reversing grant of motion for summary judgment on joint authorship issue and reiterating that "[a]uthorship is a question of fact."); *Del Madera Properties v. Rhodes & Gardner, Inc.*, 637 F. Supp. 262, 264 (N.D. Cal. 1985), *aff'd,* 820 F.2d

973 (9th Cir. 1987) ("The issue of authorship, however, is a factual question for resolution by the jury.") The Ninth Circuit Model Civil Jury Instructions likewise provide model jury instructions for jurors to determine whether a party is a joint author of a copyrighted work. Ninth Circuit Manual of Model Jury Instructions: Civil § 17.9 (2017).

None of the authorities cited in Defendants' Motion supports the relief sought by Defendants. First, this is not a quiet title action seeking to assert a superior claim to property. This is a claim for joint authorship to a copyrighted work. "[T]he purpose of a quiet title action is to determine which named party has ***superior claim*** to a certain piece of property." *United States v. McHan*, 345 F.3d 262, 275 (4th Cir. 2003) (internal quotation omitted) (emphasis added). Armes is not seeking a declaration that he has a superior claim to the Circles Composition, only that he has rights as a co-author of the Circles Composition. The *McHan* case did not involve copyright or authorship, but concerned a criminal forfeitures procedure pursuant to 21 U.S.C.A. § 853(n), and thus has no bearing whatsoever on the instant Motion.

Defendants' reliance on *Unidisc Music Inc. v. Shelby*, also misses the mark. Unlike this case, the authorship of the subject work was not in dispute in *Shelby*; the plaintiff in *Shelby* sought "a declaration and an injunction from the Court ***to restore and protect*** its copyright interests following [plaintiff's]voluntary rescission of the Artist Agreements at issue." *Unidisc Music, Inc. v. Shelby*, 2019 WL 3291578, at *3-4 (C.D. Cal. Mar. 19, 2019). There was no authorship dispute involved in *Shelby*. In contrast here, there is nothing to restore, as Armes seeks a determination that he was a co-author of the copyright to the Circles Compostion *ab initio*. *See also Openwave Sys. Inc. v. Myriad France S.A.S.*, 2011 WL 2580991, at *2 (N.D. Cal. June 29, 2011) (No right to jury trial for claim for declaratory relief which arose "in the context of a dispute over contract interpretation.").

5

PLAINTIFF AND CONSOLIDATED DEFENDANT TYLER ARMES' OPPOSITION TO MOTION *IN LIMINE* #1 TO STRIKE PLAINTIFF'S DEMAND FOR JURY TRIAL

Similarly, *Baker v. Baker,* the plaintiff sought "a judicial declaration that splits for writer credits among [the parties] and any other artists involved ***were appropriately reported to FirstCom***. In particular, Marlo seeks a finding that the registered splits for writer credits among [the parties] and other artists for the works listed… are true and correct." *Baker v. Baker*, 2018 WL 3216509, at *5 (C.D. Cal. June 27, 2018), *aff'd in part, vacated in part, remanded,* 860 F. App'x 502 (9th Cir. 2021). Thus, like the *Shelby* case, in *Baker* there was no need to determine joint authorship of a copyrighted work since the claim essentially boiled down to a contract dispute between individuals who were already established to be joint authors. *Id*.

It is no surprise that Defendants have failed to cite a single case in in support of their Motion requiring a determination of whether a party is a joint author of a copyright.  This is clearly because such cases are typically tried before a jury. *See Willis v. Scorpio Music (Black Scorpio) S.A.*, 2016 WL 3460282, at *4 (S.D. Cal. June 24, 2016) ("The jury in the prior action found that [defendant] was not a co-author of the 13 Compositions."), *McCormick v. Cohn*, 1992 WL 687291, at *4 (S.D. Cal. July 31, 1992), *aff'd*, 17 F.3d 395 (9th Cir. 1994) ("The jury concluded that [defendant] was a co-author and co-owner of the copyright based on their finding that [defendant] did not violate the copyright."), *Goodman v. Lee*, 78 F.3d 1007, 1010 (5th Cir. 1996) ("The jury found that [plaintiff] was a co-author of [song] 'Let the Good Times Roll'"), *Sullivan v. Flora, Inc.*, 936 F.3d 562, 574 (7th Cir. 2019) ("In finding infringement, the jury expressly found (and so answered on the verdict form) that [defendant] had not carried its burden of showing that the illustrations were the result of a joint effort…").

Further, this case may involve mixed issues of law and equity, it should be tried to the jury, consistent with longstanding Supreme Court precedent and rights guaranteed by the Constitution.  *See Beacon Theatres, Inc. v. Westover*, 359 U.S.

500, 510–11 (1959) ("In the Federal courts this (jury) right cannot be dispensed with, except by the assent of the parties entitled to it; nor can it be impaired by any blending with a claim, properly cognizable at law, of a demand for equitable relief in aid of the legal action, or during its pendency. This long-standing principle of equity dictates that only under the most imperative circumstances, circumstances which in view of the flexible procedures of the Federal Rules we cannot now anticipate, can the right to a jury trial of legal issues be lost through prior determination of equitable claims."); *see also Chauffeurs, Teamsters & Helpers, Loc. No. 391 v. Terry*, 494 U.S. 558, 565 (1990) ("Maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care.") (internal quotation omitted).

Because under well settled law Plaintiff is entitled to have his claim for joint authorship of the Circles Composition tried before a jury, Defendants' Motion should be denied.

## III.
## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendants' Motion *In Limine* #1 to Strike Plaintiff's Demand for a Jury Trial be denied in its entirety.

DATE: April 18, 2022

ALLISON S. HART
KELSEY J. LEEKER
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: /s/     *Allison S. Hart*
         ALLISON S. HART
Attorneys for Plaintiff and Consolidated Defendant TYLER ARMES