ALLISON S. HART (BAR NO. 190409)
ahart@lavelysinger.com
KELSEY J. LEEKER (BAR NO. 313437)
kleeker@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone:  (310) 556-3501
Facsimile:  (310) 556-3615

Attorneys for Plaintiff and Consolidated
Defendant TYLER ARMES

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY, publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>　　　　Defendants. | CASE NO. 2:20-cv-03212-ODW(SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>[Hon. Otis D. Wright, II – Crtrm 5D]<br><br>**PLAINTIFF'S MEMORANDUM OF CONTENTIONS OF FACT AND LAW**<br><br>Pre-Trial Conference:<br>April 25, 2022 at 1:30 p.m.<br><br>Hearing on Motions *In Limine:*<br>May 9, 2022 at 1:30 p.m.<br><br>Trial: TBD<br><br>Filed:　　April 7, 2020 |

# TABLE OF CONTENTS

**Page**

1. CLAIMS AND DEFENSES (L.R. 16-4.1) ...................................................... 3
   A. Plaintiff's Claims ................................................................................ 3
   B. Elements Required to Establish Plaintiff's Claims ............................ 4
   C. Key Evidence in Support of Plaintiff's Claims .................................. 6
   D. Defendants' Counterclaims and Affirmative Defenses ..................... 10
   E. Elements Required to Establish Defendants' Affirmative Defenses .. 10
   F. Key Evidence Relied on by Plaintiff in Opposition to Defendants' Affirmative Defenses ...................................................................... 12
   G. Anticipated Evidentiary Issues: ........................................................ 12
   H. Anticipation of Legal Issues: ............................................................ 13
2. BIFURCATION OF ISSUES (L.R. 16-4.3) ................................................. 13
3. JURY TRIAL (L.R. 16-4.4) ........................................................................ 14
4. ATTORNEYS' FEES (L.R. 16-4.5) ............................................................ 14
5. ABANDONMENT OF ISSUES (L.R. 16-4.6) ............................................ 15

Pursuant to Local Rule 16-4 and the Court's Scheduling Order, Plaintiff Tyler Armes ("Plaintiff" or "Armes") respectfully submits the following Memorandum of Contentions of Fact and Law in anticipation of the April 25, 2022 Final Pre-Trial Conference.

## 1. CLAIMS AND DEFENSES (L.R. 16-4.1)

### A. Plaintiff's Claims

i. Claim 1: A declaration of the parties' rights under Copyright Law as follows: (a) Plaintiff is a co-author of a musical composition created by Plaintiff and Defendants Austin Richard Post, professionally known as Post Malone ("Post") and Adam King Feeney, professionally known as Frank Dukes ("Dukes") (collectively "Defendants") on August 8, 2018 (hereinafter "Session Composition") which was used in the creation of a song commercially released by Post entitled "Circles" (the "Commercial Release Composition"); (b) the Commercial Release Composition is a derivative work of the Session Composition; (c) Plaintiff is entitled to a co-writer credit on the copyright to the Session Composition; and (d) Plaintiff is entitled to prospective and retroactive royalties and other monies owed with respect to his interest in the Session Composition.[1]

---

[1] The First Amended Complaint does not distinguish between the Session Composition and the Commercial Release Composition, and the description of Plaintiff's Claims herein is based on the Court's April 18, 2018 Order Granting in Part and Denying In Part Defendants' Motion for Summary Judgment ("MSJ Order") (Dkt. 90). If necessary, Plaintiff is prepared to amend the pleading to conform to the evidence and the Court's Order.

Plaintiff's claim for a declaration of the parties' rights with respect to the sound recording of the song entitled "Circles" has been dismissed.

    ii.    Claim 2: Plaintiff seeks an order against Defendants directing them to render a complete and honest accounting of all profits and proceeds derived from the exploitation of Session Composition, to all of all sums due to Plaintiff and to pay all sums shown due to Plaintiff by such accounting, including without limitation through the use of the Session Composition in the Commercial Release Composition. Plaintiff's claim for an accounting with respect to revenues derived from the exploitation of the sound recording of the song entitled "Circles" has been dismissed.

    iii.    Claim 3: Plaintiff seeks the imposition of a constructive trust against Defendants with respect to Plaintiff's share of the profits and proceeds derived from the exploitation of the Session Composition, including without limitation through the use of the Session Composition in the Commercial Release Composition and an order entitling Plaintiff to immediate possession of his *pro rata* share of said profits. Plaintiff's claim for a constructive trust with respect to the profits derived from the exploitation of the sound recording of the song "Circles" has been dismissed.

**B.** **Elements Required to Establish Plaintiff's Claims**

Claim 1: Declaratory Relief Under Copyright Act.

Plaintiff has the burden of proving:

i. Plaintiff made a substantial and valuable contribution to the Session Composition;

ii. Each of the Plaintiff and Defendants intended that Plaintiff's contributions be merged into inseparable or interdependent parts of a unitary whole;

iii. Plaintiff contributed material to the Session Composition which could have been independently copyrighted; and

iv. The Commercial Release Composition is a derivative work based on the Session Composition.

*See* Ninth Circuit Manual of Model Jury Instructions: Civil §§ 17.9 and 17.15 (2017).

Claim 2:  Accounting.

Plaintiff has the burden of proving:

i. A relationship exists between Plaintiff and Defendants that requires an accounting; and

ii. Some balance is due the plaintiff that can only be ascertained by an accounting.

*Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 910 (2013).

Claim 3:  Constructive Trust.

Plaintiff has the burden of proving:

i. the existence of a res (here the profits from the exploitation of the Session Composition);

ii. Plaintiff is entitled to a share of the profits from the exploitation of the Session Composition; and

iii. Defendants have wrongfully detained Plaintiff's share of the profits from the exploitation of the Session Composition.

Com*munist Party v Valencia, Inc*. (1995) 35 CA4th 980, 990.

**C.** **Key Evidence in Support of Plaintiff's Claims**

<u>Claim 1: Declaratory Relief Under the Copyright Act.</u>

***Element 1:*** Plaintiff will present extensive percipient and expert testimony, and documentary evidence in the form of text messages, audio recordings and Plaintiff's expert witness report establishing that he made substantial and valuable contributions to the Session Composition, including without limitation the following:

- One of Post's managers invited Armes to go to a music studio in Toronto, Canada, on August 8, 2018 to write music with Defendants.
- At the time, Post told Armes, "Awesome, man, let's write a tune, awesome, fuck yeah," and other words to that effect.
- No portion of the Session Composition had been written prior to Armes joining Defendants in the studio on August 8, 2018.
- Armes and Defendants spent approximately 6-8 hours alone in the studio co-writing the Session Composition.
- Post and Armes co-created the underlying drumbeat/groove in the Session Composition.
- Armes and Dukes co-wrote and added to the additional bassline and chord progression in the Session Composition.
- Armes composed and arranged a 1-4-5 chord progression using the notes C, F to G on the bass guitar in the Session Composition.
- Armes also co-wrote both guitar melodies in the Session Composition. The first is a guitar melody that is played by the lead guitar in the introduction of the Session Composition, and which repeats throughout the song. Post and Armes co-wrote the guitar melody that plays in the introduction of Session Composition with

Post on the guitar and Armes sitting next to him verbally singing the second half of the melody and cadence out loud, giving Post direction as to exactly which notes to play.

- Armes also co-wrote the guitar chords, including the parts in the song where the F major chord changes to an F minor chord.

***Element 2***: Plaintiff will present testimony and documentary evidence in the form of text messages, Plaintiff's expert witness report and testimony, and audio recordings establishing that Plaintiff and Defendants intended their contributions to the Session Composition to be merged into an inseparable or interdependent whole, including without limitation the following:

- One of Post's managers invited Armes to go to a music studio in Toronto, Canada, on August 8, 2018 to write music with Defendants.
- At the time, Post told Armes, "Awesome, man, let's write a tune, awesome, fuck yeah," and other words to that effect.
- No portion of the Session Composition had been written prior to Armes joining Defendants in the studio on August 8, 2018. Armes and Defendants spent approximately 6-8 hours alone in the studio co-writing the Session Composition.
- Although other members of Post's entourage were present at the studio on August 8, 2018, when the parties began composing the Session Composition, everyone other than Plaintiff and Defendants left the room.
- Defendants accepted Plaintiff's creative contributions to the Session Composition and merged them with their own to create a inseparable or interdependent parts of a unitary whole.

- During the writing session, various takes of the Session Composition were performed and recorded to a laptop. Plaintiff and Defendants discussed and mutually agreed on which takes would comprise the final recording of the Session Composition.
- After the Session Composition had been completed and recorded to the laptop on August 8, 2018, Dukes played back the recording of the Session Composition, and a copy of that recording was captured in a voice memo recording on Plaintiff's phone. Plaintiff and Defendants can be heard in the voice memo recording discussing, "*how awesome the song was*" and "*how much fun it was*" to write the song together. Armes, Post and Dukes can all be heard celebrating the song they had just created at the end of the voice memo recording. Dukes' voice can be heard in the recording exclaiming, "*It's so fucking good! It's a whole new sound man.* Post can also be heard saying, "*It's super special,*" and "*that's gonna be the next … we're just gonna, for the next album we're just gonna use a fuck load of reverb.*," Dukes is also heard stating, "*this kind of track would be insane to play live*."
- According to Plaintiff's expert, the underlying music in the Commercial Release Composition is virtually identical to the Session Composition recorded to Armes's voice memo on his phone at the end of the writing session on August 8, 2018.
- After a recording of the musical composition entitled "Circles" was commercially released in 2019, Post's manager informed Armes in a text message that Post acknowledged and remembered Armes's creative contributions to the Session Composition.

*Element 3*: Plaintiff will present extensive percipient and expert testimony, and documentary evidence in the form of text messages, audio recordings and Plaintiff's expert witness report establishing that his contributions to the musical composition entitled "Circles" could have been independently copyrighted.

*Element 4*: Plaintiff will present extensive percipient and expert testimony, and documentary evidence in the form of text messages, audio recordings and Plaintiff's expert witness report establishing that the Commercial Release Composition is a derivative work based on the Session Composition.

Claim 2:   Accounting

- Plaintiff's entitlement to an accounting will only arise if he prevails on the first claim for Declaratory Relief. However, assuming he does, the evidence will show that Plaintiff has never been provided with a full and complete accounting of Defendants' books and records with respect to the profits derived from the exploitation of the Session Composition, and therefore, an accounting is necessary in order to determine what, if any, balance is due to Plaintiff.

Claim 3:   Constructive Trust.

- Plaintiff's entitlement to a constructive trust will only arise if he prevails on the first claim for Declaratory Relief. However, assuming he does, the evidence will show that Defendants have received profits from the exploitation of the Session Composition, Plaintiff is entitled to a share of the profits derived from the exploitation of the Session Composition, and Defendants have detained Plaintiff's share of said profits.

**D. Defendants' Counterclaims and Affirmative Defenses**

i. Based on the Court's MSJ Order (Dkt 90), Plaintiff understands that it is not necessary for him to pursue his affirmative defenses to the claims asserted by Post in the Consolidated Complaint.

ii. Defendants' Affirmative Defenses:

- Second Affirmative Defense – Armes' Amended Complaint is barred in whole or in part by the doctrine of laches;
- Third Affirmative Defense – Armes' Amended Complaint is barred in whole or in part by the doctrines of waiver, estoppel and acquiescence; and
- Fourth Affirmative Defense – Armes' Amended Complaint is barred by the doctrine of unclean hands;

**E. Elements Required to Establish Defendants' Affirmative Defenses**

- *Elements of Second Affirmative Defense – Laches:*
  1. Plaintiff's unreasonable delay in asserting its claims;
  2. (2) Resulting prejudice to Defendant. *Couveau v. American Airlines*, 218 F.3d 1078, 1083 (9th Cir. 2001)
- *Elements of Third Affirmative Defense – Waiver, Estoppel, Acquiescence:*
  1. <u>Waiver</u>: Defendants must prove by clear and convincing evidence:
     (a) Intentional relinquishment of a known right;
     (b) with knowledge of its existence; and
     (c) the intent to relinquish it. *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001).
  2. <u>Estoppel</u>: Defendants Must Prove:

        (a) a representation or concealment of material facts by Plaintiff;

        (b) made with actual or virtual knowledge of facts;

        (c) to Defendants who actually and permissibly ignorant of the truth;

        (d) with the actual or virtual intention that the Defendants act on the representation or concealment; and

        (e) in fact, the Defendants were induced so to act to their detriment.

*Lentz v. McMahon*, 49 Cal.3d 393, 399 (1989); *In re Marriage of Halpern*, 133 Cal.App.3d 297, 314 (1982).

3. Acquiescence:

        (a) the senior user actively represented that it would not assert a right or a claim;

        (b) the delay between the active representation and assertion of the right or claim was not excusable; and

        (c) the delay caused the defendant undue prejudice.

Seller Agency Council, Inc. v. Kennedy Center for Real Estate Educ., Inc., 621 F.3d 981, 989 (9th Cir. 2010).

- ***Elements of Fourth Affirmative Defense –Unclean Hands:***

    1. Inequitable conduct by the Plaintiff;
    2. The Plaintiff's conduct directly relates to the claim which it has asserted against the Defendant; and
    3. Plaintiff's conduct injured the defendant.

*Metro-Goldwyn-Mayer Studios, Inc. v. Grokster, Ltd.*, 518 F.Supp.2d 1197, 1223 (C.D. Cal. 2007).

**F.** **Key Evidence Relied on by Plaintiff in Opposition to Defendants' Affirmative Defenses**

- Second Affirmative Defense – Laches: The evidence proves that Plaintiff promptly reached out to Defendants in an effort to resolve this dispute after discovering that Defendants intended to commercially release the song "Circles," which is a derivative work based on the Session Composition. Plaintiff filed suit within months of discovering Defendants' use of the Session Composition after it became clear that an amicable resolution could not be reached. Accordingly, there was no unreasonable delay or prejudice to Defendants.

- Third Affirmative Defense – Waiver, Estoppel, Acquiescence: Plaintiff will provide extensive testimony and corresponding exhibits which prove there was no conduct by Plaintiff giving rise to these defenses.

- Fourth Affirmative Defense – Unclean Hands: Plaintiff will provide extensive testimony and corresponding exhibits which prove that there was no inequitable conduct by Plaintiff that would give rise to an unclean hands defense.

**G.** **Anticipated Evidentiary Issues**:

Defendants identified expert witness Lawrence Ferrara as a potential trial witness in this case for the first time on the parties' Joint Witness List on April 20, 2022. Because Mr. Ferrara was not included on the list of trial witnesses previously exchanged by the parties pursuant to L.R. 16-2.4, Plaintiff understood that Defendants did not intend to call Mr. Ferrara as a trial witness. Plaintiff objects to any testimony by Mr. Ferrara on grounds that Defendants failed and refused to make Mr. Ferrara available for deposition in advance of the discovery cutoff. Had

Defendants disclosed pursuant to L.R. 16-2.4 that they intended to call Mr. Ferrara as a witness, Plaintiff would have timely brought a motion *in limine* to exclude Mr. Ferrara's testimony. Because Defendants' failed to disclose their intention to call Mr. Ferrara as a witness until April 20, 2022, there is now insufficient time under the Court's Scheduling Order and L.R. 7-3 for the parties to meet and confer concerning the substance of such a motion *in limine* in advance of the April 25, 2022 deadline for the parties to file motions *in limine*. On these grounds, Plaintiff objects to any testimony by Mr. Ferrara.

Plaintiff objects to the use of his deposition testimony for purposes other than impeachment since Plaintiff will be present and available to testify at trial in person.

Other than Defendants' Motion *In Limine* #1 to Strike Plaintiff's Demand for Jury Trial (Dkt. 88), which has been fully briefed by the parties, Defendants' counsel did not meet and confer with Plaintiff's counsel pursuant within 21 days prior to the Final Pretrial Conference as required under the Scheduling Order (Dkt. 49) (or even 7 days before the deadline for filing deadline for any motions *in limine* under L.R. 7.3), and still has not met and conferred with Plaintiff's counsel as of the time of this filing), Plaintiff reasonably assumes that Defendants will not be seeking to exclude any evidence through a motion *in limine*.

### H. Anticipation of Legal Issues:

At this time, Plaintiff does not anticipate any legal issues.

## 2. BIFURCATION OF ISSUES (L.R. 16-4.3)

Plaintiff's accounting and constructive trust claims may be adjudicated by the Court after the jury has rendered its verdict. Both Plaintiff's accounting and constructive trust claims are dependent on the outcome of Plaintiff's First Claim for Declaratory Relief under Copyright Law. More specifically, if the jury finds that

Plaintiff is a joint author of the Session Composition and that the Commercial Release Composition is a derivative work based on the Session Composition, then the Court can order an accounting of Defendants' books and records in order to allow Plaintiff to determine and calculate any unknown share of profits derived from the exploitation of the Session Composition is owed to Plaintiff, and the Court may order the imposition of a constructive trust for Plaintiff's benefit as to all amounts owed to Plaintiff that have been wrongfully detained by Defendants. Thus, a jury is not necessary for the accounting or constructive trust claims claim.

### 3. **JURY TRIAL (L.R. 16-4.4)**

Both parties have timely demanded a jury trial. Plaintiffs are entitled to a jury trial with respect to their first claim for Declaratory Relief under Copyright Law. *See* Ninth Circuit Manual of Model Jury Instructions: Civil § 17.9 (2017); . Defendants filed a Motion In Limine #1 to Strike Plaintiff's Demand for a Jury Trial (Dkt. 88), and Plaintiff's Opposition thereto was filed on April 18, 2022 (Dkt. 91). The Court has indicated that it intends to rule on this issue at the Final Pretrial Conference on April 25, 2022.

### 4. **ATTORNEYS' FEES (L.R. 16-4.5)**

Attorneys' fees are sought and recoverable in connection with Plaintiff's first claim for Declaratory Relief under Copyright Law. The Copyright Act provides that in any copyright action, the court "may allow the recovery of full costs by or against any party…[and] the court may award a reasonable attorney's fee to the prevailing party as part of the costs. 17 U.S.C. 505.

**5. ABANDONMENT OF ISSUES (L.R. 16-4.6)**

Plaintiff is not pursuing his claims for Declaratory Relief, Accounting or Constructive Trust with respect to the sound recording of the commercially released version of the song entitled "Circles." Based on the Court's Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment (Dkt. 90), Plaintiff understands that it is not necessary to pursue his affirmative defenses to the claims asserted by Post in the Consolidated Complaint.

DATE: April 20, 2022

ALLISON S. HART
KELSEY J. LEEKER
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: /s/ *Allison S. Hart*
ALLISON S. HART
Attorneys for Plaintiff and Consolidated Defendant TYLER ARMES