ALLISON S. HART (BAR NO. 190409)
ahart@lavelysinger.com
KELSEY J. LEEKER (BAR NO. 313437)
kleeker@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Plaintiff and Consolidated Defendant TYLER ARMES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>Plaintiff,<br><br>v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY, publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>Defendants. | CASE NO. 2:20-cv-03212-ODW(SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>[Hon. Otis D. Wright, II – Crtrm 5D]<br><br>**PLAINTIFF'S DISPUTED PROPOSED JURY INSTRUCTIONS**<br><br>Pre-Trial Conference:<br>April 25, 2022 at 1:30 p.m.<br><br>Hearing on Motions *In Limine*:<br>May 9, 2022 at 1:30 p.m.<br><br>Trial: TBD<br><br>Filed: April 7, 2020 |

Pursuant to the Court's Scheduling Order and L.R. 51-1, Plaintiff Tyler Armes hereby submits the following Disputed Proposed Jury Instructions:

## **INDEX OF PLAINTIFF'S PROPOSED JURY INSTRUCTIONS**

| Number | Title | Source | Page No. |
|--------|-------|--------|----------|
| 1 | Expert Opinion | Ninth Circuit Manual of Model Jury Instructions: Civil § 2.13 | 3 |
| 2 | Copyright Interests – Joint Authors | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.9 | 6 |
| 3 | Copyright Interests – Derivative Work | Ninth Circuit Manual of Model Jury Instructions: Civil § 17.15 | 10 |

PLAINTIFF'S DISPUTED PROPOSED JURY INSTRUCTIONS

# **PLAINTIFF'S [PROPOSED] INSTRUCTION NO. 1**
# **EXPERT OPINION**

You have heard testimony from Judith Finell who testified to opinions and the reasons for her opinions. This opinion testimony is allowed, because of the education or experience of this witness.

Such opinion testimony should be judged like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Source: Ninth Circuit Manual of Model Jury Instructions: Civil § 2.13.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 1:**

Expert testimony is irrelevant to the sole issue to be determined at trial, i.e. Plaintiff's claim of joint authorship. Judge Wright has already held that expert testimony is irrelevant and "will be relevant only if Armes establishes joint authorship in the Session Composition." Dkt. 90 at 28 n.6. For this reason, Plaintiff's proposed instruction regarding expert opinion is not necessary.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED COURT INSTRUCTION NO. 1:**

The Court determined in its Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment that the musical composition created on August 8, 2018 (the "Session Composition") should be viewed "as its own separate, standalone, copyrightable intellectual property, in which Post and Dukes undisputedly have authorship, and in which Armes may have authorship (Dkt. 90, 17:14-17). The court further held that a declaration that Armes is a joint author of the Session Composition "would entitle him to profits and proceeds from exploitation of the Session Composition," including "certain proceeds from the exploitation of the Commercial Release Composition because the Commercial Release Composition is derivative of the Session Composition (*Id*. at 18:7-13). In her report, a copy of which was produced to Defendants on January 24, 2022, Plaintiff's expert, Judith Finell compared the Session Composition to the Commercial Release Composition and concluded that the Session Composition is nearly identical to the underlying music in the Commercial Release Composition. If Defendants dispute that the Commercial Release Composition is a derivative work based on the Session Composition, Ms. Finell should be permitted to testify regarding her opinion on this issue.

# PLAINTIFF'S [PROPOSED] INSTRUCTION NO. 2
# COPYRIGHT INTERESTS – JOINT AUTHORS

A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

1. each author must have made a substantial and valuable contribution to the work;
2. each author must have intended that [his] [or] [her] contribution be merged into inseparable or interdependent parts of a unitary whole; and
3. each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work. A copyright owner in a joint work may enforce the right to exclude others in an action for copyright infringement.

If there is no written agreement between the parties stating that the copyright in the work is to be jointly owned, you may consider whether:

    a. Each of the parties exercised control over the work;
    b. Each of the parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and
    c. The audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors.

Source: Ninth Circuit Manual of Model Jury Instructions: Civil § 17.9 (Modified).[1]

---

[1] The only modifications made to Model Instruction 17.9 is to remove the first sentence of the first paragraph, the first sentence of the third paragraph and the fifth paragraph which are inapplicable to this case.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 2:**

This Court has already held that, as a matter of law, Plaintiff is not a joint author of the commercially released Circles Composition or the Circles Recording, which should dispose of Plaintiff's entire case. Defendants dispute that, as a matter of law, the session material, which was unfinished, rough material that had no purpose unto itself other than to be further worked on, and which no party intended to be final or ever meant to be exploited on its own, can be analyzed as a putative joint work. For this reason, a joint authorship instruction is not necessary. Defendants reserve the right to supplement this objection with further argument and/or legal authorities supporting their position.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 2:**

The Court determined in its Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment that the musical composition created on August 8, 2018 (the "Session Composition") should be viewed "as its own separate, standalone, copyrightable intellectual property, in which Post and Dukes undisputedly have authorship, and in which Armes may have authorship, and that Armes is entitled to a trial on his claim to joint authorship of the Session Composition (Dkt. 90, 17:14-17 and 28:1-3). As such, a joint authorship instruction is appropriate.

# PLAINTIFF'S PROPOSED INSTRUCTION NO. 3
## Copyright Interests – Derivative Work

A copyright owner is entitled to exclude others from creating derivative works based on the owner's copyrighted work. The term derivative work refers to a work based on one or more pre-existing works, such as a musical arrangement, or any other form in which the pre-existing work is recast, transformed, or adapted. Accordingly, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

If the copyright owner exercises the right to create a derivative work based on the copyrighted work, this derivative work may also be copyrighted.  Only what was newly created, such as editorial revisions, annotations, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

If the copyright owner allows others to create a derivative work based on the copyrighted work, the copyright owner of the pre-existing work retains a copyright in that derivative work with respect to all of the elements from the pre-existing work that were used in the derivative work.  The author of the derivative work is entitled to copyright protection only for original contributions made by that author that are more than trivial.  If the derivative work incorporates pre-existing work by others, the derivative author's protection is limited to elements added by the derivative author to the pre-existing work of others.

Source:  Ninth Circuit Manual of Model Jury Instructions: Civil § 17.15.

**DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 3:**

This Court has already held that, as a matter of law, Plaintiff is not a joint author of the commercially released Circles Composition or the Circles Recording, which should dispose of Plaintiff's entire case. Defendants dispute that, as a matter of law, the Circles Composition can be derivative of the session material, which was unfinished, rough material that had no purpose unto itself other than to be further worked on and used in the commercially released Circles Composition. For this reason, a derivative work instruction is not necessary. Defendants reserve the right to supplement this objection with further argument and/or legal authorities supporting their position.

**PLAINTIFF'S REPLY TO DEFENDANTS' OBJECTIONS TO PLAINTIFF'S PROPOSED INSTRUCTION NO. 3:**

The Court determined in its Order Granting In Part and Denying In Part Defendants' Motion for Summary Judgment that the Session Composition should be viewed "as its own separate, standalone, copyrightable intellectual property, in which Post and Dukes undisputedly have authorship, and in which Armes may have authorship (Dkt. 90, 17:14-17). The court further held that a declaration that Armes is a joint author of the Session Composition "would entitle him to profits and proceeds from exploitation of the Session Composition," including "certain proceeds from the exploitation of the Commercial Release Composition because the Commercial Release Composition is derivative of the Session Composition (*Id*. at 18:7-13). Notwithstanding the foregoing, and their admission in their Motion for Summary Judgment that the Commercial Release Composition is a derivative work based on the Session Composition, Defendants now dispute that the Commercial Release Composition is derivative of the Session Composition. If Plaintiff is going to be required to prove at trial that the Commercial Release Composition is a derivative work based on the Session Composition, an instruction to the jury concerning the legal definition of a derivative work is appropriate and should be given.

DATE: April 20, 2022

ALLISON S. HART
KELSEY J. LEEKER
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: /s/      *Allison S. Hart*
ALLISON S. HART
Attorneys for Plaintiff and Consolidated Defendant TYLER ARMES