DAVID A. STEINBERG (SBN 130593)
  das@msk.com
GABRIELLA N. ISMAJ (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (*pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
  jmm@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants*
*Austin Richard Post p/k/a Post Malone*
*Adam King Feeney p/k/a Frank Dukes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>          Plaintiff<br><br>     v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>          Defendants | Case No. 2:20-cv-03212 ODW (SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANTS' NOTICE OF MOTION AND MOTION *IN LIMINE* #2 TO EXCLUDE IRRELEVANT/PREJUDICIAL EVIDENCE AND ARGUMENT**<br><br>Pre-Trial Conference:<br>April 25, 2022 at 1:30 p.m.<br><br>Hearing on Motions *In Limine*:<br>May 9, 2022 at 1:30 p.m.<br><br>Trial: TBD |

# NOTICE OF MOTION AND MOTION

**TO THE COURT, THE PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on May 9, 2022, at 1:30 p.m., or as soon as the matter may be heard in the courtroom of the Honorable Otis D. Wright II, Defendants Austin Richard Post p/k/a Post Malone ("Post") and Adam King Feeney p/k/a Frank Dukes ("Dukes," together with Post, "Defendants"), will and hereby do move for an order, pursuant to Federal Rules of Evidence 401 and 403, excluding evidence and/or argument regarding the following topics at trial:

1. Defendants' general wealth, the parties' financial conditions, and/or comparing the relative wealth of the parties;
2. Unrelated legal disputes involving Defendants;
3. The existence of and the content of any of the parties' settlement discussions;
4. Purported drug and/or alcohol use by any witness; and
5. The exploitation of "Circles," including any profits or revenue received by Defendants.

This Motion is made on the grounds that any evidence and/or argument on the above topics is irrelevant and has no probative value, and any probative value is substantially outweighed by the danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence.

As more fully set forth in the concurrently filed Declaration of David A. Steinberg, dated April 25, 2022 (the "Steinberg Decl."), Defendants attempted to meet and confer with Plaintiff Tyler Armes ("Armes") regarding the relief sought by this Motion, but Armes's counsel refused to do so. Steinberg Decl., ¶¶ 3-15.

Accordingly, Defendants thus were not able to obtain Armes's position on these matters and the parties could not come to a resolution that would obviate the need for this Motion. *Id.*

This Motion is based upon this Notice of Motion, the accompanying Memorandum of Points and Authorities, any supporting declarations, any further briefing regarding this Motion, all pleadings and other records on file in this action, and such further evidence and arguments as may be presented at or before any hearing on the Motion.

Dated: April 25, 2022

MITCHELL SILBERBERG & KNUPP LLP
DAVID A. STEINBERG
CHRISTINE LEPERA
JEFFREY M. MOVIT
GABRIELLA N. ISMAJ

By: /s/ David A. Steinberg
    David A. Steinberg (SBN 130593)
    Attorneys for Defendants

# MEMORANDUM OF POINTS AND AUTHORITIES[1]

## I. INTRODUCTION

Armes commenced this action on April 7, 2020, seeking joint authorship of and ownership in the sound recording of "Post's popular song *Circles*" (the "Circles Recording"), as well as the underlying composition (the "Circles Composition"). This Court has already properly dismissed Armes's claims for joint authorship in the Circles Recording and the Circles Composition. ECF 32 & 90. While Defendants respectfully submit that these findings compel resolution of this matter as a whole in Defendants' favor, this Court construed Armes's pleading as containing an alternative request for ownership and authorship in the materials from the studio session of August 8, 2018 (the "Session Material").

While Defendants respectfully submit that there is no such alternative claim presented by Armes and that the Session Material cannot be separately analyzed as a putative joint work[2], the following key issues remain: (1) whether the unfinished, rough Session Material that had no purpose other than to be further worked on, and which no party intended to be final or ever meant to be exploited on its own, can be analyzed as a putative joint work; (2) whether the commercially released Circles Composition can be a derivative work of the unfinished, rough Session Material that had no purpose other than to be further worked on and incorporated into that final musical composition; and (3) assuming the Session Material can be analyzed as a putative joint work, whether Armes can prove, by a preponderance of affirmative and admissible evidence, that he satisfies the Ninth Circuit's test of

---

[1] Defendants Austin Richard Post p/k/a Post Malone ("Post") and Adam King Feeney p/k/a Frank Dukes ("Dukes") are "Defendants." Plaintiff Tyler Armes is "Plaintiff" or "Armes." Unless noted, all emphasis is added and all citations and quotation marks omitted.

[2] Plaintiff admits he never made such an alternative claim: "The First Amended Complaint does not distinguish between the Session Composition and the Commercial Release Composition, and the description of Plaintiff's Claims herein is based on the Court's April 18, 2018 Order Granting in Part and Denying In Part Defendants' Motion for Summary Judgment ('MSJ Order') (Dkt. 90). If necessary, Plaintiff is prepared to amend the pleading to conform to the evidence and the Court's Order." ECF 106-1, p. 6 n.2.

joint authorship enunciated by in *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000). As this Court already instructed, Armes's constructive trust and accounting remedies "will be relevant only if Armes establishes joint authorship in the [Session Material]." ECF 90 at 28 n.6. Thus, those remedies are not at issue in this phase of trial.

This motion *in limine* seeks to exclude certain evidence and argument that Defendants anticipate Armes may introduce at trial, but which are irrelevant to the disputed issues in this case and have no probative value and/or their probative value is outweighed by the risk of undue prejudice, confusion of the issues, misleading the jury, and delay. Armes's counsel refused to meet and confer with Defendants' counsel regarding the relief sought herein, and Defendants thus were not able to obtain Armes's position on these matters.

## II.   ARGUMENT

It is axiomatic that only relevant evidence, which is defined as evidence having "any tendency to make a fact [of consequence to the action] more or less probable than it would be without the evidence[,]" is admissible. Fed. R. Evid. 401, 402. Evidence may, and should, properly be excluded where it is not relevant to the matters at issue. Of course, even if evidence is relevant, it is admissible only if its probative value is not "substantially outweighed" by the risk of "unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Motions *in limine* serve to preclude testimony or evidence that would "distract and possibly confuse the jury with marginally relevant matters and consume time, thereby unnecessarily delaying the proceedings." *Ellis v. Navarro*, 2012 WL 3580284, at *7 (N.D. Cal. Aug. 17, 2012).

Assessed under the standards set forth above, each category of evidence and argument discussed below is improper and should be excluded.

### A. The Court Should Exclude Evidence And Argument Regarding Defendants' Wealth And The Parties' Financial Conditions

Defendants anticipate that Armes may seek to offer evidence and argument regarding Defendants' general wealth, or comparing the relative wealth of Armes and Defendants. This evidence ordinarily has no probative value, and certainly none in this case. Evidence of Defendants' wealth and comparisons of the parties' respective financial status has no bearing on the merits of Armes's co-authorship claim and poses a serious risk of creating jury bias against Defendants. The evidence should be excluded outright.

Evidence of a defendant's net worth or financial resources is routinely held to be irrelevant and inadmissible. *See Pennington v. Clayton Indus.*, 2002 WL 34357428, at *3 (C.D. Cal. Apr. 18, 2002) ("Statements concerning the wealth of defendant … are irrelevant and inadmissible."); *Gray v. Perry*, 2019 WL 2992007, at *11 (C.D. Cal. July 5, 2019) ("[D]efendants' wealth or success are irrelevant to plaintiffs' claim for copyright infringement, except possibly the question of damages.").

And as courts have long recognized, evidence of a defendant's general financial condition is not only irrelevant, it is often prejudicial and distracts the jury from the real issues. Fed. R. Evid. 403; *TXO Prod. Corp. v. Alliance Resources Corp.*, 509 U.S. 443, 464 (1993) ("[T]he emphasis on the wealth of the wrongdoer increased the risk that the award may have been influenced by prejudice against large corporations."); *In re Homestore.com, Inc. Sec. Litig.*, 2011 WL 291176, at *1 (C.D. Cal. Jan. 25, 2011) ("Evidence of a party's financial condition is generally not relevant and can be unduly prejudicial, as it can distract the jury from the real issues in the case."). This case presents a classic example of why such evidence is inadmissible.

As explained above, the core issue in this case, *i.e.*, whether Armes has or can have a claim to joint authorship in the Session Material, has nothing to do with

Defendants' financial resources or the parties' relative wealth. Armes also is not seeking compensatory damages, and as this Court has already aptly held, Armes's constructive trust and accounting remedies will not be considered in this phase of trial and "will be relevant *only if* Armes establishes joint authorship in the [Session Material]." ECF 90 at 28 n.6. Armes's sole motive for the introduction of this evidence would be to try and impassion the jury by staging a "David and Goliath" narrative at trial; however, that is not a legitimate basis for admitting this evidence.

Whatever debatable relevance there might be of Defendants' financial condition (and Defendants submit there is none), it is vastly outweighed by the risk of prejudice to Defendants, confusing the jury and distracting them from the issues, and needlessly extending trial. *See Fahmy v. Jay Z*, 2015 WL 5680299, at *16 (C.D. Cal. Sept. 24, 2015) ("evidence of [defendants'] financial resources will unduly prejudice the jury") (collecting cases). Indeed, evidence of a defendant's financial condition so often improperly influences the jury that its admission often requires a new trial. *See, e.g.*, *Burke v. Deere & Co.*, 6 F.3d 497, 513 (8th Cir. 1993); *Draper v. Airco, Inc.*, 580 F.2d 91, 95 (3d Cir. 1978).

### B. The Court Should Exclude Evidence And Argument Regarding Other Unrelated Legal Disputes Involving Defendants

Defendants anticipate that Armes may introduce evidence and argument referring to other unrelated legal disputes and allegations involving Defendants.

Any other unrelated disputes have no bearing on the issues in this case. They are not probative of whether Armes can be a co-author of the Session Material. Even if this evidence were marginally relevant—which it is not—its minimal probative value is vastly outweighed by the risk that it will waste valuable trial time, mislead the jury, and unfairly prejudice Defendants, including by implying that Defendants have done something wrong or are serial bad actors. Its principal purpose would be to portray Defendants in a bad light and to impugn their character. In addition, the risk that a jury will draw unsupported inferences

about Defendants based on allegations in these unrelated disputes is intolerably high. This prejudice to Defendants, in addition to the unnecessary delay and jury confusion that will result, greatly outweighs any minimal probative value of that evidence. *See Fahmy*, 2015 WL 5680299, at *15 (substantial risk of prejudice because other lawsuit evidence "may 'paint the defendants as serial infringers' and 'impugn their character'"); *In re Homestore.com*, 2011 WL 291176, at *1 ("Plaintiff's involvement in other litigation prior to this Action is also irrelevant and carried with it a high risk of prejudice"); *Figueroa v. Boston Sci. Corp.*, 2003 WL 21488012, at *4 (S.D.N.Y. June 27, 2003) (excluding other lawsuits); *L.A. Printex Indus., Inc. v. Pretty Girl of Cal., Inc.*, 2012 WL 12886988, at *1 (S.D.N.Y. May 24, 2012) (excluding other lawsuits involving the plaintiff).

This evidence will also unnecessarily waste the jury's time with lengthy frolics and detours into unrelated allegations and cases. Delving into unrelated alleged disputes will necessitate several "trials within a trial" and will add significant length to this trial. *See Fahmy*, 2015 WL 5680299, at *15 ("mini-trials regarding these alleged instances of unrelated copyright infringement … will unduly delay these proceedings and may confuse the jury"). This Court should exclude any evidence or argument relating to unrelated disputes.

### C. The Court Should Exclude Evidence And Argument Regarding The Parties' Settlement Communications

Defendants anticipate that Armes may seek to introduce evidence and argument regarding the existence of and content of any of the parties' settlement discussions prior to and during this action. Armes has included a number of documents on his Exhibit List which contain such communications.[3] Any communications between Defendants, Armes, their agents, or any non-parties

---

[3] These documents remain Confidential under the Protective Order in this action. Defendants are prepared to provide copies of these documents to the Court for review, if requested.

regarding negotiations toward resolution of Armes's claims, are irrelevant, highly prejudicial, and should be excluded.[4]

It is well-settled that evidence "furnishing, promising, or offering … a valuable consideration in compromising or attempting to compromise [a] claim" and "conduct or a statement made during compromise negotiations about the claim" is not admissible "to prove or disprove the validity or amount of a disputed claim." Fed. R. Evid. 408. The underlying basis for evidentiary exclusion under Rule 408 is that "evidence of compromise is irrelevant, since the offer may be motivated by desire for peace rather than from any concession of weakness of position." *In re Tenet Healthcare Corp. Secs. Litig*, 2007 WL 5673884, at *1 (C.D. Cal. Dec. 5, 2007) (granting motion *in limine* to exclude settlement evidence); *Davis v. Safeco Ins. Co. of America*, 2006 WL 5201382, at *2 (S.D. Cal. Feb. 7, 2006) (excluding "settlement offers, demands, and negotiations between Plaintiffs and Defendant in this federal action").

Rule 408 mandates the exclusion of such communications regardless of (1) the form of such communications (*i.e.*, whether made via text, email or social media); (2) whether negotiations were referenced casually in conversations without attorneys present; (3) whether communications took place before a lawsuit actually commenced; or (4) whether the communications bore any formal designations as such. *See*, *e.g.*, *U.S. v. Doxie*, 2014 WL 3845699 at *11 (N.D. Ga. Aug. 5, 2014) ("[T]he labels that a party places on his correspondence are not controlling . . . The communications themselves do not have to be settlement negotiations to fall under the ambit of Rule 408 … the rule is broad enough to protect a voluntary exchange of information that is for the purpose of investigating the possibility a settlement."); *Lyondell Chemical Co. v. Occidental Chemical Corp.*, 608 F.3d 284,

---

[4] In the event that the Court does not exclude these documents in their entireties, Defendants respectfully request, in the alternative, that the Court permit Defendants to redact any settlement related communications therein.

296, n.37 (5th Cir. 2010) (no "implicit assertion that Rule 408 protects only communications that are made in formal legal proceedings or that come from an attorney").

The parties' communications regarding potential resolution of Armes's claims, including any offers made by Defendants or their representatives to resolve Armes's co-authorship claims, have no relevance. These communications are not probative of whether Armes is legally entitled to co-authorship or co-ownership, and reflect nothing more than Defendants' efforts to resolve this action without extensive litigation. On the other hand, there is a significant risk of prejudice if this evidence is introduced. The jury will equate Defendants' willingness to resolve Armes's claims as an admission as to their validity, causing unfair prejudice and bias against Defendants. This evidence should be excluded.

### D. The Court Should Exclude Evidence and Argument Regarding Any Purported Alcohol or Drug Use by Any Witness

Armes may seek to introduce evidence and argument about purported recreational use of alcohol and drugs by one or more witnesses. Any such purported evidence has absolutely no probative value. It is irrelevant to whether or not Armes is a co-author. Armes's introduction of any such irrelevant purported evidence or argument will unquestionably cause prejudice jury bias. This evidence should be excluded. *See, e.g.*, *Guerin v. Winston Indus., Inc.*, 2001 WL 36100975, at *1 (W.D. Wash. Sept. 24, 2001) (excluding "any evidence of [the plaintiff's] alcohol or drug use" and "evidence that [the plaintiff's] father had a drinking problem" under Rule 403).

### E. The Court Should Exclude Evidence and Argument Regarding The Commercial Success of "Circles"

Any evidence concerning the exploitation of "Circles," including any profits or revenue received by Defendants in connection with "Circles," is irrelevant to Armes's joint authorship claim and should be excluded on multiple, independent

bases. In its summary judgment Order, this Court effectively bifurcated trial by making clear that trial will initially only concern Armes's joint authorship claim in the purported Session Material and that Armes's constructive trust and accounting remedies (which Armes waived by failing to opposing Defendants' arguments that they should be dismissed on summary judgment), will be tried in a subsequent phase, and ***only if*** joint authorship is determined in Armes's favor. *Supra,* at pp.1-2 (citing ECF 90 at 28 n.6). As such, any profits and/or revenues of "Circles" (and Defendants' share of same) are irrelevant to the sole issue that will be determined at trial—whether Armes is a co-author of the purported Session Material—and must be excluded.

Moreover, like with the other financial evidence discussed above, the introduction of this irrelevant evidence will only create juror bias and impassion the jury against Defendants. It should be excluded. *See, e.g.*, *Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, 1994 WL 529331, at *10 (N.D. Ill. Sept. 27, 1994) (excluding testimony "with respect to the fact or amount of damages" prior to a determination of liability in case where liability and damages bifurcated); *Hellard v. Mid Century Ins. Co.*, 2021 WL 5003445, at *2 (N.D. Okla. Feb. 18, 2021) (excluding "financial statements, balance sheets, profit and loss statements, profitability, or any other financial information" during liability phase).

### III. CONCLUSION

Defendants respectfully request that the Court grant their Motion *In Limine*.

Dated: April 25, 2022

MITCHELL SILBERBERG & KNUPP LLP
DAVID A. STEINBERG
CHRISTINE LEPERA
JEFFREY M. MOVIT
GABRIELLA N. ISMAJ

By: /s/ David A. Steinberg
David A. Steinberg (SBN 130593)
Attorneys for Defendants