DAVID A. STEINBERG (SBN 130593)
  das@msk.com
GABRIELLA N. ISMAJ (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (*pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
  jmm@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants*
*Austin Richard Post p/k/a Post Malone*
*Adam King Feeney p/k/a Frank Dukes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>　　　　Plaintiff<br><br>　　v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>　　　　Defendants | Case No. 2:20-cv-03212 ODW (SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFF'S MAY 31, 2022 BRIEF (ECF 116)**<br><br>Hearing:<br>July 11, 2022 at 1:30 p.m.<br><br>Filed:　　April 7, 2020<br>Trial:　　August 23, 2022 |

Defendants[1] write in response to Armes's "Response to Defendants' Supplemental Pretrial Memorandum of Law" (ECF 116; the "Response") to correct the record on the facts and law misrepresented by Armes therein.[2]

**Here are the factual misrepresentations**:

- **In a desperate effort to try to characterize the Session Material not as draft of the Circles Composition, but as a stand-alone musical work, when it is clearly a draft, Armes misleads the Court regarding Armes's copyright registrations.**  Armes baselessly asserts that his claim has only ever been in and to the *music* of the Circles Composition (not the lyrics, which were created *after* the August 8 Session) when that is clearly false. To try to prove that fallacious point, in his Response, Armes cites to his "SR" copyright registration in the *Circles Sound Recording*, falsely identifying it as his "copyright registration *for the 'Circles' composition*[,]" which he claims shows that Armes was only identified as "a co-author of the music, *but not the lyrics*.  Dkt. 24 – FAC, Ex. A." Response at 1.[3]  What Armes *does not tell the Court*, and is thus trying to conceal, is that there is a *separate registration for the Circles Composition* that could only have been filed by Armes or on his behalf (because his authorship is fully rejected by the authors), which identifies Armes as a co-author of the "music, *lyrics*, and

---

[1] Unless noted, defined terms have the same meaning as in Defendants' Memorandum of Contentions of Fact and Law (ECF 105), all emphasis is added, and all citations and quotation marks are omitted.

[2] Armes mischaracterizes Defendants' **Court-ordered** Supplemental Brief as an improper attempt at reconsideration.  Response at 2-3 & n.1.  It is not, as the parties were *ordered* by this Court to submit briefing on "the legal implications of the possibility that the Session [Material] was a mere draft[.]"  ECF 110.  As demonstrated by Defendants' briefing, the "legal implications" of the Session Material being a draft of the Circles Composition require dismissal of this case.

[3] This SR registration must be deemed invalid, as it continues to assert copyright ownership in the Circles Recording notwithstanding this Court's decision dismissing Armes's sound recording ownership claim.  *Armes v. Post*, 2020 WL 6135068, at *7 (C.D. Cal. Oct. 19, 2020) (dismissing all "claims to the extent they relate to the [Sound] Recording").  Defendants respectfully request that this Court order Armes to request from the Copyright Office that it cancel his copyright registration.  *See Chambers v. Green-Stubbs*, 2021 WL 107252, at *8 (N.D. Miss. Jan. 12, 2021), *appeal dismissed*, 2021 WL 3609630 (5th Cir. July 7, 2021).

musical arrangement" of the Circles Composition. *See* Exhibit A, reflecting U.S. Copyright Registration No. PA0002222378[4]. Armes also made a claim to authorship of some part of the lyrics in his declaration. *See also Post v. Armes*, 20-cv-02877 (S.D.N.Y. 2020), ECF 16, ¶ 5 ("The chords, melody, guitar parts, bassline, tempo, *main lyric* and title of the song Circles were jointly composed by Post, Dukes and me"). The Session Material was part of one work and is subsumed within the Circles Composition copyright.

- **Armes falsely argues (at 6) that he has, "at all times been clear that his claim is that he is a joint author of the musical composition created on August 8, 2018[.]"** This is nonsense, as Armes never characterized the Session Material as a "musical composition," and made only one claim for joint authorship—of the final Circles Composition embodied in the commercially-released sound recording. *See* Defendants' Brief (ECF 115, at 5-7) (describing Armes's admissions and his claim for joint ownership interest in the Circles Composition contained in the sound recording *of the final, commercially-released version of "Circles."*); *see also* FAC ¶ 27 (Armes lamenting that he was not credited as a "co-writer and co-producer of the Song when it was *initially released*"). Indeed, in the filed Proposed Pre-Trial Conference Order, Armes **admitted** that his FAC "does not distinguish between the [Session Material] and the [Circles Composition][.]" ECF 106-1 at 6, n.2. **There is no standalone "musical composition" from that night; the Session Material was never an "end[] in [it]self"[5] and Armes never claimed it was.** Furthermore, belying any newly fabricated assertion that the Session Material was an "end[] in [it]self," Armes has no proof of any registration of the Session Material as a separate, stand-alone work, as he clearly never filed one.

---

[4] "Courts may take judicial notice of copyright registrations." *Unicolors, Inc. v. H & M Hennes & Mauritz L.P.*, 2017 WL 11489962, at *1 (C.D. Cal. Nov. 30, 2017).

[5] *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000).

**Here are the legal misstatements and omissions**:

- **Armes wholly ignores the most important legal authority cited by Defendants for the legal implication of a work in progress as a draft—the United States Copyright Act.** As demonstrated by Defendants, and unrebutted by Armes, Section 101 of the Copyright Act clearly establishes that a single work cannot be deemed derivative of its earlier drafts. Where, as here, "a work is *prepared over a period of time*, the portion of [the work] that has been fixed at any particular time constitutes *the work* as of that time." 17 U.S.C. § 101. As Armes has conceded through every judicial admission by him in this case, and as to which he must be bound, the intent of all parties was to create one song, the Circles Composition, and all component parts thereof comprise a *single work*. Thus, as a matter of law, based on this undisputed record, and pursuant to the statutory mandate of Section 101, the Session Material "constituted *the work [i.e. the Circles Composition]* as of that time" and is not separable therefrom as a separate copyrighted work.

- **Similarly, Armes wholly ignores, and thus fails to rebut, leading copyright scholar Patry's clear explanation of the statutory principles of Section 101 and how they demonstrate a work is not considered derivative of its drafts.** As Patry clearly explains, "[t]he final version of a work is *not* considered a derivative work of *early drafts* of the work … Instead *the earlier versions are the 'work' as well*. In order for a work to be a derivative work, there must be *different versions treated as such by the copyright owner*." 2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4 (2022). Again, based on the undisputed facts, namely (i) Armes's judicial admissions that there was only one song, and (ii) the lack of any evidence whatsoever that anyone intended "different versions" of the Circles Composition or that the Session Material could be or was ever intended to be a standalone work, there is and can only be one composition here.

- **Armes's reliance on the copyrightablity of the Session Material is a complete red herring.** Again, Armes has tried to improperly avoid Section 101 of the Copyright Act, which addresses this very point. A single work at every stage of its development is potentially protectable under copyright; but that has *nothing to do* with whether or not it is a draft of a single work not finalized until it is complete. Defendants' authorities, ignored by Armes, make clear that a work can be protectable as copyrightable at various stages of its development and still be a *single work*. ECF 115 at 3-5, 8-9. That is precisely the case here.

- **Armes mischaracterizes the *Maurizio* and *Jefferson* cases.** Armes claims that Defendants have failed to properly explain the holding of *Maurizio v. Goldsmith*, but the exact opposite is true. In *Maurizio*, the plaintiff sought co-authorship in the "final product," the novel *First Wives Club* ("FWC"), and did not assert any co-authorship claim as to the rough materials. 84 F. Supp. 2d at 457. On the other hand, the *defendant* (Goldsmith) claimed that the earlier materials ***were separate joint works*** (**unlike here**), and argued that "even if Maurizio was a joint author of the outline and draft chapters, she was not a joint author of FWC itself because the novel is Goldsmith's derivative work of these earlier joint works." *Id.* at 467. The court correctly **rejected the argument that a final novel could be derivative of its rough materials**, where, **like here**, the rough materials were intended to be part of a process of completing the final product and were not "ends in themselves." *Id.*

The quotation Armes urges, which is not what the court held in that case relative to the draft/derivative work issue, does not alter this correct conclusion—which Defendants trust the Court will see when reviewing the decision. *Maurizio's* actual holding stands for and supports the same proposition advanced by Defendants here. Again, it is undisputed that the parties never intended for the Session Material to be a standalone work; it was always intended to become the final, commercially-released Circles Composition. The quotation Armes relies on

changes none of this; the *Maurizio* court was simply saying that *assuming arguendo* that (i) the rough materials were separate works (as argued by the defendant there, unlike here), and (ii) the derivative work argument advanced by the defendant had merit (it did not), summary judgment would nonetheless be inappropriate.

Armes claims that there was no analysis in *Jefferson v. Raisen* of any contention by Raisen that his "co-authorship of 'Healthy' was a first step in the creation of 'Truth Hurts' and that 'Truth Hurts' is a derivative work based on 'Healthy.'" Response at 6. This is not true; Raisen did claim joint authorship of "Truth Hurts," arguing in opposition to Lizzo's motion to dismiss that "Healthy" was a step in the creation of "Truth Hurts." 2020 WL 6440034, at *3 (C.D. Cal. Aug. 14, 2020). But this argument was rejected for the very reason that Raisen and the other counterclaimants had admitted in their pleadings "***in plain terms that the parties created and finished Healthy as a standalone song***" before Lizzo and Reed created "Truth Hurts." *Id.*[6]

This outcome was fully predicated on the counterclaimants' allegations, and to allow any other analysis would have directly conflicted with those admissions. Like the parties in *Jefferson*, Armes should be held to his clear, undisputed factual and judicial admissions **(he picked his one horse)** that the Session Material was never to be a standalone work. *Jefferson* is exactly on point, distinguishing between indicia of single works created "over a period of time" (*i.e.* the Circles Composition) versus prior, standalone, separate works (*i.e.* "Healthy"). 2020 WL

---

[6] Armes also ignores that Raisen and the counterclaimants amended their joint authorship counterclaim to allege that they "continued working on and evolving 'Healthy,' and through that process arrived at a finalized song called 'Truth Hurts'" and "stripped" the counterclaims "of all statements that Truth Hurts copied or was derived from Healthy." *Jefferson v. Raisen*, 2021 WL 4732592, at *1-2 (C.D. Cal. Apr. 27, 2021). But these amended allegations could not save the joint authorship claim, because Raisen and the counterclaimants "continue[d] to allege the same underlying facts that indicate 'Healthy' was a standalone song and not an incomplete, partial contribution" like the Session Material. *Id.* at *2.

6440034, at *3 (distinguishing between "a final product" like Healthy and "one chapter of a novel like in *Maurizio*").

Both *Maurizio* and *Jefferson* unequivocally support the proposition that a final work cannot be derivative of its own drafts. This action should be dismissed.

Dated: June 13, 2022

MITCHELL SILBERBERG & KNUPP LLP
DAVID A. STEINBERG
CHRISTINE LEPERA
JEFFREY M. MOVIT
GABRIELLA N. ISMAJ

By: /s/ David A. Steinberg
    David A. Steinberg (SBN 130593)
    Attorneys for Defendants

# EXHIBIT A

```
Type of Work:        Music

Registration Number / Date:
                     PA0002222378 / 2019-11-25

Application Title: Circles.

Title:               Circles.

Description:         Electronic file (eService)

Copyright Claimant:
                     Tyler Armes.
                     Adam K Feeney.
                     Austin R. Post.

Date of Creation:    2018

Date of Publication:
                     2019-08-30

Nation of First Publication:
                     United States

Authorship on Application:
                     Tyler Armes; Domicile: Canada. Authorship: music, lyrics,
                        musical arrangement.
                     Austin R Post; Citizenship: United States. Authorship:
                        music, lyrics, musical arrangement.
                     Adam K Feeney; Domicile: Canada. Authorship: music, lyrics,
                        musical arrangement.

Names:               Armes, Tyler
                     Post, Austin R
                     Feeney, Adam K
                     Post, Austin R.

================================================================================
```

Exhibit 14



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Left Anchored Copyright Number = PA0002222378
Search Results: Displaying 1 of 1 entries



*Circles.*

| | |
|---:|:---|
| **Type of Work:** | Music |
| **Registration Number / Date:** | PA0002222378 / 2019-11-25 |
| **Application Title:** | Circles. |
| **Title:** | Circles. |
| **Description:** | Electronic file (eService) |
| **Copyright Claimant:** | Tyler Armes. Address: 21 Dale Avenue, Suite 345, Toronto, ON, M4W 1K3, Canada. |
| | Adam K Feeney. Address: street Unknown, city Unknown. |
| | Austin R. Post. Address: street Unknown, Unkown. |
| **Date of Creation:** | 2018 |
| **Date of Publication:** | 2019-08-30 |
| **Nation of First Publication:** | United States |
| **Authorship on Application:** | Tyler Armes; Domicile: Canada. Authorship: music, lyrics, musical arrangement. |
| | Austin R Post; Citizenship: United States. Authorship: music, lyrics, musical arrangement. |
| | Adam K Feeney; Domicile: Canada. Authorship: music, lyrics, musical arrangement. |
| **Names:** | Armes, Tyler |
| | Post, Austin R |
| | Feeney, Adam K |
| | Post, Austin R. |





Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright |
Copyright Office Home Page | Library of Congress Home Page