1    UNITED STATES DISTRICT COURT
     CENTRAL DISTRICT OF CALIFORNIA
2    WESTERN DIVISION

3

4    TYLER ARMES,                    )
                                     )
5              Plaintiff,            )
                                     )
6         vs.                        )
                                     )   Case No.   2:20-CV-03212-ODW
7    AUSTIN RICHARD POST,            )
     ET AL.,                         )      Los Angeles, CA
8                                    )      July 11, 2022
               Defendants.           )
9    _____        )

10

11

12                         MOTIONS IN LIMINE

13            BEFORE THE HONORABLE OTIS D. WRIGHT, II
                   UNITED STATES DISTRICT JUDGE

14

15

16

17   APPEARANCES:             See Next Page

18   COURT REPORTER:          Recorded, Zoom

19   COURTROOM DEPUTY:        Sheila English

20   TRANSCRIBER:             Dorothy Babykin
                              Courthouse Services
21                            1218 Valebrook Place
                              Glendora, California  91740
22                            (626) 963-0566

23

24   PROCEEDINGS RECORDED BY ELECTRONIC SOUND RECORDING.
     TRANSCRIPT PRODUCED BY TRANSCRIPTION SERVICE.
25

1    APPEARANCES:

2

3    FOR PLAINTIFF TYLER ARMES:

4    Lavely & Singer APC
     BY:  ALLISON HART
5          ATTORNEY AT LAW

6    2049 Century Park East
     Suite 2400
7    Los Angeles, CA 90067-2906

8

9    FOR DEFENDANT AUSTIN RICHARD POST, ET AL.:

10   Mitchell Silberberg and Knupp LLP
     BY:  CHRISTINE LEPERA
11         ATTORNEY AT LAW

12   437 Madison Avenue
     25th Floor
13   New York, NY 10022

14

15

16

17

18

19

20

21

22

23

24

25

1                              I N D E X

2       2:20-CV-03212-ODW                                    July 11, 2022

3        PROCEEDINGS:  Motions in Limine

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Dorothy Babykin Courthouse Services
1218 Valebrook Place   •   Glendora, CA 91740   •   626.963.0566   •   dotnisbet@aol.com

1          LOS ANGELES, CALIFORNIA; JULY 11, 2022

2          THE CLERK:  CALLING ITEM 1, CV 20-3212, TYLER ARMES VERSUS

3    AUSTIN RICHARD POST, ET AL.

4          COUNSEL, MAY I HAVE YOUR APPEARANCES, PLEASE, STARTING

5    WITH THE PLAINTIFFS.

6          MS. HART:  GOOD AFTERNOON, YOUR HONOR.

7          ALLISON HART FOR THE PLAINTIFF TYLER ARMES.

8          THE COURT:  GOOD AFTERNOON, MS. HART.

9          MS. LEPERA:  GOOD AFTERNOON, YOUR HONOR.

10         CHRISTINE LEPERA FOR THE DEFENDANTS RICHARD AUSTIN

11   POST AND ADAM KING FEENEY.

12         THE COURT:  GOOD AFTERNOON, MS. LEPERA.

13         ALL RIGHT.  THIS IS GOING TO BE RATHER BRIEF.

14         WE ASKED FOR SOME BRIEFING ON THE ISSUE OF THE DRAFTS,

15   OR HOWEVER WE WISH TO REFER TO THEM, THE EARLIER ITERATIONS OF

16   THIS WORK IN PROGRESS.

17         AND WE ALSO HAD MOTIONS IN LIMINE – ONE THAT WAS FAIRLY

18   IMPORTANT.  AND THAT DEALT WITH THE JURY TRIAL.

19         IN ANY EVENT, THE ISSUE WITH RESPECT TO THE JURY TRIAL

20   HAS BEEN RESOLVED.  THE PARTIES HAVE STIPULATED THAT WE WILL

21   HAVE A JURY TRIAL IN THIS MATTER.

22         AND THEN THERE IS AN ISSUE OF MOTIONS IN LIMINE.  IT WAS

23   ONLY DENOMINATED AS MOTION IN LIMINE NUMBER 2.  BUT IN FACT THERE

24   WERE ABOUT FOUR OR FIVE OTHER MOTIONS IN LIMINE SUBSUMED

25   WITHIN THAT.

1        NORMALLY I WOULD JUST SIMPLY SAY THIS WASN'T NECESSARY

2    TO THE EXTENT THAT THESE MOTIONS ALL ADDRESS OR -- I GUESS THIS IS

3    CALLING THE COURT'S ATTENTION TO THE FACT THAT THERE MAY

4    POSSIBLY BE ATTEMPTS TO INTRODUCE IRRELEVANT INFORMATION INTO

5    THE TRIAL AND THAT THE NON-MOVING PARTY CERTAINLY OBJECTS TO

6    THAT AND OPPOSES THAT.

7        OKAY.  I UNDERSTAND THAT.  AND IT HAPPENS ALL THE TIME.

8    AND WE WILL NOT KNOWINGLY PERMIT IRRELEVANT INFORMATION TO

9    COME IN.

10       FOR EXAMPLE, DEFENDANT'S NET WORTH, FINANCIAL

11   RESOURCES, ET CETERA, THAT'S NOT NECESSARY.  NOT UNDER THE

12   FACTS OF THIS CASE.  YOU KNOW, IF WE HAD ESTABLISHED A PUNITIVE

13   DAMAGES LIABILITY, THEN, PERHAPS.  BUT NOT IN THE PRESENT POSTURE

14   OF THIS CASE IS THAT RELATIVE -- RELEVANT.

15       THIS IS A SITUATION WHERE YOU ALL OBVIOUSLY KNOW A

16   WHOLE LOT MORE THAN I DO.  BUT APPARENTLY THERE ARE UNRELATED

17   DISPUTES INVOLVING THE PARTIES.  AND YOU WANT TO MAKE SURE THAT

18   THESE UNRELATED DISPUTES DON'T CROP UP IN THE COURSE OF THIS

19   TRIAL.

20       I CAN'T IMAGINE HOW THAT WOULD HAVE ANY RELEVANCE TO

21   THE ONE BIG ISSUE THAT WE'RE TRYING IN THIS CASE.

22       COMMUNICATIONS REGARDING SETTLEMENT NEGOTIATIONS.

23       WELL, THAT'S A NO-NO EVERYWHERE.  YOU DIDN'T HAVE TO

24   WASTE A MOTION IN LIMINE ON THAT ONE.

25       PURPORTED RECREATIONAL USE OF ALCOHOL AND DRUGS,

1    WOW, IN THE MUSIC INDUSTRY.  WHO KNEW?

2            THE ONLY WAY THAT WOULD EVEN POSSIBLY BE RELEVANT IS IF

3    SOMEONE, FOR EXAMPLE, WAS RELYING -- AND THEIR TESTIMONY AT

4    TRIAL IS RELYING UPON YOUR ABILITY TO OBSERVE, TO RECALL.  AND

5    THEN SOMEONE SAYS BUT, YOU KNOW, YOU WERE BLITZED OUT OF YOUR

6    MIND AND FLAT ON YOUR BUTT.  AND, YOU KNOW, THERE'S NO WAY IN THE

7    WORLD THAT YOU SAW THIS OR COULD APPRECIATE IT AS SIGNIFICANT

8    OR WHATEVER.

9            SO, IF IT COMES DOWN TO SOMEONE'S COMPETENCY TO -- TO

10   OBSERVE AND TO TESTIFY ACCURATELY REGARDING SOMETHING, THEN,

11   IT MIGHT BE RELEVANT.  BUT OTHER THAN THAT, NO.

12           AND THE REQUEST TO EXCLUDE THE COMMERCIAL SUCCESS OF

13   CIRCLES.  THAT'S NOT AT ALL RELEVANT.  SO, THAT'S NOT GOING TO

14   COME UP.

15           AND I ONLY GO THROUGH THESE --

16           MS. HART:  YOUR HONOR  --

17           THE COURT:  YEAH.

18           MS. HART:  YOUR HONOR, THIS IS ALLISON HART FOR THE

19   PLAINTIFF.

20           IF I CAN INTERJECT, WE ONLY MET AND CONFERRED ABOUT THE

21   SPECIFIC SUBJECT MATTER OF THE MOTIONS IN LIMINE LAST THURSDAY.

22           AND I AGREE WITH THE COURT'S ANALYSIS EXCEPT WITH

23   RESPECT TO THE AUDIENCE APPEAL ISSUE OF THE JOINT AUTHORSHIP

24   CLAIM.

25           THERE  -- THE COMMERCIAL SUCCESS OF THE SONG CIRCLES IS

1       POTENTIALLY A RELEVANT FACTOR TO THAT ISSUE.

2               AND I'VE CITED CASES TO COUNSEL WHICH I CAN PROVIDE TO

3       THE COURT ON THAT ISSUE WHERE COURTS WITHIN THE NINTH CIRCUIT

4       HAVE FOUND THE COMMERCIAL SUCCESS OF A PARTICULAR WORK TO BE

5       RELEVANT TO THE AUDIENCE APPEAL FACTOR OF JOINT AUTHORSHIP.

6               THE COURT:  I'M SURE -- I COULDN'T HEAR THE LAST PART OF

7       YOUR STATEMENT.

8               IT COULD BE RELEVANT TO WHAT ISSUE?

9               MS. HART:  THE AUDIENCE APPEAL FACTOR OF THE JOINT

10      AUTHORSHIP CLAIM.

11              THE COURT:  AND HOW DOES THAT ADDRESS ANY ISSUE RAISED

12      BY THE PLEADINGS IN THIS CASE?

13              MS. HART:  WELL, YOUR HONOR, WE'VE ALLEGED THAT WE'RE A

14      JOINT AUTHOR OF THE WORK THAT WAS CREATED ON AUGUST 8TH, 2018.

15      THAT'S  -- THAT'S THE ISSUE.

16              AND NOTWITHSTANDING THE COURT'S SUMMARY JUDGMENT

17      RULING, YOU KNOW, MY UNDERSTANDING IS DEFENDANTS DISPUTE THAT,

18      AND THAT IS AN ISSUE AT TRIAL.  THAT'S AN ELEMENT OF OUR PROOF IS

19      THE AUDIENCE APPEAL OF THE JOINT WORK.

20              THE COURT:  WAIT, WAIT, WAIT.

21              (PAUSE IN PROCEEDINGS.)

22              THE COURT:  OKAY.

23              ALL RIGHT.  IF YOU SAY SO.

24              MS. LEPERA:  YOUR HONOR, MAY I --

25              THE COURT:  YES.

1    MS. LEPERA:  -- JUST SIMPLY SAY I COMPLETELY AGREE WITH

2    YOUR RULING ON THIS ISSUE.

3    THE COURT:  IT'S BEEN A LONG DAY.  AND I READ SOMETHING

4    THIS MORNING THAT HAS INSPIRED ME TO NOT ARGUE, JUST GIVE UP.

5    IF YOU THINK SOMEHOW AUDIENCE APPEAL IS GOING TO HELP

6    US ANSWER THE QUESTION ABOUT AUTHORSHIP OF THE MUSIC, OKAY.  I

7    LOOK FORWARD TO HEARING IT.  OKAY.

8    ALL RIGHT.  LISTEN.  NOW, THE ISSUE THAT YOU ALL BRIEFED

9    WITH VARYING DEGREES OF SUCCESS, THANK YOU.

10   I'M GOING TO MULL IT OVER.  AND I'M GOING TO READ IT AGAIN –

11   ONE OF THEM ESPECIALLY -- AND SEE IF I CAN – IF I CAN PUT MYSELF IN

12   YOUR POSITION AND SEE PRECISELY WHAT IT IS YOU'RE TRYING TO

13   COMMUNICATE.  I'M HAVING A LOT OF DIFFICULTY WITH ONE OF THEM.  IT'S

14   LIKE THIS IS NOT A DRAFT.  DRAFT IS NOT AN ISSUE.  YET, THERE'S A LOT

15   OF CASES IN HERE WITH SNIPPETS THAT HAD REALLY NICE LANGUAGE IN

16   IT, BUT IT ALL DEALT WITH DRAFTS.

17   SO, ANYWAY.  I'M GOING TO HAVE TO GO SIT DOWN SOMEPLACE

18   NICE AND QUIET WITH A CIGAR.  AND I'M GOING TO TRY THIS AGAIN.

19   AT THE END OF THE DAY THOUGH, I GOT A FEELING THAT WE'RE

20   GOING TO LET THE JURY SORT THIS OUT.

21   SO, I'M GIVING YOU ALL A HEADS-UP.  IT WOULD BE A REALLY,

22   REALLY, REALLY GOOD IDEA IF YOU START SITTING DOWN AND WORKING

23   ON THE JURY INSTRUCTIONS.  I KNOW THERE ARE SOME LAWYERS WHO

24   SOMETIMES THINK, WELL, WE'LL LET THE COURT WORK IT OUT.  OKAY.

25   WE'LL TAKE A HALF STAB AT IT.  AND WE'LL FAIL AT IT.  AND THERE WILL BE

1    25 OR 30 UNRESOLVED JURY INSTRUCTIONS, AND WE'LL LET THE COURT

2    WORK IT OUT.

3              YEAH, THAT WOULD BE CUTE.

4              WHAT HAPPENED?  WHAT HAPPENED?  SO, I WANT YOU ALL TO

5    DO IT ON YOUR OWN TERMS IN YOUR OWN PLACE AS OPPOSED TO ME

6    HAVING YOU LOCKED UP SOMEWHERE IN THIS BUILDING AS YOU WORK ON

7    THE JURY INSTRUCTIONS.  BECAUSE I DO NEED THEM BEFORE THE FIRST

8    DAY OF TRIAL.

9              SO, LET'S GET THAT DONE.  OKAY.

10             NOW, ANY QUESTIONS?

11             MS. HART:  -- YOUR HONOR  --

12             MS. LEPERA:  YES, YOUR HONOR.  ONE QUESTION IF I MIGHT ASK

13   YOUR ASSISTANCE.

14             AND OBVIOUSLY TO THE EXTENT WE CAN BE OF ANY

15   ASSISTANCE IN CONNECTION WITH THE BRIEFING WE'RE HAPPY TO

16   ASSIST.

17             THERE'S A DOCUMENT THAT WE HAVE RECENTLY OBTAINED

18   FROM THE COPYRIGHT OFFICE, WHICH IS AN APPLICATION BY MR. ARMES'

19   COUNSEL AND MS. – AND THROUGH HIS COUNSEL MR. ARMES FOR A

20   REGISTRATION OF THE COPYRIGHT IN THE COMPOSITION CIRCLES.

21             THIS WAS NOT PRODUCED IN DISCOVERY.  THIS WAS AN ISSUE

22   THAT WE HAD OBVIOUSLY SOUGHT IN OUR RULE 26 DEMANDS.  AND WHEN

23   WE INQUIRED OF IT AT MR. ARMES' DEPOSITION HE PRETENDED

24   IGNORANCE WITH RESPECT TO IT.

25             BUT THERE WAS A FILING THAT WE WERE ABLE TO ASCERTAIN

1   THAT THERE HAD BEEN A COPYRIGHT REGISTRATION FILED BY HIM.

2   THERE WAS A CLAIM.  HE WAS NOT AWARE OF IT.  WE THEN

3   SUBSEQUENTLY WENT TO THE COPYRIGHT OFFICE WHEN THEY DID NOT

4   VOLUNTARILY COME FORWARD WITH IT AND FOUND THAT INDEED HIS

5   REPRESENTATIVE HAD FILED IT ON HIS BEHALF.

6          WE WOULD LIKE TO SUBMIT THAT TO THE COURT.  WE HAVE

7   ASKED MS. HART WHY IT WASN'T PRODUCED.  WE'VE ASKED MS. HART

8   TO ALLOW US TO ADD IT TO THE EXHIBIT LIST.  IT'S PERTINENT BECAUSE IT

9   WHOLLY CONTRADICTS SOMETHING THEY'VE SAID IN THEIR BRIEF, WHICH

10  IS THAT HE DID NOT FILE A COPYRIGHT REGISTRATION IN THE WHOLE OF

11  THE CIRCLES COMPOSITION INCLUDING THE LYRICS.

12          THE COURT:  DIDN'T YOU --

13          MS. LEPERA:  AND WE WOULD LIKE TO ADD THAT TO THE EXHIBIT

14  LIST NOTWITHSTANDING THAT'S ALREADY BEEN SUBMITTED TO THE

15  COURT.

16          THE COURT:  YOU MENTIONED THIS IN YOUR SUPPLEMENTAL

17  BRIEFING, DIDN'T YOU?

18          MS. LEPERA:  WE DID, YOUR HONOR, IN THE REPLY TO IT, WHICH,

19  OF COURSE, I UNDERSTAND YOUR HONOR HADN'T INVITED IT.  SO, IT WAS

20  NOT ACCEPTED.  BUT WE THOUGHT IT WAS IMPORTANT.

21          AND IT'S OUR POSITION THAT IT SHOULD HAVE BEEN PRODUCED

22  BY MR. ARMES.  IT'S HIGHLY RELEVANT.  IT'S REGARDING THE VERY

23  COMPOSITION THAT IS THE SUBJECT OF HIS CLAIM.  AND IT ALSO

24  SUPPORTS OUR DRAFT ARGUMENT IN THAT THE ONLY UNITARY WHOLE

25  COMPOSITION AT ISSUE IN THIS CASE FROM DAY ONE IS ONE WORK, AND

1    THAT'S THE CIRCLES COMPOSITION IN WHICH HE FILED THIS

2    REGISTRATION.

3            SO, ALL I'M JUST ASKING IS IF WE WOULD BE PERMITTED TO

4    SUPPLEMENT THE RECORD WITH THAT PERTINENT DOCUMENT THAT WE

5    HAD TO ASK THE COPYRIGHT OFFICE TO GIVE US.  IT WASN'T PRODUCED

6    IN DISCOVERY.

7            THE COURT:  I CAN UNDERSTAND WHY THEY WOULD WANT TO

8    PRODUCE IT OR HAVE IT PRODUCED OR HAVE IT IN FRONT OF THE JURY.

9            WHAT IS YOUR MOTIVE?

10           MS. LEPERA:  BECAUSE, AGAIN, IT RELATES COMPLETELY TO

11   THE ISSUE THAT IS THE SUBJECT OF THIS BRIEFING THAT IS IN FRONT OF

12   YOUR HONOR THAT YOU'RE GOING TO BE LOOKING AT.

13           WHEN YOU LOOK AT THE QUESTION OF WHETHER THERE'S A

14   SINGLE WORK AT ISSUE, WHICH IS OUR POSITION -- THE CIRCLES

15   COMPOSITION. AND THE SESSION ON AUGUST 8TH, 2018 WAS MERELY A

16   PORTION OF THAT PROGRESS.  YOU LOOK AT ALL OF THE INDICIA OF HOW

17   EVERYONE TREATED THAT.

18           AND IN THEIR PAPERS IN THIS DRAFT MOTION THEY SAY THEY

19   NEVER FILED A COPYRIGHT REGISTRATION SAYING HE WAS AN AUTHOR

20   OF THE ENTIRE COMPOSITION ONLY THE MUSIC.

21           AND IN THE COPYRIGHT REGISTRATION THAT WE FOUND HE

22   SAYS HE'S A JOINT AUTHOR OF THE ENTIRE MUSIC AND LYRICS, WHICH

23   SUPPORTS THE UNITARY WHOLE CONCEPT AND CONTRADICTS THEIR

24   STATEMENT TO THE COURT.

25           SO, THAT'S WHY WE WOULD WANT TO USE IT, YOUR HONOR.

1          THE COURT:  OKAY.

2          MS. HART:  AND, YOUR HONOR, IF I COULD CLARIFY A FEW

3    FACTUAL POINTS.

4          THE DOCUMENT THAT COUNSEL WAS REFERRING TO IS NOT

5    SOMETHING THAT MY CLIENT OR I WERE AWARE OF.

6          MS. LEPERA -- WELL, HER CO -- HER PARTNER SAID LAST WEEK

7    WHEN WE FIRST DISCUSSED THE ISSUE THAT THEY BELIEVE IT WAS

8    SOMETHING THAT HIS PRIOR COUNSEL, A LAWYER WHO REPRESENTED

9    HIM PRIOR TO MY OFFICE GETTING INVOLVED AND LONG BEFORE THE

10   LAWSUIT WAS EVER FILED, MAY HAVE SUBMITTED THAT THIS IS

11   SOMETHING THAT I'VE ONLY SEEN FOR THE FIRST TIME RECENTLY.  AND I

12   DON'T KNOW THE ORIGIN OF THIS DOCUMENT.  I DON'T KNOW THE FACTS

13   AND CIRCUMSTANCES AS TO, YOU KNOW, HOW IT WAS SUBMITTED OR

14   WHAT WAS AUTHORIZED TO BE SUBMITTED OR WHAT FACTS THEY WERE

15   RELYING ON WHEN IT WAS SUBMITTED.

16         THE ONLY COPYRIGHT REGISTRATION THAT I WAS AWARE OF

17   AND MY CLIENT WAS AWARE OF IS THE ONE THAT'S ATTACHED AS EXHIBIT

18   A TO OUR PLEADINGS.

19         SO, I DON'T KNOW WHAT THE SIGNIFICANCE OR ADMISSIBILITY

20   OF THIS IS.  AND, YOU KNOW, WITHOUT HAVING A CHANCE TO GO BACK

21   AND DO DISCOVERY AND FIGURE OUT WHAT -- YOU KNOW, ASSUMING

22   THAT PRIOR COUNSEL SUBMITTED SOMETHING, I DON'T KNOW IF IT WAS

23   AUTHORIZED OR WHAT INFORMATION WAS RELIED ON IN PREPARING THAT

24   DOCUMENT.

25         THE COURT:  OKAY.

1        MS. LEPERA:  TWO BRIEF COMMENTS, YOUR HONOR, IF I MIGHT.

2    JUST VERY FEW BRIEF COMMENTS --

3        THE COURT:  OKAY.

4        MS. LEPERA:  TWO BRIEF COMMENTS.

5        THE COURT:  ALL RIGHT.

6        MS. LEPERA:  ONE, OUR DOCUMENT REQUEST ON WHICH SHE --

7    MS. HART CONFIRMS SHE'S DONE A DUE DILIGENCE SEARCH TO PRODUCE

8    ALL RESPONSIVE DOCUMENTS, WHICH WOULD INCLUDE SEARCHING OR

9    ASKING THE COPYRIGHT OFFICE OR PRIOR COUNSEL IF THEY FILED

10   ANYTHING WITH THE ONLY COMPOSITION AT ISSUE.

11       THE REGISTRATION OF THE CIRCLES COMPOSITION WAS A

12   SPECIFIC DOCUMENT REQUEST.

13       IN ADDITION, AT THE DEPOSITION OF MR. ARMES I SHOWED THE

14   PRINT-OUT WITH RESPECT TO THIS PARTICULAR REGISTRATION AND I

15   ASKED FOR, YOU KNOW, DID YOU FILE THIS, DO YOU HAVE SUPPLEMENTAL

16   MATERIALS.  AND THEN THEY JUST IGNORED THAT.  AND THEN WE HAD TO

17   GO TO THE COPYRIGHT OFFICE AND GET IT.

18       I DON'T KNOW WHAT THE ARGUMENT WOULD BE WHY THEY

19   WOULD NOT WANT THE COURT TO SEE A COPYRIGHT REGISTRATION WITH

20   MR. ARMES' NAMES ON IT FOR THE VERY COMPOSITION THEY SUED OVER.

21   THAT SHOULD LEAD TO THE QUESTION OF SUSPICION IN ITSELF.

22       BUT MY POINT IS IT CONTRADICTS THEIR STATEMENT IN THEIR

23   BRIEF.

24       THE COURT:  IS THAT THE ONLY REASON YOU WANT THIS THING

25   IN FRONT OF THE JURY?

1          MS. LEPERA:  NO.  I WANTED IT FOR YOU  -- I WANTED IT FIRST IN

2     FRONT OF YOU AND FOR THE APPELLATE RECORD TO DEMONSTRATE

3     THAT THIS IS EVIDENCE THAT THE AUGUST SESSION IS PART OF THE

4     UNITARY WHOLE  --

5          THE COURT:  OF GOD

6          MS. LEPERA:  -- THE SINGLE WORK.

7          THE COURT:  THAT'S THE WAY YOU HOPE SOMEONE WILL VIEW

8     IT.  OKAY.

9          LISTEN, ONCE AGAIN, I'M GOING TO TRY TO STAY IN MY LANE ON

10    THIS AND LET YOU ALL DO WHAT YOU WANT TO DO PRACTICALLY.

11         SO, UNLESS THERE'S AN OBJECTION TO SOMETHING ON

12    RELEVANCY GROUNDS, I'M JUST GOING TO -- I WILL LET YOU JUST TOSS

13    THAT GRENADE IN FRONT OF EVERYBODY AND SEE WHAT HAPPENS.

14         ALL RIGHT.

15         MS. HART:  THANK YOU, YOUR HONOR.

16         THE COURT:  DOES ANYBODY WANT TO TALK ABOUT ANYTHING

17    ELSE BEFORE WE SHUT IT DOWN?

18         ALL RIGHT.  GOOD.

19         MS. HART:  NOT FROM THE PLAINTIFFS.

20         THANK YOU, YOUR HONOR.

21         THE COURT:  ALL RIGHT.

22         MS. LEPERA:  NO.

23         THANK YOU, YOUR HONOR.

24         THE COURT:  OKAY.

25         I KNOW WE'RE GOING TO BE GETTING TOGETHER SOON, AND I

1    LOOK FORWARD.

2            AND I WANT YOU TO GO OVER THE JURY INSTRUCTIONS THAT

3    YOU SUBMITTED THAT ARE STILL IN DISPUTE AND SEE IF YOU CAN WORK

4    THOSE OUT.

5            I APPRECIATE IT.  OKAY.

6            MS. LEPERA:  THANK YOU --

7            THE COURT:  THANK YOU BOTH.

8            MS. HART:  THANK YOU, YOUR HONOR.

9            THE COURT:  BYE-BYE.

10           MS. LEPERA:  THANK YOU, YOUR HONOR.

11           BYE.

12           (PROCEEDINGS CONCLUDED.)

13

14

15

16

17

18

19

20

21

22

23

24

25

1   TRANSCRIBER'S CERTIFICATE

2   DISCLAIMER

3   THE INTEGRITY OF THIS TRANSCRIPT MAY BE ADVERSELY AFFECTED

4   DUE TO MUFFLED AND UNCLEAR AUDIO TRANSMISSION.

5

6       I, Dorothy Babykin, attest that the foregoing proceedings provided to me

7   electronically were transcribed by me to the best of my ability.

8       I further attest that I am not a relative or employee to any attorney or

9   party nor financially interested in this action.

10         /s/  *Dorothy Babykin*

11

12   Dorothy Babykin

13   Date: 7/15/22

14

15

16

17

18

19

20

21

22

23

24

25

Dorothy Babykin Courthouse Services
1218 Valebrook Place   •   Glendora, CA 91740   •   626.963.0566   •   dotnisbet@aol.com