UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

# CIVIL MINUTES – GENERAL

| No. | Lead Case: 2:20-cv-03212-ODW (PJWx)  Consol: 2:20-cv-10205-ODW (SKx) | Date | August 24, 2022 |
|---|---|---|---|
| Title | *Tyler Armes v. Austin Richard Post et al.* | | |

| Present: The Honorable | Otis D. Wright, II, United States District Judge | | |
|---|---|---|---|
| Sheila English | Not reported | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |

Attorneys Present for Plaintiffs:  Attorneys Present for Defendants:

Not present  Not present

**Proceedings (In Chambers):** **Order CONTINUING Trial to December 13, 2022, DENYING AS MOOT Ex Parte Application to Continue Trial [129], and DENYING Ex Parte Application for Sanctions [130]**

Pursuant to the Court's August 19, 2022 Minute Order, (Mins., ECF No. 134), Defendants' counsel filed a declaration verifying that counsel is authorized to accept service of a trial subpoena on behalf of Defendant Post for a December 13, 2022 trial. (Decl. David A. Steinberg ¶ 5, ECF No. 135.)  This condition having been satisfied, the parties stipulate to continuing the trial to December 13, 2022. (*See* Ex Parte Appl. Continue, ECF No. 129; Opp'n Appl. Continue, ECF No. 132.)  Accordingly, the Court **CONTINUES** trial of this matter to **December 13, 2022 at 9:00 a.m.**  The Final Trial Exhibit Stipulation is due **December 8, 2022**.

Defendants' ex parte application to continue the trial is correspondingly **DENIED AS MOOT**. (ECF No. 129.)

Given the trial continuance, there is no need for Defendants' ex parte application for sanctions to be heard on an expedited basis. *Mission Power Eng'g v. Cont'l Casualty Co.*, 883 F. Supp. 488, 492–93 (C.D. Cal. 1995).  The ex parte application for sanctions is therefore **DENIED**. (ECF No. 130.)  However, for the benefit of the parties, the Court notes that it would also have denied the application on substantive grounds.  Terminating, issue, and evidentiary sanctions are only for instances of egregious discovery abuses, where the sanction is clearly necessary to deter further violations, or the violations are so extensive that a fair trial is

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| No. | Lead Case: 2:20-cv-03212-ODW (PJWx) | Date | August 24, 2022 |
|---|---|---|---|
|  | Consol: 2:20-cv-10205-ODW (SKx) |  |  |
| Title | *Tyler Armes v. Austin Richard Post et al.* |  |  |

no longer possible. *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990); *In re Exxon Valdez*, 102 F.3d 429, 433 (9th Cir. 1996) ("[A]ppellants['] . . . total refusal to provide discovery obstructed resolution of their claims on the merits."); *Toth v. Trans World Airlines, Inc.*, 862 F.2d 1381, 1385 (9th Cir. 1988) ("The record contains substantial evidence of long and unjustified delays in responding to discovery requests and noncompliance with judicial orders."). Defendants fall short of the required showing for any such sanctions, including monetary sanctions, by a wide margin.

To the extent Defendants ask the Court to order forensic examinations, further depositions, or other discovery, these are requests for discovery orders, not sanctions. But requests for discovery orders are premature unless and until the Court reopens discovery, whether pursuant to the request of a party or otherwise. At that point, discovery matters would go to the Magistrate Judge, as usual.

**IT IS SO ORDERED**.

           :    00

Initials of Preparer    SE