DAVID A. STEINBERG (SBN 130593)
  das@msk.com
GABRIELLA N. ISMAJ (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA 90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (*pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
  jmm@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants*
*Austin Richard Post p/k/a Post Malone*
*Adam King Feeney p/k/a Frank Dukes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>        Plaintiff<br><br>    v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>        Defendants | Case No. 2:20-cv-03212 ODW (SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANTS' AMENDED [PROPOSED] DISPUTED JURY INSTRUCTIONS**<br><br><u>Trial</u>: December 13, 2022 |

Mitchell Silberberg & Knupp LLP

14562157.1

**DEFENDANTS' AMENDED [PROPOSED] DISPUTED JURY INSTRUCTIONS**

Pursuant to Local Rule 51-1 and the Court's Orders dated July 11, 2022 (Dkt. 119) and August 5, 2022 (Dkt. 128), Defendants Austin Richard Post p/k/a Post Malone and Adam King Feeney p/k/a Frank Dukes (collectively, "Defendants") submit Defendants' Amended [Proposed] Disputed Jury Instructions, with the parties' respective positions.

# INDEX OF DEFENDANTS' PROPOSED AMENDED JURY INSTRUCTIONS

| Number | Title | Source | Page # |
|---|---|---|---|
| 1 | ORIGINALITY AND COMMONPLACE EXPRESSION | 9th Cir. 17.1 (modified); 9th Cir. 17.3 (modified); 9th Cir. 17.14 (modified); *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1254-55 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004); *Jean v. Bug Music, Inc.*, 2002 WL 287786, at *6-7 (S.D.N.Y. Feb. 27, 2002); *Masterson Mktg. v. KSL Rec. Corp.*, 495 F. Supp. 2d 1044, 1049 (S.D. Cal. 2007); *Swirsky v. Carey*, 376 F.3d 841, 848-49 (9th Cir. 2004); *Satava v. Lowry*, 323 F.3d 805, 8110-12 (9th Cir. 2003); *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069-71 (9th Cir. 2020) (*en banc*); *Gray v. Perry*, 28 F.4th 87, 97-102 (9th Cir. 2022) | 6 |
| 2 | *[Intentionally omitted because the parties have come to an agreement as to this proposed instruction]* | | 9 |

| Number | Title | Source | Page # |
|---|---|---|---|
| 3 | JOINT AUTHORS (17 U.S.C. §§ 101, 201(a)) | 9th Cir. 17.9 (modified); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-1235 (9th Cir. 2000); *Armes v. Post*, 2020 WL 6135068, at *6-7 (C.D. Cal. Oct. 19, 2020); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008); *Heger v. Kiki Tree Pictures, Inc.*, 2017 WL 5714517, at *5 (C.D. Cal. July 24, 2017); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1363 (W.D. Wash. 2015); *Malcomson v. The Topps Co.*, 2010 WL 383359, at *5 (D. Ariz. Jan. 29, 2010); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884) | 10 |

| Number | Title | Source | Page # |
|---|---|---|---|
| 4 | DERIVATIVE WORKS (17 U.S.C. §§ 101, 106(2)) | 9th Cir. 17.15 (modified); 17 U.S.C. § 101; 2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4 & § 3:55.10; *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000); *Jefferson v. Raisen*, 2020 WL 6440034, at *3 (C.D. Cal. Aug. 14, 2020); *Garcia v. Google, Inc.*, 786 F.3d 733, 742-43 (9th Cir. 2015); *JCW Investments, Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1032-1033 (N.D. Ill. 2003), *aff'd*, 482 F.3d 910 (7th Cir. 2007); *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266, 267-68 (2d Cir. 1944); *Oliver v. Johanson*, 357 F. Supp. 3d 758, 774 (W.D. Ark. 2018); 1 Melvin B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT, § 6.02 at 6-5 | 15 |

# DEFENDANTS' [PROPOSED] INSTRUCTION NO. 1
# ORIGINALITY AND COMMONPLACE EXPRESSION

Not all expression is copyrightable. One indispensable requirement of copyright protection is originality. While an author of an original work may be entitled to prevent others from copying original, protectable expression in the author's work, copyright protection does not extend to commonplace expression.

An original work may include or incorporate elements taken from prior works, works from the public domain, or works owned by others, with the owner's permission. The original parts of the work are the parts created:

1. Independently by the work's author, that is, the author did not copy it from another work; and

2. By use of at least some minimal creativity.

Facts, ideas, procedures, processes, systems, methods of operation, concepts, principles, discoveries, or other commonplace expression are not protected by copyright. In addition, because originality requires the use of at least some minimal creativity, the work must contain variations from previously existing art that are more than trivial, miniscule, common, or trite.

In the context of musical works, this means common or trite musical elements or commonplace musical elements are building blocks that belong in the public domain and cannot be exclusively appropriated (i.e. copyrighted) by any particular author. Examples of commonplace and unprotectable musical building

1 blocks include sequences of a few notes, chord progressions, arpeggios, even
2 rhythm, and use of the minor scale.

Source:  9th Cir. 17.1 (modified); 9th Cir. 17.3 (modified); 9th Cir. 17.14 (modified)[1]; *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991); *Newton v. Diamond*, 204 F. Supp. 2d 1244, 1254-55 (C.D. Cal. 2002), *aff'd*, 388 F.3d 1189 (9th Cir. 2004); *Jean v. Bug Music, Inc.*, 2002 WL 287786, at *6-7 (S.D.N.Y. Feb. 27, 2002); *Masterson Mktg. v. KSL Rec. Corp.*, 495 F. Supp. 2d 1044, 1049 (S.D. Cal. 2007); *Swirsky v. Carey*, 376 F.3d 841, 848-49 (9th Cir. 2004); *Satava v. Lowry*, 323 F.3d 805, 8110-12 (9th Cir. 2003); *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069-71 (9th Cir. 2020) (*en banc*); *Gray v. Perry*, 28 F.4th 87, 97-102 (9th Cir. 2022).

## **PLAINTIFF'S OBJECTION**

As drafted by Defendants, this instruction is an incomplete and inaccurate statement of the law.  In order to be complete, the instruction should include the following clarifying language, consistent with the Court's ruling on Defendants' Motion for Summary Judgment "However, the manner and sequence in which standard, stock or commonplace musical building blocks or otherwise unprotectible musical elements are combined in a particular work can be considered sufficiently original to qualify for copyright protection." *Satava v. Lowry*, 323 F.3d 805, 811 (9th Cir. 2003); *Metcalf v. Bochco*, 294 F.3d 1069, 1074 (9th Cir. 2002); Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment (Dkt. 90, 21:15-23:19).

---

[1] This instruction conforms the discussions regarding originality and commonplace expression from Model Instructions 17.1, 17.3, and 17.14 with the holdings of recent seminal decisions regarding protectability and originality in the music context (i.e. *Skidmore v. Led Zeppelin* and *Gray v. Perry*).

## DEFENDANTS' POSITION

Plaintiff's sole objection to this proposed instruction is that it does not contain an instruction as to the combination of unprotecable elements. However, the cited Model Instructions do not contain a combination instruction and, in this particular circumstance, there is no reason to deviate from the Model Instructions. Moreover, Plaintiff's proposed language does not account for the recent seminal Ninth Circuit decisions regarding protectability and originality in the music context, *Skidmore v. Led Zeppelin*, 952 F.3d 1051 (9th Cir. 2020) and *Gray v. Perry*, 28 F.4th 87 (9th Cir. 2022). Plaintiff's proposal fails to set forth the standards enunciated in *Skidmore* and *Perry* as to how to *establish* a protectable combination.

To the extent that the Court finds that a combination instruction is appropriate in this case, Defendants submit that the following language be used in lieu of Plaintiff's proposal, which directly tracks the holdings of *Skidmore* and *Perry*:

*Copyright protection may be extended to a combination of unprotectable elements only if those elements are numerous enough and their selection and arrangement original enough that their combination constitutes an original work of authorship. A selection and arrangement copyright protects the particular way in which the artistic elements form a coherent pattern, synthesis, or design. The word combination does not mean that any set of artistic building blocks or unprotectable elements qualifies for copyright protection. Only a new combination or a novel arrangement will qualify for copyright protection.*

**<u>DEFENDANTS' [PROPOSED] INSTRUCTION NO. 2</u>**

*[Intentionally omitted because the parties have come to an agreement as to this proposed instruction]*

# DEFENDANTS' [PROPOSED] INSTRUCTION NO. 3
## JOINT AUTHORS
### (17 U.S.C. §§ 101, 201(a))

A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

1. Each author must have made a substantial and valuable contribution to the work;
2. Each author must have intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole; and
3. Each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work.

In deciding whether parties intended their contributions to be merged [in element 2, above], you may consider whether the parties signed a written agreement stating that the copyright in the work is to be jointly owned. If there is no such agreement, you may consider whether:

a. Each of the parties' exercised control over the work;
b. Each of the parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and

    c. The audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

A written agreement stating the copyright in the work is to be jointly owned may show that each author of a joint work intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors.

Control over the whole work is the most important factor, and is demonstrated where an "inventive mastermind" superintends the whole work.  This will likely be a person who has actually created the work, for example, in a photograph, by putting the persons in position and arranging the place where the people are to be.  An alleged author's control over his own contributions is not enough; he or she must have supervisory powers over the entire work, including authority over whether and how creative suggestions are incorporated into the final work.  If other authors had the right to reject the alleged co-author's contributions, then there is no control by that alleged co-author.

<u>Source</u>:  9th Cir. 17.9 (modified)[2]; *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-1235 (9th Cir. 2000); *Armes v. Post*, 2020 WL 6135068, at *6-7 (C.D. Cal. Oct. 19, 2020); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008); *Heger v. Kiki Tree Pictures, Inc.*, 2017 WL 5714517, at *5 (C.D. Cal. July 24, 2017); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1363 (W.D. Wash. 2015); *Malcomson v. The Topps Co.*, 2010 WL 383359, at *5 (D. Ariz. Jan. 29, 2010); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884).

## **PLAINTIFF'S OBJECTION**

Defendants' [Proposed] Instruction No. 3 is largely based on Model Instruction 17.9.  Plaintiff has no objection to the inclusion of Model Instruction 17.9 in the jury instructions.  However, Defendants' modification of this instruction by their addition of the last paragraph asserting that "[c]ontrol over the whole work is the most important factor …" in determining whether the parties intended to create a joint work is a misstatement of the law. None of the authorities cited by Defendants in support of their proposed instruction stand for this proposition.  Defendants' proposed addition to Model Instruction 17.9 assigns greater weight to the element of control than is warranted under the law and the facts and evidence in this case, and is thus confusing and misleading to the jury. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) (a party is entitled to an instruction about his or her theory of the case only if it is supported by law and has foundation in the evidence.); *White v. Ford Motor Co.*, 312 F.3d 998, 1012 (9th Cir. 2002) ("Jury instructions must fairly and adequately cover the issues presented, must correctly state the law, and must not be misleading.").

---

[2] Defendants have modified Ninth Circuit Model Instruction 17.9 to conform this instruction to the facts of this case and to the holdings and legal principles set forth in the authorities cited herein, including additional context from the holdings of pertinent decisions regarding authorship.

## DEFENDANTS' POSITION

Plaintiff objects to Defendants' proposed instruction on the ground that there purportedly is no case law to support the statement that "[c]ontrol over the whole work is the most important factor, and is demonstrated where an 'inventive mastermind' superintends the whole work." Plaintiff is wrong. This statement finds ***direct support*** in numerous legal authorities, including decisions by this Court and by binding Ninth Circuit authority. *See, e.g.*, *Aalmuhammed v. Lee*, 202 F.3d 1227, 1233 (9th Cir. 2000) (embracing authority defining an author "as the person to whom the work owes its origin and who superintended the whole work, the 'master mind'"); *Armes v. Post*, 2020 WL 6135068, at *6 (C.D. Cal. Oct. 19, 2020) (with respect to the sound recording of "Circles," Armes failed to "plead facts showing 'the most important factor': that he superintended control over its creation"); *Heger v. Kiki Tree Pictures, Inc.*, 2017 WL 5714517, at *5 (C.D. Cal. July 24, 2017) (no joint authorship in film despite alleged "contributions . . . over areas of production related to aviation" where plaintiff did not allege "that he had 'supervisory powers over the [film]'").

To the extent that Plaintiff objects to the remaining sentences in the final paragraph of Defendants' proposed instruction, each of those sentences is likewise directly supported by Defendants' cited authorities:

- ***This will likely be a person who has actually created the work, for example, in a photograph, by putting the persons in position and arranging the place where the people are to be***. *See, e.g.*, *Aalmuhammed*, 202 F.3d at 1235 ("Aalmuhammed was not the person 'who has actually formed the picture by putting the persons in position, and arranging the place…'") (quoting *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884)).
- ***An alleged author's control over his own contributions is not enough; he or she must have supervisory powers over the entire***

1  ***work, including authority over whether and how creative***
2  ***suggestions are incorporated into the final work. If other authors***
3  ***had the right to reject the alleged co-author's contributions, then***
4  ***there is no control by that alleged co-author***. *See, e.g.*,
5  *Aalmuhammed*, 202 F.3d at 1235 (Aalmuhammed "could make
6  extremely helpful recommendations, but Spike Lee was not bound to
7  accept any of them, and the work would not benefit in the slightest
8  unless Spike Lee chose to accept them. Aalmuhammed lacked control
9  over the work, and absence of control is strong evidence of the
10 absence of co-authorship."); *Malcomson v. The Topps Co.*, 2010 WL
11 383359, at *5 (D. Ariz. Jan. 29, 2010).

12 Defendants' proposed instruction is well-supported by these legal authorities
13 and should be given to the jury.

# DEFENDANTS' [PROPOSED] INSTRUCTION NO. 4
# DERIVATIVE WORKS
# (17 U.S.C. §§ 101, 106(2))

Where a work is created over a period of time, the portion of it that has been fixed at any particular time constitutes the work as of that time. On the other hand, where a work has been prepared in different versions, each version constitutes a separate work.

The term derivative work refers to a work based on one or more pre-existing works, recasting, transforming, or adapting the prior work(s). The final version of a work is not considered to be a derivative work of early drafts of the work. Instead, the earlier versions are the "work" as well. In order for a work to be a derivative work, there must be different versions treated as such by the copyright owner.

If the pre-existing portion or draft of a work was never intended to be an end unto itself and was always intended to be combined with further elements in order to become a final product, it cannot serve as a pre-existing work upon which a derivative work is based.

Source: 9th Cir. 17.15 (modified)[3]; 17 U.S.C. § 101; 2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4 & § 3:55.10; *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000); *Jefferson v. Raisen*, 2020 WL 6440034, at *3 (C.D. Cal. Aug. 14, 2020); *Garcia v. Google, Inc.*, 786 F.3d

---

[3] Defendants have modified Ninth Circuit Model Instruction 17.15 (which largely addresses derivative works in the context of copyright infringement actions) to conform this instruction to the facts of this case and to the Copyright Act, as well as to the holdings and legal principles set forth in the cases and authorities cited herein.

733, 742-43 (9th Cir. 2015); *JCW Investments, Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1032-1033 (N.D. Ill. 2003), *aff'd*, 482 F.3d 910 (7th Cir. 2007); *Edward B. Marks Music Corp. v. Jerry Vogel Music Co.*, 140 F.2d 266, 267-68 (2d Cir. 1944); *Oliver v. Johanson*, 357 F. Supp. 3d 758, 774 (W.D. Ark. 2018); 1 Melvin B. Nimmer and David Nimmer, NIMMER ON COPYRIGHT, § 6.02 at 6-5.

**PLAINTIFF'S OBJECTION**

Defendants' Proposed Instruction No. 4, attempts to embody Defendants' specious theory that the commercially released version of the *Circles* composition cannot be a derivative work based on the composition created by the parties on August 8, 2018, because the August 8, 2018 Session Composition was purportedly only a "draft" of the commercially released composition. The court has already rejected this theory (Dkt. 119).

Indeed, as the Court noted in its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, "Defendants' assertion that the Circles Composition was not complete as of the end of the August 8 Session does not alter the analysis, especially given that Defendants acknowledge the existence of the Session File as what they call the 'Rough Mix.' (*See* SUF 19, 20). Copyright vests in fixed original works of expression automatically, regardless of whether the author(s) deem the work to be a draft of final version. Garcia v. Google, Inc., 786 F.3d 753 (9th Cir. 2015) (Kosinski, C.J., dissenting)." (Dkt. 90 at p. 17, fn. 2).

A party is entitled to an instruction about his or her theory of the case only if it is supported by law and has foundation in the evidence. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) (affirming Central District's denial of party's proposed jury instructions (i) where the instruction swept too broadly, inviting the jury to find liability where case law did not permit it, and (ii) where, to the extent that an instruction on the issue in question was necessary or appropriate, the

Mitchell Silberberg & Knupp LLP

14562157.1

16

DEFENDANTS' AMENDED [PROPOSED] DISPUTED JURY INSTRUCTIONS

district court gave other instructions that enabled the jury to consider that issue adequately). Here, Defendants' proposed instruction is inconsistent with the law and the evidence and should be rejected.

## DEFENDANTS' POSITION

Contrary to Plaintiff's objection, Defendants' proposed instruction is fully supported by both the law and the evidence.

Initially, there will be ample evidence at trial that the Session Material was a "portion" or draft of the final Circles Composition, prepared over time by Defendants. There will also be ample evidence that the Session Material had no intended purpose by anyone other than to be developed with lyrics and other materials into the final Circles Composition embodied in the Circles Recording. Indeed, ***Plaintiff has no claim of separate copyright or copyright registration in the Session Material*** and has only asserted a single claim of authorship in the final Circles Composition. *See, e.g.*, FAC ¶¶ 1, 28, 34; ECF 106-1, p. 6, n.2.

Defendants' proposal is also fully in accordance with the law, including Section 101 of the Copyright Act, which clearly distinguishes between works that are "prepared over a period of time," (i.e. the Circles Composition), and works that are "prepared in different versions." 17 U.S.C. § 101. This statute firmly establishes as a fundamental principle of copyright law that a single work, such as the Circles Composition, cannot be deemed derivative of its earlier drafts in progress. Indeed, this principle is embraced by the cases cited by Defendants herein, and by leading copyright commentator William F. Patry:

> ***The final version of a work is not considered a derivative of early drafts of the work,*** *JCW Investments, Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1032-33 (N.D. Ill. 2003), *aff'd*, 482 F.3d 910 (7th Cir. 2007). ***Instead, the earlier versions are the "work" as well. In***

1  *order for a work to be a derivative work, there must be*
2  *different versions treated as such by the copyright*
3  *owner*.
4  2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4 ("What is a Derivative
5  Work") (emphases added).
6      Defendants submit that whether or not the Session Material is a draft of a
7  single work is a question that turns on the intent of the authors, which has not been
8  adjudicated. *See, e.g.*, *Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y.
9  2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000) ("… the parties did not necessarily
10 *intend* that the outline and draft chapters were simply ends in themselves.  Rather,
11 they may have been *intended* to be part of the process of completing the final
12 product—FWC.") (emphases added).
13     Plaintiff's reliance on the copyrightability of the Session Material is also
14 misplaced.  A single work at every stage of its development is potentially
15 protectable by copyright; but that has nothing to do with whether or not it is a draft
16 of a single work not finalized until it is complete.  Defendants' cited authorities
17 make clear that a work can be protectable as copyrightable at various stages of its
18 development and still be a *single work*.
19     Defendants accordingly submit that this instruction should be given to the
20 jury.[4]

---

[4] In connection with the preparation of this filing, Defendants re-reviewed Plaintiff's Proposed Disputed Jury Instruction No. 3 ("Copyright Interests – Derivative Work").  Plaintiff's proposed instruction on derivative works ignores the critical, threshold issue of whether the Session Material is part of a single work in progress or is a separate work upon which a derivative work can be based.  It improperly assumes the existence of a derivative work in this case.

Dated: August 25, 2022

MITCHELL SILBERBERG & KNUPP LLP
DAVID A. STEINBERG
CHRISTINE LEPERA
JEFFREY M. MOVIT
GABRIELLA N. ISMAJ

By: */s/ David A. Steinberg*
    David A. Steinberg (SBN 130593)
    Attorneys for Defendants