DAVID A. STEINBERG (SBN 130593)
  das@msk.com
GABRIELLA N. ISMAJ (SBN 301594)
  gan@msk.com
MITCHELL SILBERBERG & KNUPP LLP
2049 Century Park East, 18th Floor
Los Angeles, CA  90067-3120
Telephone: (310) 312-2000
Facsimile: (310) 312-3100

CHRISTINE LEPERA (*pro hac vice*)
  ctl@msk.com
JEFFREY M. MOVIT (*pro hac vice*)
  jmm@msk.com
437 Madison Avenue, 25th Floor
New York, New York 10022
Telephone: (212) 509-3900
Facsimile: (212) 509-7239

*Attorneys for Defendants*
*Austin Richard Post p/k/a Post Malone*
*Adam King Feeney p/k/a Frank Dukes*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>    Plaintiff<br><br>    v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>    Defendants | Case No. 2:20-cv-03212 ODW (SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>Hon. Otis D. Wright II<br><br>**DEFENDANTS' L.R. 16-10(c) TRIAL BRIEF**<br><br>Filed:     April 7, 2020<br>Trial:     March 21, 2023 |

Defendants Austin Richard Post p/k/a Post Malone ("Post") and Adam King Feeney p/k/a Frank Dukes ("Dukes") (together, "Defendants")[1] hereby submit this Local Rule 16-10(c) Trial Brief in reply to Plaintiff Tyler Armes' ("Plaintiff") Memorandum of Contentions of Fact and Law (the "Memorandum" or "Mem."; Dkt. 93).[2]

1. In his Memorandum, Plaintiff concedes that he never distinguished in his pleadings between the Session Material and the Circles Composition (Mem. § 1.A.i, n.1); what he seeks to assert at trial is a new claim that was never the subject of discovery or otherwise litigated. This is to Defendants' great prejudice. It is well-settled that new, unpleaded legal theories by a plaintiff may not be asserted after the close of discovery where it would prejudice a defendant. *See Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1292 (9th Cir. 2000) ("Allowing [plaintiffs] to proceed with their [new] theory after the close of discovery would prejudice [defendant] . . . The lack of notice on this issue central to the cause of action makes it difficult, if not impossible, for [defendant] to know how to defend itself."); *Rodriguez v. Doral Mortg. Corp.*, 57 F.3d 1168, 1171 (1st. Cir. 1995) ("It would not serve the interests of justice, for instance, to redeem a totally unpleaded, unlitigated claim in circumstances that threaten significant prejudice to a defendant."); *Josey v. John R. Hollingsworth Corp.*, 996 F.2d 632, 642 (3d Cir. 1993) ("the new allegations would prejudice Hollingsworth because it would have different burdens and defenses"); *Bulkoski v. Bacharach, Inc.*, 1 F. Supp. 2d 484, 487 n.6 (W.D. Pa. 1997) (holding that after a summary judgment argument, "it is

---

[1] Unless otherwise noted, defined terms have the same meaning as in Defendants' previously-filed Memorandum of Contentions of Fact and Law ("Defendants' Memorandum"; Dkt. 105), all emphasis is added, and all citations and quotation marks are omitted.

[2] Pursuant to L.R. 16-10(c), "[u]nless the Court otherwise orders, at least seven (7) days before trial is scheduled to commence, each party may serve and file a trial brief which may . . . [r]eply to the Memorandum of Contentions of Fact and Law of any other party." C.D. Cal. L.R. 16-10(c).

too late for plaintiff to change his theory of the case"), *aff'd*, 149 F.3d 1163 (3d Cir. 1998).

2. In his Memorandum, Plaintiff does not even attempt to cite to any evidence to show that the Session Material can be analyzed as a putative joint work or that the Circles Composition is a derivative work of the Session Material within the applicable legal framework. That is because he cannot. The record is replete with evidence that the Circles Composition is not derivative of the Session Material, but that its one copyright is the only copyright at issue in this case, and it encompasses the Session Material.[3]

3. In his Memorandum, Plaintiff argues for the imposition of a constructive trust and an accounting with respect to Plaintiff's alleged share of profits derived from the Session Material (in the event he prevails at trial on his newly asserted joint authorship claims). Mem. § 1.A.ii-iii. These issues cannot be addressed at this trial, regardless of the jury's verdict. The Court already held in its April Decision that "[t]he legal principles and methods for calculating and allocating these profits are not currently articulated in the record of this case." *Armes v. Post*, 2022 WL 1136163, at *9 (C.D. Cal. Apr. 18, 2022).

As the Court acknowledged in its April Decision (*id.* at *9, *14 n.6), even assuming that an accounting or constructive trust of any material could be appropriate, such an analysis would be premature at the close of this trial in this matter, given that an apportionment analysis (requiring both fact and expert discovery as to the valuation and apportionment of the various musical components of the Circles Composition) has not been undertaken. As a result, the combination of Plaintiff's new claim and lack of any developed record on apportionment has greatly prejudiced Defendants. Indeed, the Court already has recognized that

---

[3] Defendants raised the impropriety of Plaintiff's new claims in their Supplemental Pre-Trial Brief (Dkt. 115), and in Defendants' Memorandum. On July 11, 2022, this Court considered such arguments and allowed Plaintiff's new claims to proceed to trial. Dkt. 119.

"[t]he legal principles and methods for calculating and allocating these profits are not currently articulated in the record of this case." *Id.* at *9.[4]

4.  Plaintiff's Memorandum fails to comply with Local Rule 16-4.1(f), which requires that, in opposition to each of Defendants' affirmative defenses, Plaintiff must provide a "description of the key evidence relied on in opposition to each counterclaim and affirmative defense[,] [which] should be listed separately for each element of each counterclaim and affirmative defense." Plaintiff did not even meaningfully attempt to oppose Defendants' laches, waiver, estoppel, acquiescence, and unclean hands defenses, all of which are supported by ample evidence on the record. Mem. § 1.F.

Dated: March 14, 2023

MITCHELL SILBERBERG & KNUPP LLP
DAVID A. STEINBERG
CHRISTINE LEPERA
JEFFREY M. MOVIT
GABRIELLA N. ISMAJ

By: */s/ David A. Steinberg*
David A. Steinberg (SBN 130593)
Attorneys for Defendants

---

[4] By analogy, in the infringement context, to recover a percentage of Defendants' profits, Plaintiff bears the burden to prove Defendants' gross revenue ***attributable*** to the use at issue. The Ninth Circuit takes "the statute's general reference to 'gross revenue' to mean the gross revenue associated with the infringement, as opposed to the infringer's overall gross sales resulting from all streams of revenue." *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 711 n.8 (9th Cir. 2004) (citing *Bouchat v. Baltimore Ravens Football Club*, 346 F.3d 514, 520-21 (4th Cir. 2003)).

# CERTIFICATE OF COMPLIANCE

The undersigned, counsel of record for Defendants Austin Richard Post p/k/a Post Malone and Adam King Feeney p/k/a Frank Dukes, certifies that this brief contains 905 words, which complies with the word limit of L.R. 11-6.1.

Executed on this 14th day of March, 2023, in Los Angeles, California.

                                                                                      /s/ David A. Steinberg
                                                                                       David A. Steinberg