ALLISON S. HART (BAR NO. 190409)
ahart@lavelysinger.com
MAX D. FABRICANT (BAR NO. 333859)
mfabricant@lavelysinger.com
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone:   (310) 556-3501
Facsimile:    (310) 556-3615

Attorneys for Plaintiff and Consolidated
Defendant TYLER ARMES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| TYLER ARMES,<br><br>              Plaintiff,<br><br>      v.<br><br>AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY, publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,<br><br>              Defendants. | CASE NO. 2:20-cv-03212-ODW(SKx)<br>*Consolidated with 2:20-cv-10205*<br><br>[Hon. Otis D. Wright, II – Crtrm 5D]<br><br>**AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER**<br><br>Final Pretrial Conference:<br>March 15, 2023 at 10:00 a.m.<br>Courtroom: 5D (First Street Courthouse)<br><br>Filed:        April 7, 2020<br>FAC Filed:   May 13, 2020<br>Trial:        March 21, 2023 |

# **TABLE OF CONTENTS**

**Page(s)**

1.   THE PARTIES ................................................................................... 3

2.   FEDERAL JURISDICTION AND VENUE ...................................... 5

3.   ESTIMATED LENGTH OF TRIAL ................................................. 5

4.   JURY TRIAL ..................................................................................... 5

5.   ADMITTED FACTS REQUIRING NO PROOF ............................. 6

6.   STIPULATED FACTS ....................................................................... 6

7.   CLAIMS AND DEFENSES .............................................................. 6

8.   ISSUES TO BE TRIED .................................................................... 18

9.   DISCOVERY .................................................................................... 20

10.   DISCLOSURES ................................................................................ 20

11.   WITNESS LISTS ............................................................................. 50

12.   LAW AND MOTION/MOTIONS *IN LIMINE* ............................. 51

13.   BIFURCATION OF THE FOLLOWING ISSUES FOR TRIAL IS
       ORDERED ......................................................................................... 52

14.   ......................................................................................................... 53

ATTESTATION .......................................................................................... 55

SCHEDULE 5 ............................................................................................. 56

Following pretrial proceedings, pursuant to Fed.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

1. **<u>THE PARTIES</u>:**  The parties are:

- Plaintiff Tyler Armes ("Plaintiff" or "Armes");
- Defendant Austin Richard Post, professionally known as Post Malone ("Post"); and
- Defendant Adam King Feeney, professionally known as "Frank Dukes" ("Feeney," together with Post, "Defendants")[1].

Each of the parties has been served and has appeared.  All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

- Plaintiff's First Amended Complaint (Dkt. 24); and
- Defendants' Answer to First Amended Complaint (Dkt. 42).

Plaintiff's claim of joint authorship in the sound recording of "Circles" (the "Circles Recording") (and corresponding accounting and constructive trust claims) was dismissed by this Court on October 19, 2020 (Dkt. 32) and Defendant Universal Music Group, Inc. was subsequently dismissed from this action with prejudice by Stipulation of Voluntary Dismissal on November 6, 2020 (Dkt. 34).  On April 18, 2022, this Court granted in part and denied in part Defendants' motion for summary judgment (Dkt. 90).  This Court granted Post

---

[1] As explained herein, on April 18, 2022, the Court granted Post judgment in favor of his Consolidated Complaint (Dkt. 90).  Accordingly, the Consolidated Complaint is not operative for the initial phase of trial in this action concerning Armes's claimed entitlement to authorship of the Session Material.  However, Defendants reserve all rights as to all issues raised by the Consolidated Complaint in further proceedings in this action, including appropriate entry of judgment on Post's Prayer for Relief.

1  judgment in favor of his Consolidated Complaint and held that, as a matter of law,

2  Armes has no claim to authorship or ownership in the Commercial Release

3  Composition (as defined in Dkt. 90).

4

5  **Plaintiffs' Position**

6  The Court further ruled that, "[t]he way forward, therefore, appears to be for

7  the Court to view the Session Composition [as defined in Dkt. 90] as its own

8  separate, standalone, copyrightable intellectual property, in which Post and Dukes

9  undisputedly have authorship and in which Armes may have authorship.  Dkt 90,

10  17:14-17. The Court further held that Plaintiff had demonstrated "genuine disputes

11  in regard to his authorship in the Session Composition, and he is entitled to a trial

12  on that issue."  Dkt. 90, 28:7-9The Court previously rejected the foregoing

13  argument by Defendants in its Order dated July 11, 2022, in which the Court

14  stated, "[w]ith regard to the 'draft' issue raised by Defendants, the Court

15  AFFIRMS its prior ruling on Defendants' Motion for Summary Judgment, finding

16  no error of fact or law therein. Dkt. 119.

17

18  **Defendants' Position**

19  Defendants dispute Plaintiff's position, including on the basis that Plaintiff

20  did not file any copyright registration for or assert any declaratory relief claim for

21  joint authorship as to the Session Material in this action until after adjudication of

22  the summary judgment motion.  As such, any such claims were never the subject

23  of discovery or otherwise litigated and Plaintiff should not be entitled to a trial on

24  those claims.  Defendants contend that allowing Plaintiff to pursue these claims at

25  trial would cause great prejudice to Defendants.  It is also Defendants' position that

26  the question of whether the musical material created on August 8, 2018 is a

27  separate work from the final Circles Composition has not been decided, and that

28  the intent of the authors is highly relevant to the issue of whether or not the

musical material created on August 8, 2018 is a separate work from the final
Circles Composition.  This issue has never been litigated, has never been
adjudicated, and is an issue of fact for the jury to determine.  It is Defendants'
position that such evidence must be presented at trial, and that this is a threshold
issue that must be determined, based on the Court's prior ruling.

## 2.     FEDERAL JURISDICTION AND VENUE:

### Plaintiff's Position

Federal jurisdiction and venue are undisputed and invoked on grounds that
Plaintiff's first claim for relief arises under the copyright laws of the United States,
as amended (17 U.S.C. § 101, *et seq.*), therefore, the Court has subject matter
jurisdiction over this claim pursuant to 28 U.S.C. §§ 1331, 1332 and 1338, and
supplemental jurisdiction over the remaining claims pursuant to 28 U.S.C. § 1367.
Venue is proper in this district under 28 U.SC. § 1391(b)(2) because Defendants
have committed acts directed at this judicial district, where Plaintiff resides.

### Defendants' Position

Plaintiff invokes subject matter jurisdiction under 28 U.S.C. §§ 1331, 1332,
and 1338 and invokes venue pursuant to 28 U.S.C. § 1391(b)(2).

**3.     ESTIMATED LENGTH OF TRIAL:**  The Parties submit that the
trial is estimated to take four (4) trial days.

**4.     JURY TRIAL:**  As set forth by the Court during the July 11, 2022
Hearing, this is a jury trial on all issues triable by a jury.  *See* July 11, 2022 Tr.
Hearing, 4:19-21.

**5.    ADMITTED FACTS REQUIRING NO PROOF:**

Set forth on the attached Schedule 5 are the facts that are admitted and require no proof.

**6.    STIPULATED FACTS:**  See Schedule 5.

**7.    CLAIMS AND DEFENSES:**

**Plaintiff's Position**

a.    Plaintiff plans to pursue the following claims against the following defendants:

   i.    Claim 1:  A declaration of the parties' rights under Copyright Law as follows:  (a) Plaintiff is a co-author of a musical composition created by Plaintiff and Defendants on August 8, 2018 (hereinafter "Session Composition") which was used in the creation of a song commercially released by Post entitled "Circles" (the "Commercial Release Composition"); (b)  the Commercial Release Composition is a derivative work of the Session Composition; (c) Plaintiff is entitled to a co-writer credit on the copyright to the Session Composition; and (d) Plaintiff is entitled to prospective and retroactive royalties and other monies owed with respect to his interest in the Session Composition. [2]

---

[2] The First Amended Complaint does not distinguish between the Session Composition and the Commercial Release Composition, and the description of Plaintiff's Claims herein is based on the Court's April 18, 2018 Order Granting in Part and Denying In Part Defendants' Motion for Summary Judgment ("MSJ Order") (Dkt. 90), and its subsequent July 11, 2022 Order affirming the MSJ Order with respect to the "draft" issue raised by Defendants (Dkt. 119). If necessary, Plaintiff is prepared to amend the pleading to conform to the evidence and the Court's Order.

Plaintiff's claim for a declaration of the parties' rights with respect to the sound recording of the song entitled "Circles" has been dismissed.

    ii.  Claim 2:  Plaintiff seeks an order against Defendants directing them to render a complete and honest accounting of all profits and proceeds derived from the exploitation of Session Composition, to all of all sums due to Plaintiff and to pay all sums shown due to Plaintiff by such accounting, including without limitation through the use of the Session Composition in the Commercial Release Composition. Plaintiff's claim for an accounting with respect to revenues derived from the exploitation of the sound recording of the song entitled "Circles" has been dismissed.

    iii.  Claim 3:  Plaintiff seeks the imposition of a constructive trust against Defendants with respect to Plaintiff's share of the profits and proceeds derived from the exploitation of the Session Composition, including without limitation through the use of the Session Composition in the Commercial Release Composition and an order entitling Plaintiff to immediate possession of his *pro rata* share of said profits. Plaintiff's claim for a constructive trust with respect to the profits derived from the exploitation of the sound recording of the song "Circles" has been dismissed.

    Based on the Court's MSJ Order (Dkt 90), and assuming Post agrees that the MSJ Order disposes of the claims asserted in the Consolidated Complaint, Plaintiff will not pursue his affirmative defenses to the Consolidated Complaint.

b.      The elements required to establish Plaintiff's claims are:

Claim 1: Declaratory Relief Under Copyright Act.

Plaintiff has the burden of proving:

     i.  Plaintiff made a substantial and valuable contribution to the Session Composition;

    ii.  Each of the Plaintiff and Defendants intended that Plaintiff's contributions be merged into inseparable or interdependent parts of a unitary whole;

   iii.  Plaintiff contributed material to the Session Composition which could have been independently copyrighted; and

   iv.  The Commercial Release Composition is a derivative work based on the Session Composition.

*See* Ninth Circuit Manual of Model Jury Instructions: Civil §§ 17.9 and 17.15 (2017).

Claim 2:  Accounting.

Plaintiff has the burden of proving:

     i.  A relationship exists between Plaintiff and Defendants that requires an accounting; and

    ii.  Some balance is due the plaintiff that can only be ascertained by an accounting.

*Jolley v. Chase Home Fin., LLC*, 213 Cal. App. 4th 872, 910 (2013).

Claim 3:  Constructive Trust.

Plaintiff has the burden of proving:

     i.  the existence of a res (here the profits from the exploitation of the Session Composition);

    ii.  Plaintiff is entitled to a share of the profits from the exploitation of the Session Composition; and

    iii.  Defendants have wrongfully detained Plaintiff's share of the profits from the exploitation of the Session Composition.

   *Communist Party v Valencia, Inc.* (1995) 35 CA4th 980, 990.

  c.  In brief, the key evidence Plaintiff relies on for each of the claims is:

Claim 1:  Declaratory Relief Under the Copyright Act.

***Element 1:*** Plaintiff will present extensive percipient testimony, and documentary evidence in the form of text messages and audio recordings establishing that he made substantial and valuable contributions to the Session Composition, including without limitation the following:

- One of Post's managers invited Armes to go to a music studio in Toronto, Canada, on August 8, 2018 to write music with Defendants.
- At the time, Post told Armes, "Awesome, man, let's write a tune, awesome, fuck yeah," and other words to that effect.
- No portion of the Session Composition had been written prior to Armes joining Defendants in the studio on August 8, 2018.
- Armes and Defendants spent approximately 6-8 hours alone in the studio co-writing the Session Composition.
- Post and Armes co-created the underlying drumbeat/groove in the Session Composition.

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

- Armes and Feeney co-wrote and added to the additional bassline and chord progression in the Session Composition.
- Armes composed and arranged a 1-4-5 chord progression using the notes C, F to G on the bass guitar in the Session Composition.
- Armes also co-wrote both guitar melodies in the Session Composition.  The first is a guitar melody that is played by the lead guitar in the introduction of the Session Composition, and which repeats throughout the song.  Post and Armes co-wrote the guitar melody that plays in the introduction of Session Composition with Post on the guitar and Armes sitting next to him verbally singing the second half of the melody and cadence out loud, giving Post direction as to exactly which notes to play.
- Armes also co-wrote the guitar chords, including the parts in the song where the F major chord changes to an F minor chord.

*Element 2*:  Plaintiff will present testimony and documentary evidence in the form of text messages, and audio recordings establishing that Plaintiff and Defendants intended their contributions to the Session Composition to be merged into an inseparable or interdependent whole, including without limitation the following:

- One of Post's managers invited Armes to go to a music studio in Toronto, Canada, on August 8, 2018 to write music with Defendants.
- At the time, Post told Armes, "Awesome, man, let's write a tune, awesome, fuck yeah," and other words to that effect.
- No portion of the Session Composition had been written prior to Armes joining Defendants in the studio on August 8, 2018.

Armes and Defendants spent approximately 6-8 hours alone in the studio co-writing the Session Composition.

- Although other members of Post's entourage were present at the studio on August 8, 2018, when the parties began composing the Session Composition, everyone other than Plaintiff and Defendants left the room.

- Defendants accepted Plaintiff's creative contributions to the Session Composition and merged them with their own to create inseparable or interdependent parts of a unitary whole.

- During the writing session, various takes of the Session Composition were performed and recorded to a laptop. Plaintiff and Defendants discussed and mutually agreed on which takes would comprise the final recording of the Session Composition.

- After the Session Composition had been completed and recorded to the laptop on August 8, 2018, Feeney played back the recording of the Session Composition, and a copy of that recording was captured in a voice memo recording on Plaintiff's phone. Plaintiff and Defendants can be heard in the voice memo recording discussing, "*how awesome the song was*" and "*how much fun it was*" to write the song together. Armes, Post and Feeney can all be heard celebrating the song they had just created at the end of the voice memo recording. Feeney's voice can be heard in the recording exclaiming, "*It's so fucking good! It's a whole new sound man.* Post can also be heard saying, "*It's super special,*" and "*that's gonna be the next … we're just gonna, for the next album we're just gonna use a fuck load of reverb.*," Feeney is also heard stating, "*this kind of track would be insane to play live*."

- After a recording of the musical composition entitled "Circles" was commercially released in 2019, Post's manager informed Armes in a text message that Post acknowledged and remembered Armes's creative contributions to the Session Composition.

    *Element 3*:  Plaintiff will present extensive percipient testimony, and documentary evidence in the form of text messages and audio recordings establishing that his contributions to the musical composition entitled "Circles" could have been independently copyrighted.

    *Element 4*:  Plaintiff will present extensive percipient testimony, and documentary evidence in the form of text messages and audio recordings establishing that the Commercial Release Composition is a derivative work based on the Session Composition.


Claim 2:     Accounting

- Plaintiff's entitlement to an accounting will only arise if he prevails on the first claim for Declaratory Relief.  However, assuming he does, the evidence will show that Plaintiff has never been provided with a full and complete accounting of Defendants' books and records with respect to the profits derived from the exploitation of the Session Composition, and therefore, an accounting is necessary in order to determine what, if any, balance is due to Plaintiff.


Claim 3:     Constructive Trust.

- Plaintiff's entitlement to a constructive trust will only arise if he prevails on the first claim for Declaratory Relief.  However, assuming he does, the evidence will show that Defendants have

1    received profits from the exploitation of the Session

2    Composition, Plaintiff is entitled to a share of the profits derived

3    from the exploitation of the Session Composition, and

4    Defendants have detained Plaintiff's share of said profits.

5

6    **Defendants' Position**

7    a.    Defendants provide the following response to Plaintiff's

8    description of his affirmative claims in this action, which is more fully set forth in

9    Defendants' Memorandum of Contentions of Fact and Law (Dkt. 105):

10    ***This Court has already properly concluded that Plaintiff has no ownership***

11    ***of or authorship in the Circles Composition or the Circles Recording*** (as those

12    terms are defined in Defendants' Memorandum of Contentions of Fact and Law and

13    Defendants' L.R. 16-10 Trial Brief (Dkt. 150)).  Defendants respectfully submit

14    that these findings compel resolution of this matter as a whole in Defendants' favor.

15    Instead, however, this Court allowed for a construction of Armes's pleading as

16    containing an alternative request for ownership and authorship ***not*** in the Circles

17    Composition, but solely in the materials from the studio session of August 8, 2018

18    (the "Session Material").

19    Defendants respectfully submit that there is no such alternative claim

20    presented by Armes, and that in every filing and position taken to date, Armes has

21    made it clear in his admissions, as to which he should be bound, that his intent lay

22    in ownership of the Circles Composition.  Furthermore, allowing Plaintiff to pursue

23    at trial a totally unpleaded, unlitigated claim would cause significant prejudice to

24    Defendants.  In any event, Armes cannot meet his burden of proving that the

25    Session Material is a separate work.  There is no evidence in the record, and none

26    can be presented at trial, that the Session Material had any purpose other than as a

27    single work in progress to be combined with lyrics and other materials as a joint

28    work and unitary whole with interdependent and inseparable parts.  The Circles

1  Composition is not a derivative work of the Session Material, but rather the end
2  result/final product of a singular work.

3      Certainly, Feeney's and Post's contributions have no artificial separation, and
4  cannot be artificially separated, between what they began at the August 8 Session
5  and what they continued in subsequent sessions in the evolution of the creative
6  process for **one song** for use by Post on his upcoming album.  An evolving creation
7  cannot be derivative of parts of its creation; a final work is not "derivative" of every
8  single draft, outline, or list of rough ideas/notes that precedes it.

9      Simply stated, the Session Material was never intended to be—including by
10 Armes—a separate finished, joint work from which a derivative work could be
11 created.  It was one step (out of many) in the process of creating the single Circles
12 Composition.  That it may comprise copyrightable material does not change this
13 analysis.  Thus, any joint authorship or derivative work analysis fails because the
14 "unitary whole" was the Circles Composition (which was never intended to include
15 Armes), not the Session Material.  This Court already properly held that Armes is
16 not a joint author of the Circles Composition.

17     Even assuming that the Session Material can be analyzed on its own as a
18 putative joint work, Plaintiff cannot meet his burden of proving, by a
19 preponderance of the evidence, that he can satisfy the *Aalmuhammed* factors with
20 respect to the Session Material: (i) that Plaintiff made an independently
21 copyrightable contribution to the Session Material fixed in a tangible medium of
22 expression at the August 8 Session; (ii) that Plaintiff exercised control over the
23 creation of the entire Session Material created at the August 8 Session; (iii) that all
24 co-authors made objective manifestations of a shared intent to be co-authors at the
25 time the Session Material was done or through subsequent conduct; and (iv) that the
26 audience appeal of the Session Material turns on each co-author's contributions and
27 the share of each in its success cannot be appraised.  *Aalmuhammed v. Lee*, 202
28 F.3d 1227, 1231, 1234 (9th Cir. 2000).

1       The same admissions that demonstrated that Plaintiff is not a co-author and

2 co-owner of the Circles Composition demonstrate that Plaintiff cannot be a co-

3 author or co-owner of the Session Material. Plaintiff admitted that he did not fix

4 any musical material into a tangible medium of expression during the August 8

5 Session. Plaintiff conceded that he has no recordings or any other documentary

6 materials evidencing that he made any creative contributions during the August 8

7 Session, and no instrumental or vocal performances of Plaintiff is fixed in a

8 tangible medium of expression, and none appears in the Session Material, the

9 Circles Composition, or the Circles Recording. Plaintiff also admitted that his

10 purported contributions to the Session Material did not even rise to the level of

11 originality, which is also required in addition to the fixation requirement. Plaintiff

12 further admitted he had no control over whether any of his creative suggestions

13 would be incorporated by Defendants into the Session Material during the August 8

14 Session and had no involvement or control over subsequent writing sessions of the

15 Circles Composition after the August 8 Session. Finally, Plaintiff has no evidence

16 that Defendants intended for him to be a co-author of the Session Material or the

17 Circles Composition, and concedes that the Non-Party Songwriters did not intend

18 for him to be a co-author of the Circles Composition.

19       Plaintiff's constructive trust and accounting "claims" are equitable remedies,

20 not causes of action. *Wise v. Wells Fargo Bank, N.A.*, 850 F. Supp. 2d 1047, 1055

21 (C.D. Cal. 2012) ("Accounting 'is not an independent cause of action but merely a

22 type of remedy and an equitable remedy at that.") (citation omitted); *StreamCast*

23 *Networks, Inc. v. Skype Techs., S.A.*, 2006 WL 5441237, at *11 (C.D. Cal. Sept. 14,

24 2006) ("A constructive trust is not a substantive device but merely a remedy.")

25 (citation omitted). Plaintiff also conceded that those "claims" lack merit by failing

26 to address them in opposition to Defendants' motion for summary judgment. *See*,

27 *e.g.*, *Silva v. U.S. Bancorp*, 2011 WL 7096576, at *3 (C.D. Cal. Oct. 6, 2011); *GN*

28 *Resound A/S v. Callpod, Inc*., 2013 WL 1190651, *5 (N.D. Cal. 2013) (same). In

any event, the Court acknowledged in its decision issued in connection with its disposition of Defendants' motion for summary judgment that, even assuming that an accounting or constructive trust of any material could be appropriate, such analysis would be premature at the close of this trial in this matter.  *See* Dkt. 90 at 28 n.6 ("[t]he legal principles and methods for calculating and allocating these profits are not currently articulated in the record of this case" and "will be relevant only if Armes establishes joint authorship in the [Session Material]").  An apportionment analysis (requiring both fact and expert discovery as to the valuation and apportionment of the various musical components of the Circles Composition) has not been undertaken given that Plaintiff only asserted his new claims following the adjudication of Defendants' summary judgment motion.

      b.    As also set forth in Defendants' Memorandum of Contentions of Fact and Law, Defendants plan to pursue the following affirmative defenses:

    (a)    **Laches**

    •    <u>Elements</u>:  The elements of laches are: (1) the failure to assert a right, (2) for some appreciable period so as to amount to unreasonable delay, (3) which results in prejudice to the adverse party.  *See Delta Forensic Engineering, Inc. v. Delta V. Biomechanics, Inc.*, 402 F. Supp. 3d 902, 911 (C.D. Cal. 2019) ("Laches is an equitable time limitation on a party's right to bring suit, resting on the maxim that one who seeks the help of a court of equity must not sleep on his rights.").

    •    <u>Key Evidence</u>:  As for elements (1)-(2), Defendants intend to introduce documentary evidence and/or testimony demonstrating (i) Plaintiff's knowledge and delay in commencing suit and/or asserting any rights with respect to the Session Material and/or the Circles Composition and (ii) Defendants' lack of knowledge of Plaintiff's claim and reliance thereon.  As for element (3), Defendants intend to introduce documentary evidence and/or testimony

demonstrating the various forms of prejudice suffered by Defendants as a result, including but not limited to, by entering agreements with non-party songwriters and publishers committing rights and undertaking obligations in connection with the Circles Composition.

       (b)    **Waiver, Estoppel, Acquiescence**

• Elements:  "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it."  *See A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001) (quoting *United States v. King Features Entm't, Inc.*, 843 F.2d 394, 499 (9th Cir. 1988)).  An implied waiver may arise though "conduct inconsistent with an intent to enforce" the rights asserted.  *AirWair Int'l Ltd. v. Schultz*, 84 F. Supp. 3d 943, 958 (N.D. Cal. 2015).  The elements of estoppel are: (1) plaintiff's knowledge of the alleged conduct; (2) plaintiff either intended reliance on his acts or omissions or created a right to believe he so intended; (3) defendant was ignorant of the true facts; and (4) defendant relied to his detriment.  *See, e.g.*, *AirWair*, 84 F. Supp. 3d at 958; *Hadady Corp. v. Dean Witter Reynolds, Inc.*, 739 F. Supp. 1392, 1399 (S.D. Cal. 1990).  "Equitable estoppel "focuses on what the [defendant] has been led to reasonably believe from the [plaintiff's] conduct."  *Compaq Computer Corp. v. Ergonome, Inc.*, 210 F. Supp. 2d 845, 849 (S.D. Tex. 2002).  For estoppel purposes, "[a] holding out may be accomplished by silence and inaction."  *Hampton v. Paramount Pictures Corp.*, 279 F.2d 100, 104 (9th Cir. 1960); *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003).

• Key Evidence:  The key evidence in support of Defendants' affirmative defenses of waiver, estoppel and acquiescence in support of this defense is the same as those set forth in connection with Defendants' laches defense.  In addition, the entire year following the August 8 Session, Defendants never heard from Armes or his representatives about his purported authorship of the Session Material.  On the basis of Armes's silence, Defendants assumed Armes understood

that none of his purported contributions were sufficient to make him a joint author, and they held various sessions composing the Circles Composition, recording the song, and then entered into various agreements between themselves, the Non-Party Songwriters, and their various representatives, publishing companies, and record companies—all without Armes.  Thereafter, the Defendants and Non-Party Songwriters relied on the rights obtained in such various agreements (and the various representations and warranties made based thereupon) in exploiting the Circles Composition and Circles Recording.  Defendants and the Non-Party Songwriters would be greatly prejudiced if Armes was able to assert purported rights at this belated stage.

       (c)      **Unclean Hands**

•   <u>Elements</u>:  A plaintiff has unclean hands if he violated conscience, good faith or other equitable principles in prior conduct, or dirtied his hands in acquiring the right presently asserted, and the alleged misconduct by the plaintiff relates directly to the transaction concerning which the complaint is made.  *See Dollar Sys., Inc. v. Avcar Leasing Sys., Inc.*, 890 F.2d 165, 173 (9th Cir. 1989).

•   <u>Key Evidence</u>:  The key evidence in support of this defense is the same as those set forth in connection with Defendants' laches and waiver, estoppel and acquiescence defenses.[3]

**8.**    <u>**ISSUES TO BE TRIED**</u>:  In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, Plaintiff submits that the following issues remain to be tried:

          a.  Did Plaintiff make a substantial and valuable contribution to the Session Composition?

---

[3] Since this Court has now held that Plaintiff is neither an owner nor author of the commercially released Circles Composition, it cannot be disputed that Plaintiff's purported copyright registration for the Circles Composition is factually invalid and must be withdrawn.  Defendants reserve all rights as to this matter.

    b. Did Plaintiff and Defendants intend that their contributions to the Session Composition be merged into inseparable or interdependent parts of a unitary whole;

    c. Did Plaintiff and Defendants each exercise control over the Session Composition?

    d. Did the parties' actions show that they shared an intent to be co-authors when they created the Session Composition?

    e. Does the audience appeal of the Session Composition depend on the contribution of each of the parties?

    f. Did Plaintiff contribute material to the Session Composition which could have been independently copyrighted?

    g. Is the Commercial Release Composition a derivative work based on the Session Composition?

Defendants submit that the following issues remain to be tried, and which are more fully discussed in Defendants' Memorandum of Contentions of Fact and Law (Dkt. 105), as to which Plaintiff has the burden of proof (unless expressly stated otherwise):

- Can unfinished, rough material that had no purpose other than to be further worked on, and which no party intended to be final or ever meant to be exploited on its own (i.e. the Session Material) be analyzed as a separate work?

- Is a final musical composition (i.e. the Circles Composition) a derivative work of unfinished, rough material (i.e. the Session Material) that had no purpose other than to be further worked on and incorporated into that final musical composition?

- Did Plaintiff make an "independently copyrightable contribution" to the Session Material?

- Did Plaintiff fix any of his alleged authorship contributions to the Session Material in a tangible medium of expression?
- Did Plaintiff's alleged contributions to the Session Material have sufficient originality to be copyrightable?
- Did Plaintiff exercise control over the entirety of the Session Material?
- Did the audience appeal of the Session Material turn on Plaintiff's alleged contribution to the Session Material?
- Did Defendants prove that Plaintiff is barred from asserting his claim as a result of his unreasonable delay in asserting his rights and the prejudice to Defendants caused by that delay?
- Did Defendants prove that Plaintiff is equitably estopped from asserting his claim and/or did Plaintiff waive his claimed rights in the Session Material?
- Did Defendants prove that Plaintiff is barred from asserting his claim as a result of his unclean hands?

**9.** **DISCOVERY:**  The Court-ordered discovery deadline was February 28, 2022 (Dkt. 58).[4]

**10.** **DISCLOSURES:**  The deadline for disclosures under Fed.R.Civ.P. 26(a)(3) has expired.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 1606.1.  Unless all parties agree that an exhibit shall be

---

[4] For items 9 and 10 herein, Defendants maintain that they did not have the opportunity to conduct discovery regarding Plaintiff's newly asserted authorship claims as to the Session Material.  Allowing Plaintiff to proceed with these claims would cause severe prejudice to Defendants, who never had due notice or an opportunity to explore these claims during discovery.

withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

**Plaintiff's Position**

Plaintiff objects to Exhibit Nos. 1001, 1003, , 1004, 1005, 1006, , 1008, 1009, 1010, 1011, 1012, 1013, 1014, 1015, 1016 and 1017.

Plaintiff's objections to Defendant's exhibits and grounds therefore are:

Exhibit 1001:

- This document is not probative of any element of any party's claims or defenses in this action, therefore, it is not relevant.  Fed. R. Evid. 401.
- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time.  Fed.R. Evid. 403.

Exhibit 1003:

- This document is not probative of any element of any party's claims or defenses in this action, since Plaintiff is not asserting a claim to the sound recording of "Circles," therefore, it is not relevant.  Fed. R. Evid. 401.

Exhibit 1004:

- This document is not probative of any element of any party's claims or defenses in this action, since Plaintiff is not asserting a claim to the sound recording of "Circles," therefore, it is not relevant.  Fed. R. Evid. 401.

Exhibit 1005:

- The entire document is hearsay and/or double hearsay.  Fed. R. Evid. 801.

- Because Plaintiff has no idea who created this document, and when it was created, Plaintiff objects on authentication grounds.  Fed. R. Evid. 901.

- This document is not probative of any element of any party's claims or defenses in this action, therefore, it is not relevant.  Fed. R. Evid. 401.

- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time.  Fed.R. Evid. 403.

Exhibit 1006:

- The entire document is hearsay and/or double hearsay.  Fed. R. Evid. 801.

- This document is not probative of any element of any party's claims or defenses in this action, since Plaintiff is not asserting a claim to the sound recording of "Circles," therefore, it is not relevant.  Fed. R. Evid. 401.

- Whether Plaintiff disputed certain alleged facts and/or evidence for purposes of opposing Defendants' Motion for Summary Judgment is not determinative of whether facts and/or evidence is deemed admitted at trial.

- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time.  Fed.R. Evid. 403.

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

Exhibit 1008:

- The entire document is hearsay and/or double hearsay. Fed. R. Evid. 801.

- Because Plaintiff has no idea who created this document, and when it was created, Plaintiff objects on authentication grounds. Fed. R. Evid. 901.

- This document is not probative of any element of any party's claims or defenses in this action, therefore, it is not relevant. Fed. R. Evid. 401.

- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. Fed.R. Evid. 403.

Exhibit 1009:

- The entire document is hearsay and/or double hearsay. Fed. R. Evid. 801.

- Because Plaintiff has no idea who created this document, and when it was created, Plaintiff objects on authentication grounds. Fed. R. Evid. 901.

- This document is not probative of any element of any party's claims or defenses in this action, therefore, it is not relevant. Fed. R. Evid. 401.

- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. Fed.R. Evid. 403.

Exhibit 1010:

- The entire document is hearsay and/or double hearsay.  Fed. R. Evid. 801.

- This document is not probative of any element of any party's claims or defenses in this action, therefore, it is not relevant.  Fed. R. Evid. 401.

Exhibit 1011:

- The entire document is hearsay and/or double hearsay.  Fed. R. Evid. 801.

- This document is not probative of any element of any party's claims or defenses in this action, therefore, it is not relevant.  Fed. R. Evid. 401.

- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time.  Fed.R. Evid. 403.

- This document lacks foundation and cannot be properly authenticated by any witness identified by the parties.

Exhibit 1012:

- The entire document is hearsay and/or double hearsay.  Fed. R. Evid. 801.

- This document is not probative of any element of any party's claims or defenses in this action, since Plaintiff is not asserting a claim to the sound recording of "Circles," therefore, it is not relevant.  Fed. R. Evid. 401.

- Any relevance of this document (of which Plaintiff is currently unaware) would be outweighed by the risk of unfair prejudice,

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

1    confusion of the issues, misleading the jury, undue delay and waste of

2    time.  Fed.R. Evid. 403.

3        • This document lacks foundation and cannot be properly

4    authenticated by any witness identified by the parties.

5

6    **Defendants' Position**

7    Defendants objects to Exhibit Nos. 1-20.

8

9    Defendants' objections to Plaintiff's exhibits and grounds therefore are set

10   forth in the chart below.

11

12   Additionally, Plaintiff's Exhibits 4 through 7 constitute a series of ongoing

13   settlement negotiation communications between Tyler Armes, on one hand, and

14   Mr. Feeney, Mr. Post, and Mr. Feeney's manager Dre London, on the other hand,

15   in which the parties attempted resolve Mr. Armes' claim of authorship in

16   "Circles."  Plaintiff has agreed to withdraw Exhibits 4, 5 and 7.

17

18   In these communications, the parties make alleged factual concessions in an

19   attempt to resolve Mr. Armes' claim; Plaintiff improperly seeks to use those

20   alleged concessions to establish defendants' liability.  This is squarely prohibited

21   by FRE 408.  That Rule provides in relevant part that "conduct or a statement

22   made during compromise negotiations about [a] claim" is "not admissible … either

23   to prove or disprove the validity … of a disputed claim or to impeach by a prior

24   inconsistent statement or a contradiction …."

25

26   The law is clear that clear that "a dispute exists for purposes of Rule 408(a)

27   so long as there is an actual dispute or difference of opinion regarding a party's

28   liability for … the claim" at issue. *Macsherry v. Sparrows Point, LLC*, 973 F. 3d

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

212, 222 (4th Cir. 2020) (internal quotation marks omitted).  That is exactly what was occurring in the documents at issue.  Moreover, Rule 408 applies to "the work of non-lawyers" such as the parties here "so long as the communications were 'intended to be part of ... negotiations toward compromise.'"  *Lyondell Chem. Co. v. Occidental Chem. Corp.*, 608 F.3d 284, 295 (5th Cir. 2010).

Plaintiff has wrongly asserted that Defendants have taken an inconsistent position regarding these communications by including Exhibit 1022 on Defendants' exhibit list.  Not so.  As the Joint Exhibit List makes clear (Dkt. 149, n.1), Defendants included Exhibit 1022 on their list merely as a precaution, in the event that the Court does allow settlement negotiation communications to be admitted into evidence.  If the Court excludes all settlement negotiation communications (as Defendants submit should occur), then Defendants will not seek to admit Exhibit 1022.

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| 1. | Voice Memo Recording dated August 8, 2018 (Bates No. P000001). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  Plaintiff admitted that he is not playing any instruments, singing or otherwise engaging in any performance in the Rough Mix taped by Plaintiff on his iPhone.  This exhibit amounts | The Court indicated that this exhibit will be admitted, over Defendants' objection. |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | to nothing more than an infringing, unauthorized bootleg recording of someone else's performance, and does not reflect any composition allegedly created by Plaintiff.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• Hearsay: The exhibit is hearsay without any applicable exception.  It includes out-of-court statements which Plaintiff seeks to offer to prove the truth of the matters asserted therein.  FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation, including because there is no foundation that this represents Plaintiff's fixation of any musical material.  The exhibit lacks authentication, including because it is not an authentic representation of what was created on August 8, 2018.<br><br>• Infringement of Defendants' | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | work. | |
| 2. | Recording of Commercially released version of the song "Circles." | • <u>Not Produced</u>: This exhibit was not produced by Plaintiff in discovery.<br><br>• <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401. This Court has already held that, as a matter of law, Plaintiff has no claim to authorship in the commercially released version of the "Circles" composition.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Hearsay</u>: The exhibit is hearsay and does not fall within any applicable exception. FRE 801.<br><br>• <u>Foundation/Authentication</u>: The exhibit lacks foundation and/or authentication. | The Court indicated that this exhibit will be admitted. Defendants reserve all rights with respect to their objections to this exhibit. |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| 3. | Text messages between Tyler Armes, Marty Martino and Pat Gillett dated August 8, 2018 (Bates Nos. P000002-P000003). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401. *Inter alia*, Armes's self-serving statements in this exhibit are irrelevant to whether he is a co-author of the Session Material.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable exception. FRE 801.<br><br>• <u>Foundation/Authentication</u>: The exhibit lacks foundation and/or authentication, including because it is admittedly not from Plaintiff's cell phone.<br><br>• <u>Completeness</u>: The exhibit is incomplete and omits text messages in the conversations. | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| 4. | Text messages exchanged between Tyler Armes and Post Malone (Bates Nos. P000004-P000005). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  *Inter alia*, Armes's self-serving statements in this exhibit are irrelevant to whether he is a co-author of the Session Material.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Settlement Communication</u>: This communication was made in the context of settlement discussions and is privileged/confidential  (FRE 408), and was excluded pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119).<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable exception.  FRE 801.<br><br>• <u>Foundation/Authentication</u>: | The Court indicated that this exhibit will be excluded pursuant to FRE 408, the reasons set forth at the PTC, and pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119). |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | The exhibit lacks foundation and/or authentication.<br><br>• <u>Completeness</u>: The exhibit is incomplete and omits text messages in the conversations. | |
| 5. | Text messages exchanged between Tyler Armes and Frank Dukes (Bates Nos. P000006-P000009). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401. *Inter alia*, Armes's self-serving statements in this exhibit are irrelevant to whether he is a co-author of the Session Material.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403. For example, this exhibit combines two documents, one from Instagram and one from text message.<br><br>• <u>Settlement Communication</u>: This communication was made in the context of settlement discussions and is privileged/confidential (FRE 408), and was excluded pursuant to the Court's Order | The Court indicated that this exhibit will be excluded pursuant to FRE 408, the reasons set forth at the PTC, and pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119). |

31

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119).<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable exception. FRE 801.<br><br>• <u>Foundation/Authentication</u>: The exhibit lacks foundation and/or authentication.<br><br>• <u>Completeness</u>: The exhibit is incomplete and omits text messages in the conversations. | |
| 6. | Text messages exchanged between Tyler Armes and Dre London (P000010-P000012). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401. *Inter alia*, Armes's self-serving statements in this exhibit are irrelevant to whether he is a co-author of the Session Material.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403. | The Court indicated that this exhibit will be excluded pursuant to FRE 408, the reasons set forth at the PTC, and pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119). |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | • <u>Settlement Communication</u>: This communication was made in the context of settlement discussions and is privileged/confidential (FRE 408), and was excluded pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119).<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable exception. FRE 801.<br><br>• <u>Foundation/Authentication</u>: The exhibit lacks foundation and/or authentication.<br><br>• <u>Personal Knowledge</u>: *Inter alia*, Mr. London lacks personal knowledge of what took place during the August 8 Session, and thus his purported statements lack foundation and are irrelevant.<br><br>• <u>Completeness</u>: The exhibit is incomplete and omits text messages in the conversations. | |
| 7. | Text messages exchanged | • <u>Relevance</u>: This exhibit is not probative of any element of | The Court indicated that |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | between Tyler Armes and Frank Dukes (Bates Nos. P000013-P000014). | any party's claims or defenses and therefore is irrelevant. FRE 401. *Inter alia*, Armes's self-serving statements in this exhibit are irrelevant to whether he is a co-author of the Session Material.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• Settlement Communication: This communication was made in the context of settlement discussions and is privileged/confidential (FRE 408), and was excluded pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119).<br><br>• Hearsay: The exhibit and the statements therein are hearsay without any applicable exception. FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation | this exhibit will be excluded pursuant to FRE 408, the reasons set forth at the PTC, and pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119). |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | and/or authentication.<br><br>• <u>Completeness</u>: The exhibit is incomplete and omits text messages in the conversations. | |
| 8. | Emails dated March 28, 2017 between Ryan Armes and Dre London (Bates Nos. P000016-P000017). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  The emails in this document (on which Armes is not copied) have no relevance as to whether Armes is a co-author of the Session Material. Any alleged relationship between Ryan Armes and Dre London and/or communications unrelated to the August 8 Session are irrelevant.  These emails also pre-date the August 8 Session by over one year.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | exception.  FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |
| 9. | Emails dated May 10-15, 2017 between Ryan Armes and Dre London (Bates Nos. P000018-P000019). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  The emails in this document (on which Armes is not copied) have no relevance as to whether Armes is a co-author of the Session Material. Any alleged relationship between Ryan Armes and Dre London and/or communications unrelated to the August 8 Session are irrelevant.  These emails also pre-date the August 8 Session by over one year.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• Hearsay: The exhibit and the statements therein are hearsay without any applicable | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | exception. FRE 801.<br><br>• <u>Foundation/Authentication:</u> The exhibit lacks foundation and/or authentication. | |
| 10. | Calendar invitation dated May 17, 2017 between Ryan Armes and Dre London (Bates No. P000020). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401. The meeting invitation referenced in this document (which Armes is not included on) has no relevance as to whether Armes is a co-author of the Session Material. Any alleged relationship between Ryan Armes and Dre London and/or communications unrelated to the August 8 Session are irrelevant. These emails also pre-date the August 8 Session by over one year.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | without any applicable exception.  FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |
| 11. | Emails dated June 30, 2017 between Ryan Armes and Dre London (Bates Nos. P000023). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant.  FRE 401.  The emails in this document (on which Armes is not copied) have no relevance as to whether Armes is a co-author of the Session Material.  Any alleged relationship between Ryan Armes and Dre London and/or communications unrelated to the August 8 Session are irrelevant.  These emails also pre-date the August 8 Session by over one year.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time.  FRE 403.<br><br>• Hearsay: The exhibit and the statements therein are hearsay | |

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | without any applicable exception.  FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |
| 12. | Emails dated June 30, 2017 between Ryan Armes, Dre London and Vydia (Bates Nos. P000024-P000025). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant.  FRE 401.  The emails in this document (on which Armes is not copied) have no relevance as to whether Armes is a co-author of the Session Material.  Any alleged relationship between Ryan Armes and Dre London and/or communications unrelated to the August 8 Session are irrelevant.  These emails also pre-date the August 8 Session by over one year.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time.  FRE 403.<br><br>• Hearsay: The exhibit and the statements therein are hearsay | |

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | without any applicable exception.  FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |
| 13. | Emails dated February 13-20, 2019 between Ryan Armes and Dre London (Bates Nos. P000026-P000028). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  The emails in this document (on which Armes is not copied) have no relevance as to whether Armes is a co-author of the Session Material. Any alleged relationship between Ryan Armes and Dre London and/or communications unrelated to the August 8 Session are irrelevant.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• Hearsay: The exhibit and the statements therein are hearsay without any applicable | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | exception.  FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |
| 14. | Letter dated October 21, 2019 from William J. Briggs, II to Theo Sedlmayr and Jason Boyarski (Bates No. P000029-P000031). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and is irrelevant.  FRE 401. *Inter alia*, Armes's attorney's self-serving statements are irrelevant to whether he is a co-author of the Session Material. This letter also concerns Armes's claimed entitlement to co-author credit for the Circles Composition, which is no longer at issue.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• Settlement Communication: This communication was made in the context of settlement discussions and is privileged/confidential  (FRE 408), and was excluded pursuant to the Court's Order | The Court indicated that this exhibit will be excluded from consideration by the jury. |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119). | |
| | | • Hearsay: The exhibit and the statements therein are hearsay without any applicable exception.  FRE 801. | |
| | | • Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |
| | | • Personal Knowledge:  *Inter alia*, Mr. Briggs lacks personal knowledge of the events of the August 8 Session. | |
| | | • Completeness:  Armes has not included responses to this document (if any), or his communications with counsel regarding same. | |
| 15. | Letter dated October 21, 2019 from William J. Briggs, II to Universal Music Publishing Group (Bates No. P000032- | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  *Inter alia*, Armes's attorney's self-serving statements are irrelevant to whether he is a co-author of the Session Material.  This letter also concerns Armes's claimed | The Court indicated that this exhibit will be excluded from consideration by the jury. |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | P000033). | entitlement to co-author credit for the Circles Composition, which is no longer at issue.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• Settlement Communication: This communication was made in the context of settlement discussions and is privileged/confidential (FRE 408), and was excluded pursuant to the Court's Order dated July 11, 2022 on Defendants' motion *in limine* #2 (Dkt. 119).<br><br>• Hearsay: The exhibit and the statements therein are hearsay without any applicable exception. FRE 801.<br><br>• Foundation/Authentication: The exhibit lacks foundation and/or authentication.<br><br>• Personal Knowledge: *Inter alia*, Mr. Briggs lacks personal knowledge of the events of the | |

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | August 8 Session.<br><br>• <u>Completeness</u>:  Armes has not included responses to this document (if any), or his communications with counsel regarding same. | |
| 16. | Letter dated October 21, 2019 from William J. Briggs, II to SOCAN (Bates Nos. P000034-P000035). | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  *Inter alia*, Armes's attorney's self-serving statements are irrelevant to whether he is a co-author of the Session Material.  This letter also concerns Armes's claimed entitlement to co-author credit for the Circles Composition, which is no longer at issue.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable exception.  FRE 801. | The Court indicated that this exhibit will be excluded from consideration by the jury. |

44

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | • <u>Foundation/Authentication</u>: The exhibit lacks foundation and/or authentication. <br><br> • <u>Personal Knowledge</u>: *Inter alia*, Mr. Briggs lacks personal knowledge of the events of the August 8 Session. <br><br> • <u>Completeness</u>: Armes has not included responses to this document (if any), or his communications with counsel regarding same. | |
| 17. | Letter dated October 21, 2019 from William J. Briggs, II to Sony (Bates Nos. P000039-P000040) | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401. *Inter alia*, Armes's attorney's self-serving statements are irrelevant to whether he is a co-author of the Session Material. This letter also concerns Armes's claimed entitlement to co-author credit for the Circles Composition, which is no longer at issue. <br><br> • <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. | The Court indicated that this exhibit will be excluded from consideration by the jury. |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | FRE 403. <br><br> • Hearsay: The exhibit and the statements therein are hearsay without any applicable exception.  FRE 801. <br><br> • Foundation/Authentication: The exhibit lacks foundation and/or authentication. <br><br> • Personal Knowledge:  *Inter alia*, Mr. Briggs lacks personal knowledge of the events of the August 8 Session. <br><br> • Completeness:  Armes has not included responses to this document (if any), or his communications with counsel regarding same. | |
| 18. | Letter dated October 21, 2019 from William J. Briggs, II to BMI (Bates Nos. P000041-P000042). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  *Inter alia*, Armes's attorney's self-serving statements are irrelevant to whether he is a co-author of the Session Material.  This letter also concerns Armes's claimed entitlement to co-author credit for the Circles Composition, | The Court indicated that this exhibit will be excluded from consideration by the jury. |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | which is no longer at issue.<br><br>• <u>Prejudice</u>: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403.<br><br>• <u>Hearsay</u>: The exhibit and the statements therein are hearsay without any applicable exception.  FRE 801.<br><br>• <u>Foundation/Authentication</u>: The exhibit lacks foundation and/or authentication.<br><br>• <u>Personal Knowledge</u>: *Inter alia*, Mr. Briggs lacks personal knowledge of the events of the August 8 Session.<br><br>• <u>Completeness</u>: Armes has not included responses to this document (if any), or his communications with counsel regarding same. | |
| 19. | Copyright registration for "Circles" (Bates Nos. P000050- | • <u>Relevance</u>: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  *Inter alia*, Armes's | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | P000051). | attorney's self-serving, inaccurate purported copyright registration for the Circles Composition is irrelevant to whether he is a co-author of the Session Material. This registration also concerns Armes's claimed entitlement to co-author credit for the Circles Composition, which is no longer at issue. Moreover, this exhibit is not the registration filed by Plaintiff for "Circles" composition.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. FRE 403. Plaintiff's description misrepresents the nature of this document and this document is inconsistent with Plaintiff's claim of ownership in the Circles Composition.<br><br>• Hearsay: The exhibit and the statements therein are hearsay without any applicable exception. FRE 801.<br><br>• Foundation/Authentication: | |

48

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | The exhibit lacks foundation and/or authentication.<br><br>• Completeness: Armes has not included the deposit copy and/or other materials submitted to the Copyright Office in connection with his purported registration.  This exhibit does not reflect Plaintiff's other copyright registration for a "Circles" composition. | |
| 20. | SOCAN list of titles authored by Tyler Armes (Bates No. P000053-P000081). | • Relevance: This exhibit is not probative of any element of any party's claims or defenses and therefore is irrelevant. FRE 401.  This exhibit is irrelevant to whether Armes is a co-author of the Session Material.  This exhibit also concerns Armes's claimed entitlement to co-author credit for the Circles Composition, which is no longer at issue.<br><br>• Prejudice: Any relevance is outweighed by the risk of unfair prejudice, confusion of the issues, misleading the jury, undue delay and waste of time. | |

| Joint Ex. # | Plaintiff's Description | Defendants' Objection | Defendants' Position As To Relevant Ruling by Court at March 15, 2023 Pre-Trial Conference ("PTC") |
|---|---|---|---|
| | | FRE 403. <br><br> • Hearsay: The exhibit and the statements therein are hearsay without any applicable exception.  FRE 801.  This document is not a business record and purports to list Plaintiff as an author of the Circles Composition based upon Plaintiff's own assertion to SOCAN. <br><br> • Foundation/Authentication: The exhibit lacks foundation and/or authentication. | |

**11.**    **WITNESS LISTS:**  The parties' joint witness list has been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7.  For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

a.  Tyler Armes (lodged by Defendants).

Plaintiff objects to the presentation of testimony by deposition of the following witnesses:

        a.     Tyler Armes.

Defendants submit that their potential use of Armes's deposition testimony is entirely proper, as he is an adverse party.

**12.**    <u>**LAW AND MOTION/MOTIONS *IN LIMINE*</u>:**  The following law and motion matters and ***motions in limine***, and no others, were filed:

      a.  Defendants' Motion *in Limine* #1 to Strike Plaintiff's Demand for a Jury Trial (withdrawn by Defendants, *see* Dkt. 107).

      b.  Defendants' Motion *in Limine* #2 to exclude certain evidence and argument that is irrelevant to the disputed issues in this case and has no probative value and/or their probative value is outweighed by the risk of undue prejudice, confusion of the issues, misleading the jury and delay, including:

          (i)    Defendants' general wealth, the parties' financial conditions and/or comparing the relative wealth of the parties;

          (ii)   Unrelated legal disputes involving Defendants;

          (iii)  The existence of and the content of any of the parties' settlement discussions;

          (iv)  Purported drug and/or alcohol use by any witness; and

          (v)   The exploitation of "Circles," including any profits or revenue received by Defendants.

The Court granted Defendants' Motion *in Limine* #2 in part (Dkt. 119), excluding the following:

a.     Evidence of Defendants' wealth or financial condition;

b.     Reference to unrelated legal disputes;

c.     Communications relating to settlement of this case; and

d.     Reference to drug and alcohol use unless related to a witness's ability to observe and recall events.

## 13.   <u>BIFURCATION OF THE FOLLOWING ISSUES FOR TRIAL IS ORDERED:</u>

### <u>Plaintiff's Position</u>

Plaintiff's accounting and constructive trust claims may be adjudicated by the Court after the jury has rendered its verdict.  Both Plaintiff's accounting and constructive trust claims are dependent on the outcome of Plaintiff's First Claim for Declaratory Relief under Copyright Law.  If the jury finds that Plaintiff is a joint author of the Session Composition, he will own an equal and undivided interest in the entirety of the Session Composition.  Ninth Circuit Manuel of Model Jury Instructions: Civil § 17.9.  To the extent that the Commercial Release Composition incorporates the Session Composition, and is therefore a derivative work thereof, the Court can order an accounting of Defendants' books and records in order to allow Plaintiff to determine and calculate any unknown share of profits derived from the exploitation of the Session Composition owed to Plaintiff, and the Court may order the imposition of a constructive trust for Plaintiff's benefit as to all amounts owed to Plaintiff that have been wrongfully detained by Defendants.  Thus, a jury is not necessary for the accounting or constructive trust claims claim.

**Defendants' Position**

It is Defendants' position that the intent of the authors is highly relevant to the issue of whether or not the musical material created on August 8, 2018 is a separate work from the final Circles Composition.  This issue has never been litigated and has never been decided.  It is Defendants' position that such evidence must be presented at trial, and that this is a threshold issue that must be determined, based on the Court's prior ruling.  Only in the event that there is a determination that (i) the musical material created on August 8, 2018 is a separate work from the final Circles Composition and (ii) Plaintiff is a co-author of that musical material would there be any assessment of any entitlement to any monies, which would necessarily follow expert and fact discovery as to the valuation and apportionment of the various musical components of the Circles Composition.  Thus, there can be no Court order regarding accounting or constructive trust until those threshold issues are decided.  Moreover, Plaintiff's accounting and constructive trust "claims" will not be ripe for adjudication following this trial.  Indeed, as this Court already held in connection with its disposition of Defendants' motion for summary judgment, "[t]he legal principles and methods for calculating and allocating these profits are not currently articulated in the record of this case," and Plaintiff's accounting and constructive trust "claims" "will be relevant only if Armes establishes joint authorship in the [Session Material]."  *Armes v. Post*, 2022 WL 1136163, at *9, *14, n.6 (C.D. Cal. Apr. 18, 2022).  The necessary apportionment analysis (requiring both fact and expert discovery as to the valuation and apportionment of the various musical components of the Circles Composition) has not been undertaken given that Plaintiff only asserted his new claims following the adjudication of Defendants' summary judgment motion.

**14.**    The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final

Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: _____, 2023

_____
UNITED STATES DISTRICT JUDGE

Approved as to form and content.

DATE:  March 20, 2023

ALLISON S. HART
MAX D. FABRICANT
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: /s/ Allison S. Hart
        ALLISON S. HART
Attorneys for Plaintiff and Consolidated
Defendant TYLER ARMES

Dated: March 20, 2023

MITCHELL SILBERBERG & KNUPP LLP
DAVID A. STEINBERG
CHRISTINE LEPERA
JEFFREY M. MOVIT
GABRIELLA N. ISMAJ

By: /s/ David A. Steinberg
        DAVID A. STEINBERG
Attorneys for Defendants AUSTIN
RICHARD POST, professionally known as
POST MALONE, and ADAM KING
FEENEY, professionally known as FRANK
DUKES

## __ATTESTATION__

Pursuant to Local Rule 5-4.3.4(a)(2)(i), all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.


Dated: March 20, 2023

                                                    /s/ Allison S. Hart
                                                 ALLISON S. HART

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER

# **SCHEDULE 5**

1.      Defendant Austin Richard Post p/k/a Post Malone ("Post") is a recording artist, songwriter and musician.

2.      Defendant Adam King Feeney p/k/a Frank Dukes ("Feeney") is a songwriter, record producer, and musician.

3.      Plaintiff Tyler Armes ("Armes") is a songwriter, record producer, and musician.

AMENDED [PROPOSED] FINAL PRETRIAL CONFERENCE ORDER