ALLISON S. HART (BAR NO. 190409)
*ahart@lavelysinger.com*
MAX D. FABRICANT (BAR NO. 333859)
*mfabricant@lavelysinger.com*
LAVELY & SINGER
PROFESSIONAL CORPORATION
2049 Century Park East, Suite 2400
Los Angeles, California 90067-2906
Telephone: (310) 556-3501
Facsimile: (310) 556-3615

Attorneys for Plaintiff
TYLER ARMES

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

TYLER ARMES,

Plaintiff,

v.

AUSTIN RICHARD POST, publicly known as POST MALONE, an individual; ADAM KING FEENEY, publicly known as FRANK DUKES, an individual; UNIVERSAL MUSIC GROUP, INC., a Delaware corporation; DOES 1 through 10, inclusive,

Defendants.

CASE NO. 2:20-cv-03212-ODW(SKx)
*Consolidated with 2:20-cv-10205*

[Hon. Otis D. Wright, II – Crtrm 5D]

**PLAINTIFF'S PROPOSED DISPUTED JURY PRE-INSTRUCTIONS**

Final Pretrial Conference:
March 15, 2023 at 10:00 a.m.
Courtroom: 5D (First Street Courthouse)

Filed: April 7, 2020
FAC Filed: May 13, 2020
Trial: March 21, 2023

**INDEX OF PLAINTIFF'S [PROPOSED] JURY PRE-INSTRUCTIONS**



| Number | Title | Source | Page # |
|---|---|---|---|
| 1. | ISSUES TO BE TRIED | N/A | |
| 2. | BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE | 9th Cir. 1.6 (modified) | |
| 3. | DEFINITION OF COPYRIGHT | 9th Cir. 17.1 (modified) ; 17 U.S.C. § 101; *Skidmore v. Led Zeppelin*, 952 F.3d 1051, 1069-71 (9th Cir. 2020) (en banc). | |
| 4. | JOINT AUTHORS (17 U.S.C. §§ 101, 201(a)) | 9th Cir. 17.9 (modified); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-1235 (9th Cir. 2000); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008); *Heger v. Kiki Tree Pictures, Inc.*, 2017 WL 5714517, at *5 (C.D. Cal. July 24, 2017); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1363 (W.D. Wash. 2015); *Malcomson v. The Topps Co.*, 2010 WL 383359, at *5 (D. Ariz. Jan. 29, 2010); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884). | |
| 5. | DERIVATIVE WORKS | Ninth Circuit Manual of Model Jury Instructions, Civil § 17.15; 17 U.S.C. §§ 101, 106(2); *Mills Music, Inc. v. Snyder*, 469 U.S. 153 (1985). | |

**PLAINTIFF'S [PROPOSED] COURT'S INSTRUCTION NO. 1**

**ISSUES TO BE TRIED**

In this case, you will review physical evidence, including audio evidence, and hear testimony regarding the creation of the musical composition underlying the sound recording entitled "Circles." Plaintiff Tyler Armes is not a co-author of the musical composition underlying the sound recording of the commercially released version of "Circles," but he may be a co-author of the musical composition underlying the recording created during a studio session on August 8, 2018 at which Plaintiff Tyler Armes and Defendants Austin Post and Adam Feeney were present for its duration.

The issues in this case include:

(1) Whether Tyler Armes' contribution on August 8, 2018 is sufficiently original;

(2) Whether Plaintiff Tyler Armes created a substantial and valuable contribution to the musical composition recorded on August 8, 2018; and

(3) Whether Plaintiff Tyler Armes and Defendants Austin Post and Adam Feeney mutually intended to create one inseparable musical composition on August 8, 2018.

**DEFENDANTS' OBJECTION**

It is Defendants' position that the question of whether the musical material created on August 8, 2018 is a separate work from the final Circles Composition has not been decided. This issue has never been litigated and has never been adjudicated. Importantly, the intent of the authors is highly relevant to the issue of whether or not the musical material created on August 8, 2018 is a separate work from the final Circles Composition. *See, e.g., Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000) ("… the parties

did not necessarily ***intend*** that the outline and draft chapters were simply ends in themselves. Rather, they may have been ***intended*** to be part of the process of completing the final product—FWC.") (emphases added). Evidence of the authors' intent as to the Session Material has not been presented in this case, and Defendants submit that such evidence must be presented at trial, as this is a threshold issue that must be determined, based on the Court's prior ruling. Plaintiff's proposal improperly ignores this threshold issue entirely.

## PLAINTIFF'S RESPONSE

Defendants would have the Court modify this instruction to include their specious theory that the commercially released version of the *Circles* composition cannot be a derivative work based on the composition created by the parties on August 8, 2018, because the August 8, 2018 Session Composition was purportedly only a "draft" of the commercially released composition. The Court has already rejected this theory (Dkt. 119).

Indeed, as the Court noted in its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, "Defendants' assertion that the Circles Composition was not complete as of the end of the August 8 Session does not alter the analysis, especially given that Defendants acknowledge the existence of the Session File as what they call the 'Rough Mix.' (*See* SUF 19, 20). Copyright vests in fixed original works of expression automatically, regardless of whether the author(s) deem the work to be a draft of final version. Garcia v. Google, Inc., 786 F.3d 753 (9th Cir. 2015) (Kosinski, C.J., dissenting)." (Dkt. 90 at p. 17, fn. 2).

A party is entitled to an instruction about his or her theory of the case only if it is supported by law and has foundation in the evidence. *Jones v. Williams*, 297 F.3d 930, 934 (9th Cir.2002) (affirming Central District's denial of party's proposed jury instructions (i) where the instruction swept too broadly, inviting the jury to find liability where case law did not permit it, and (ii) where, to the extent

that an instruction on the issue in question was necessary or appropriate, the district court gave other instructions that enabled the jury to consider that issue adequately). Here, Defendants' proposed instruction is inconsistent with the law and the evidence and should be rejected.

**PLAINTIFF'S [PROPOSED] COURT'S INSTRUCTION NO. 2**

**BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE**

Plaintiff Tyler Armes has the burden of proving each of the elements of his declaratory judgment claim of joint authorship that you will be deciding by a preponderance of the evidence.

When a party has the burden of proving a claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.

Source: 9th Cir. 1.6 (modified).

**DEFENDANTS' OBJECTION**

Plaintiff's sole objection to Defendants' competing Proposed Instruction No. 2 regarding Plaintiff's burden at trial is that it instructs the jury that Plaintiff "has the burden of showing that the music created August 8, 2018 is a separate work from the commercially released Circles Composition."

It is Defendants' position that the question of whether the musical material created on August 8, 2018 is a separate work from the final Circles Composition has not been decided. This issue has never been litigated and has never been adjudicated. Importantly, the intent of the authors is highly relevant to the issue of whether or not the musical material created on August 8, 2018 is a separate work from the final Circles Composition. *See, e.g., Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000) ("… the parties

did not necessarily ***intend*** that the outline and draft chapters were simply ends in themselves. Rather, they may have been ***intended*** to be part of the process of completing the final product—FWC.") (emphases added).

There will be ample evidence at trial that the Session Material was a "portion" or a draft of the final Circles Composition, prepared over time by Defendants, and that the Session Material had no intended purpose by anyone other than to be developed with lyrics and other materials into the final Circles Composition. Indeed, ***Plaintiff has no claim of separate copyright or copyright registration in the Session Material*** and has only asserted a single claim of authorship in the final Circles Composition. *See, e.g.*, FAC ¶¶ 1, 28, 34; ECF 106-1, p. 6, n.2. This evidence of the authors' intent as to the Session Material has not been presented in this case, and Defendants submit that such evidence must be presented at trial, as this is a threshold issue that must be determined, based on the Court's prior ruling.

Defendants accordingly submit that this pre-instruction should be given to the jury.

**PLAINTIFF'S RESPONSE**

Defendants would have the Court modify this instruction to include their specious theory that the commercially released version of the *Circles* composition cannot be a derivative work based on the composition created by the parties on August 8, 2018, because the August 8, 2018 Session Composition was purportedly only a "draft" of the commercially released composition. The Court has already rejected this theory (Dkt. 119).

Indeed, as the Court noted in its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, "Defendants' assertion that the Circles Composition was not complete as of the end of the August 8 Session does not alter the analysis, especially given that Defendants acknowledge the existence of the Session File as what they call the 'Rough Mix.' (*See* SUF 19, 20). Copyright

vests in fixed original works of expression automatically, regardless of whether the author(s) deem the work to be a draft of final version. Garcia v. Google, Inc., 786 F.3d 753 (9th Cir. 2015) (Kosinski, C.J., dissenting)." (Dkt. 90 at p. 17, fn. 2).

**PLAINTIFF'S [PROPOSED] COURT'S INSTRUCTION NO. 4**

**JOINT AUTHORS**

**(17 U.S.C. §§ 101, 201(a))**

A joint work is a work prepared by two or more authors. At the time of the joint work's creation, a joint work must have two or more authors, and:

1. Each author must have made a substantial and valuable contribution to the work;

2. Each author must have intended that his or her contribution be merged into inseparable or interdependent parts of a unitary whole; and

3. Each author must have contributed material to the joint work which could have been independently copyrighted.

Each author of a joint work shares an undivided interest in the entire joint work.

If there is no such written agreement stating that the copyright in the work is to be jointly owned, you may consider whether:

a. Each of the parties' exercised control over the work;

b. Each of the parties' actions showed they shared the intent to be co-authors when they were creating the work, for instance by publicly stating that the work was their shared project; and

c. The audience-appeal of the work depends on the contribution of each party so that the share of each party's contribution to the work's success cannot be appraised.

In making a substantial and valuable contribution to a work, each author's contribution to the joint work need not be equal.

In contributing material to the joint work that could have been independently copyrighted, each author's contribution should be entitled to copyright protection without the contributions by the other authors.

Source: 9th Cir. 17.9 (modified); *Aalmuhammed v. Lee*, 202 F.3d 1227, 1231-1235 (9th Cir. 2000); *Richlin v. Metro-Goldwyn-Mayer Pictures, Inc.*, 531 F.3d 962, 968 (9th Cir. 2008); *Heger v. Kiki Tree Pictures, Inc.*, 2017 WL 5714517, at *5 (C.D. Cal. July 24, 2017); *Ford v. Ray*, 130 F. Supp. 3d 1358, 1363 (W.D. Wash. 2015); *Malcomson v. The Topps Co.*, 2010 WL 383359, at *5 (D. Ariz. Jan. 29, 2010); *Burrow-Giles Lithographic Co. v. Sarony*, 111 U.S. 53, 61 (1884).

**DEFENDANTS' OBJECTIONS**

Defendant's competing Proposed Instruction No. 3 regarding joint authors is based largely on Model Instruction 17.9 and tracks the Model Instruction far more closely than Plaintiff's. Plaintiff's main objection to Defendants' Proposed Instruction No. 3 is the addition of the final paragraph, which finds ***direct support*** in this Court's rulings in this case (*Armes v. Post*, 2020 WL 6135068 (C.D. Cal. Oct. 19, 2020)) and the Ninth Circuit's decision in *Aalmuhammed v. Lee*, 202 F.3d 1227 (9th Cir. 2000). Each sentence in the final paragraph is directly supported by these authorities:

- ***Control over the whole work is "the most important factor."*** *See, e.g.*, *Armes v. Post*, 2020 WL 6135068, at *6 (C.D. Cal. Oct. 19, 2020) (with respect to the sound recording of "Circles," Armes failed to "plead facts showing 'the most important factor': that he superintended control over its creation").

- ***Control is demonstrated where "the person to whom the work owes its origin" and is the work's "master mind"*** (*Aalmuhammed v. Lee*, 202 F.3d 1227, 1233 (9th Cir. 2000)), ***"superintend[s] control over its creation"*** (*Armes*, 2020 WL 6135068, at *6).
- ***An alleged author's control over his own contributions is not enough; he or she must have supervisory powers over the entire work, including authority over whether and how creative suggestions are incorporated into the final work. If other authors had the right to reject the alleged co-author's contributions, then there is no control by that alleged co-author.*** *See, e.g., Aalmuhammed*, 202 F.3d at 1235 (Aalmuhammed "could make extremely helpful recommendations, but Spike Lee was not bound to accept any of them, and the work would not benefit in the slightest unless Spike Lee chose to accept them. Aalmuhammed lacked control over the work, and absence of control is strong evidence of the absence of co-authorship.").

Defendants' proposed pre-instruction is well-supported by these legal authorities and should be given to the jury at the start of trial.

**PLAINTIFF'S RESPONSE**

Defendants contend that control and supervisory authority over the entirety of a work is the most important factor to be considered in determining joint authorship. This is misleading and a misstatement of the law. In the Court's Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, the Court stated the following with respect to the issue of control: " 'Control may often be the most important factor.' Richlin, 531 F3d at 968. Courts may find mutual control where the work 'relines on each author's contributions to make a unitary whole,' McMunigal v. Bloch, No. C 10-02765 SI, 2010 WL 5399219, at *4

(N.D. Cal. Dec. 23, 2010), or where the collaborators exercised 'creative control over separate and indispensable elements of the completed product.' Morrill, 157, F.Supp. 2d at 1124."

**PLAINTIFF'S [PROPOSED] COURT'S INSTRUCTION NO. 5**

**DERIVATIVE WORKS**

**(17 U.S.C. §§ 101, 106(2))**

The term derivative work refers to a work based on one or more pre-existing works, such as any a form in which the pre-existing work is recast, transformed, or adapted. A copyright owner is entitled to exclude others from creating a derivative work based on the owner's copyrighted work. Thus, the owner of a copyrighted work is entitled to exclude others from recasting, transforming, or adapting the copyrighted work without the owner's permission.

A derivative work may also be copyrighted. Only what was newly created, such as editorial revisions, elaborations, or other modifications to the pre-existing work is considered to be the derivative work.

If the copyright owner allows others to create a derivative work based on the copyrighted work, the copyright owner of the pre-existing work retains a copyright in that derivative work with respect to all of the elements from the pre-existing work that were used in the derivative work.

In the case of a recorded performance (i.e., a sound recording) of a musical work, the sound recording constitutes a derivative work of the musical work.

Source: Ninth Circuit Manual of Model Jury Instructions, Civil § 17.15; 17 U.S.C. §§ 101, 106(2); *Mills Music, Inc. v. Snyder*, 469 U.S. 153 (1985).

**DEFENDANTS' OBJECTIONS**

Plaintiff's proposal is based largely on Model Instruction No. 17.15, which addresses the concept of derivative works as applied in copyright infringement cases. This is not a copyright infringement action. Plaintiff's proposal also ignores the critical, threshold issue of whether the Session Material is part of a single work in progress or is a separate work upon which a derivative work can be based. It improperly assumes the existence of a derivative work in this case. Again, it is Defendants' position that the question of whether the musical material created on August 8, 2018 is a separate work from the final Circles Composition has not been decided. This issue has never been litigated, has never been adjudicated, and is for the jury to determine. Evidence of the authors' intent as to the Session Material has not been presented in this case, and Defendants submit that such evidence must be presented at trial, as this is a threshold issue that must be determined, based on the Court's prior ruling. Importantly, the intent of the authors is highly relevant to the issue of whether or not the musical material created on August 8, 2018 is a separate work from the final Circles Composition. *See, e.g., Maurizio v. Goldsmith*, 84 F. Supp. 2d 455, 467 (S.D.N.Y. 2000), *aff'd*, 230 F.3d 518 (2d Cir. 2000) ("… the parties did not necessarily ***intend*** that the outline and draft chapters were simply ends in themselves. Rather, they may have been ***intended*** to be part of the process of completing the final product—FWC.") (emphases added).

Defendants' Proposed Instruction No. 4 (Nature of a Work) accounts for this, and is fully supported by the law and evidence that will be presented at trial. Initially, there will be ample evidence at trial that the Session Material was a "portion" or a draft of the final Circles Composition, prepared over time by Defendants, and that the Session Material had no intended purpose by anyone other than to be developed with lyrics and other materials into the final Circles Composition. Indeed, ***Plaintiff has no claim of separate copyright or copyright***

***registration in the Session Material*** and has only asserted a single claim of authorship in the final Circles Composition. *See*, *e.g*., FAC ¶¶ 1, 28, 34; ECF 106-1, p. 6, n.2. This evidence of the authors' intent as to the Session Material has not been presented in this case, and Defendants submit that such evidence must be presented at trial, as this is a threshold issue that must be determined, based on the Court's prior ruling.

Defendants' proposal is also fully in accordance with the law, including Section 101 of the Copyright Act, which clearly distinguishes between works that are "prepared over a period of time," (i.e. the Circles Composition), and works that are "prepared in different versions." 17 U.S.C. § 101. This statute firmly establishes as a fundamental principle of copyright law that a single work, such as the Circles Composition, cannot be deemed derivative of its earlier drafts in progress. Indeed, this principle is embraced by the cases cited by Defendants herein, and by leading copyright commentator William F. Patry:

> ***The final version of a work is not considered a derivative of early drafts of the work,*** *JCW Investments, Inc. v. Novelty, Inc.*, 289 F. Supp. 2d 1023, 1032-33 (N.D. Ill. 2003), *aff'd*, 482 F.3d 910 (7th Cir. 2007). ***Instead, the earlier versions are the "work" as well. In order for a work to be a derivative work, there must be different versions treated as such by the copyright owner***.

2 William F. Patry, PATRY ON COPYRIGHT § 3:47, n.4 ("What is a Derivative Work") (emphases added).

Defendants accordingly submit that their Proposed Instruction No. 4 be given to the jury in lieu of Plaintiff's proposal.

**PLAINTIFF'S RESPONSE**

Defendants object to this instruction based on their specious theory that the commercially released version of the *Circles* composition cannot be a derivative work based on the composition created by the parties on August 8, 2018, because the August 8, 2018 Session Composition was purportedly only a "draft" of the commercially released composition. The Court has already rejected this theory (Dkt. 119).

Indeed, as the Court noted in its Order Granting in Part and Denying in Part Defendants' Motion for Summary Judgment, "Defendants' assertion that the Circles Composition was not complete as of the end of the August 8 Session does not alter the analysis, especially given that Defendants acknowledge the existence of the Session File as what they call the 'Rough Mix.' (*See* SUF 19, 20). Copyright vests in fixed original works of expression automatically, regardless of whether the author(s) deem the work to be a draft of final version. Garcia v. Google, Inc., 786 F.3d 753 (9th Cir. 2015) (Kosinski, C.J., dissenting)." (Dkt. 90 at p. 17, fn. 2).

DATE: March 20, 2023

ALLISON S. HART
MAX D. FABRICANT
LAVELY & SINGER
PROFESSIONAL CORPORATION

By: /s/ *Allison S. Hart*
ALLISON S. HART
Attorneys for Plaintiff TYLER ARMES